**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| EMIR GUR-RAVANTAB and EMILY LAMA, individually and on behalf of all others similarly situated,<br><br>              Plaintiffs,<br><br>     v.<br><br>GEORGETOWN UNIVERSITY,<br><br>              Defendant. | Civil No. 1:22-cv-01038 (TNM) |

**DECLARATION OF MICHAEL A. TOMPKINS, ESQ. IN SUPPORT**
**OF REBEKAH MORRISON AND SEAN KAZMI'S UNOPPOSED MOTION TO**
**INTERVENE PURSUANT TO RULE 24 AND UNOPPOSED MOTION FOR**
**PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**
<u>**PURSUANT TO RULE 23**</u>

Michael A. Tompkins, an attorney admitted to practice *pro hac vice* in this Action, hereby declares upon information and belief under the penalties of perjury that:

1.      I am a partner at the law firm of Leeds Brown Law, P.C. ("LBL"), attorneys for the Named Plaintiffs, Proposed Class Representatives Rebekah Morrison and Sean Kazmi, and the Settlement Class in this action.

2.      I submit this declaration in support of the Unopposed Motion for Preliminary Approval of the Class Action Settlement and Rebekah Morrison and Sean Kazmi's Unopposed Motion for Intervention, pursuant to Federal Rules of Civil Procedure 24, along with accompanying exhibits, including the Proposed Settlement Agreement (**Exhibit A**) and the agreed-upon Proposed Preliminary Approval Order (**Exhibit B**).

3.     We respectfully request that the Court grant these unopposed motions, authorize the process proposed by the Parties to supply notice to the Class Members, and schedule a Fairness Hearing pursuant to Rule 23 by which this matter can be fully and completely resolved. The Parties have agreed upon a proposed Preliminary Approval Order that is respectfully submitted to the Court for consideration. *See* Ex. B.

## PROCEDURAL HISTORY

4.     On April 13, 2022, Plaintiffs Emir Gur-Ravantab and Emily Lama filed the instant action captioned *Gur-Ravantab v. Georgetown University*, Case No. 1:22-cv-01038.

5.     Plaintiffs filed an Amended Complaint (ECF 12) on July, 28, 2022 and Defendant filed an answer (ECF 13) on August 18, 2022. Thereafter, the parties engaged in the initial discovery process including appearing before Your Honor regarding bifurcation of discovery and the disclosure of FERPA information on December 14, 2022. The parties entered into a joint discovery scheduling order on December 16, 2022 (ECF 34) and a protective order on March 29, 2023 (ECF 37).

6.     Thereafter, the parties conducted intensive fact discovery throughout the litigation, including exchanging and reviewing all information necessary to evaluate the case, including the tuition and fees paid by Georgetown students for the Spring Semester 2020. Specifically, the parties exchanged tens of thousands of documents, written discovery responses, and conducted numerous depositions.

7.     After the completion of fact discovery, Plaintiff Emir Gur-Ravantab moved for class certification. The motion was fully briefed on September 1, 2023. The Court rendered its decision on October 5, 2023 denying Plaintiff's motion for class certification.

8.      Thereafter, Rebekah Morrison and Sean Kazmi moved to intervene in the action to be included as Named Plaintiffs and Class Representatives. (ECF 59). That motion was fully briefed on January 2, 2024.

9.      During the pendency of the intervention motion, the parties engaged in settlement negotiations with the aid of experienced neutral and mediator Hon. Suzanne H. Segal (Ret). As a result of those efforts, the parties were able to reach a resolution that is now presented to the court for approval as Ex. A.

10.      Based on the significant discovery that was conducted, the parties were able to sufficiently assess the strengths and weaknesses of their case before resolution.

## SETTLEMENT TERMS

11.      Pursuant to the terms of the proposed Settlement, Settlement Class Members who do not opt-out will automatically receive a pro-rated Cash Award payment from the Settlement Fund after deductions for notice and administration expenses, service awards, and attorneys' fees and costs.

12.      Settlement Class Members will have the ability to opt via an election form to receive their payment by check, Venmo, or PayPal. Settlement Class Members must submit an Election Form no later than sixty (60) days after the Notice Date. In the event a Settlement Class Member does not submit an Election Form, the Settlement Class Member will receive their payment in the form of a check sent to the Settlement Class Member's last known address.

13.      The parties' Settlement for $1.5 million aligns with previous, similar settlements that have been preliminarily and finally approved in the COVD-19 tuition refund context and thus Counsel believes that Settlement Class Members will react favorably to the Settlement. *See, e.g.*, *Metzner v. Quinnipiac Univ.,* No. 3:20-cv-00784-KAD ($2.5MM common fund); *Rosado v. Barry*

3

*Univ., Inc.*, No. 1:20-cv-21813 (S.D. Fla.) ($2.4MM common fund); *Porter v. Emerson College*, No. 1:20-cv-11897 (D. Mass.) ($2.06MM common fund).

14.     The parties agreed to the terms of the Settlement through experienced counsel who possessed all the information necessary to evaluate the case, determine all the contours of the proposed class, and reach a fair and reasonable compromise after negotiating the terms of the Settlement at arm's length and with the assistance of a neutral mediator.

15.     Apart from the Settlement Agreement itself, there are no additional agreements between the Parties.

16.     Plaintiffs, Class Representatives, and Class Counsel recognize that despite our belief in the strength of the claims and the ability to ultimately secure a favorable judgment at trial, the expense, duration, and complexity of litigation would be substantial and there is no guarantee of a favorable outcome.

17.     Plaintiffs, Class Representatives, and Class Counsel are also mindful that absent a settlement, the success of Defendant's various defenses in this case could deprive Plaintiffs and Settlement Class Members of any potential relief whatsoever. Defendant is represented by highly experienced attorneys who have made clear that, absent a settlement, they are prepared to continue their vigorous defense of this case.

18.     Plaintiffs, Class Representatives, and Class Counsel believe that the relief provided by the Settlement weighs heavily in favor of a finding that the Settlement is fair, reasonable, and adequate.

19.     Throughout the pendency of this action, Plaintiffs Emir Gur-Ravantab and Emily Lama have adequately and vigorously represented their fellow classmates. Additionally, Class Representatives Rebekah Morrison and Sean Kazmi have taken an active role in the litigation to

assure that a settlement was reached and will continue in their role as Class Representatives through the conclusion of the settlement.

20.     I am unaware of any individual actions that have been instituted by Settlement Class Members.

## ADEQUACY OF COUNSEL

21.     LBL has considerable experience litigating class action lawsuits. *See* Ex. A. Leeds Brown has recently settled other college refund lawsuits, with nearly identical claims. *See Arredondo v. Univ. of La Verne*, Case No. 2:20-cv-07665-MCS-RAO (C.D.Cal. April 14, 2023) (granting final approval of the class action settlement) (ECF No. 191); *Porter v. Emerson College*, Case No. 1:20-cv-11897-RWZ (D.Mass. Nov. 27, 2022) (ECF No. 87) (granting final approval of the class action settlement); *Booth v. Molloy College*, Index No. 608750/2020 (Sup. Ct. Nassau Cty. Oct. 18, 2023) (granting final approval of the class action settlement) (Doc. No. 145); *Staubus v. Regents of the Univ. of Minnesota*, Court File NO. 27-cv-20-8546 (Minn. 4th Jud. Dist., Aug. 29, 2023) (same); *see also Qureshi v. American University*, Case No. 1:20-cv-01141-CRC (D.D.C. Jan. 10, 2024) (granting preliminary approval of class action settlement with a fairness hearing scheduled for May 7, 2024) (ECF No. 93); *Kincheloe v. Univ. of Chicago*, Case No. 1:20-cv-3015 (N.D. Ill. Dec. 7, 2023) (granting preliminary approval) (ECF No. 97).

22.     In the college refund litigation context, our firm has been appointed as Class Counsel in several pending actions. *See e.g.*, *Dean v. Maryville Univ. of St. Louis*, Cause No. 20SL-CC02850 (Mo. Cir. Ct., St. Louis Cty. Aug. 8, 2023) (granting class certification with LBL along with co-counsel as Class Counsel on behalf of students enrolled at Maryville during the Spring 2020). In fact, our firm has been recognized for our work in this context. *See Arredonodo v. Univ.*

*of La Verne*, 341 F.R.D. 47 (C.D. Cal. Feb. 8, 2022), in granting class certification[1]:

> Counsel here has done significant work in identifying and investigating potential claims, including bringing a meritorious motion for class certification supported by ample evidence. Counsel also has a wealth of experience handling class actions. [Citing the declaration of Michael A. Tompkins]. The only firm without substantial class action experience, Charon Law, has experienced co-counsel as support… Counsel has demonstrated strong knowledge of the applicable law throughout the briefing process for this class certification motion. And finally, counsel has demonstrated it will commit sufficient resources to represent the class in this heavily litigated case.

23.     In *Miazza, Gunter v. LSU,* Case No. C-696918 (La. 19th Jud. Dist., May 12, 2023), LBL was appointed as "Co-Lead Class Counsel" and the Court noted that "Plaintiff Gunter is represented by counsel who are experienced in and familiar with class actions generally, as well as uniquely qualified and successful in similar cases on behalf of students in this state and across the country against colleges and universities that closed campus following the outbreak of COVID-19… In short, it is clear that proposed class counsel have the experience, resources, and expertise to adequately represent the Class."); *see also Stewart v. Univ. of Maine System*, Civil Action Dkt. CV-20-537 (Sup. Ct. Cumberland Sept. 8, 2023) (noting that "[LBL along with co-counsel] has demonstrable expertise litigating COVID-19 university tuition refund class action lawsuits."); *Booth v. Molloy College*, Index No. 608750/2020 (Sup. Ct. Nassau Cty. Dec. 12, 2022) (granting class certification with Leeds Brown Law appointed as class counsel) (Doc. No. 122); *Staubus v. Regents of the Univ. of Minnesota*, Court File No. 27-cv-20-8546 (Minn. 4th Jud. Dist., Nov. 9, 2022) (same).

24.     Our firm is actively involved in litigation, motion practice, and resolution of several

---

[1] The class definition was modified subsequently to exclude adult education students on different academic schedules, but the *Arredondo* court granted summary judgment on behalf of the class as to issues of liability. *See Arredondo v. Univ. of La Verne*, 618 F.Supp.3d 937 (C.D. Cal. Aug. 2, 2022).

other similar COVID-19 refund cases across the country and is uniquely suited to understand the risks associated with pursuing these cases through class certification and in trial. *See e.g., Jones v. Adm'rs of the Tulane Educ. Fund*, 51 F.4th 101 (5th Cir. 2022) (reversing and remanding the district court's dismissal of the student's complaint); *Kincheloe v. The Univ. of Chicago*, Case No. 1:20-cv-03015 (N.D.Ill.) (pending final approval and the May 23, 2024 fairness hearing).

25.    In a past decision granting preliminary approval of a class and collective action settlement, the Honorable Alison J. Nathan noted:

> … Leeds Brown Law, P.C. [and co-counsel] are experienced and well-qualified employment and class action lawyers with expertise in prosecuting and settling labor law cases. The substantial work that Plaintiffs' counsel has performed in investigating, litigating and reaching a settlement in this case demonstrates their commitment to the class and representing the class' interests, as well as their general ability to conduct this litigation…As noted above, [co-counsel and] Leeds Brown Law, P.C. have extensive experience in labor law class actions and have devoted considerable time and effort to litigating and settling this action on behalf of the class.

*Tart v. Lions Gate Entm't Corp.*, 2015 U.S. Dist. LEXIS 139266, at *7 (S.D.N.Y Oct. 13, 2015); s*ee also Cohan v. Columbia Sussex Management, LLC*, 2018 U.S. Dist. LEXIS 170192 (E.D.N.Y. Sept. 28, 2018) ("Class counsel [LBL and co-counsel] are well known class action employment lawyers who have extensive experience and special expertise in prosecuting and settling FLSA and NYLL wage and hour cases."); *Varela v. Building Services Industries, LLC*, Index No. 600037/2016 (Sup. Ct. Nassau Cty. June 21, 2018) ("the Court finds that class counsel have established their significant experience prosecuting employment class actions and their work performed in the representing the interests of the class members in this action.").

26.    LBL's other experience is detailed in Exhibit H.

## CONCLUSION

27.    For the foregoing reasons, Plaintiffs respectfully request that the Court enter an

order granting Rebekah Morrison and Sean Kazmi's motion for intervention as Named Plaintiffs for settlement purposes, preliminarily approving the proposed Settlement, provisionally certifying the proposed Settlement Class, appointing Rebekah Morrison and Sean Kazmi as Settlement Class Representatives, and appointing Leeds Brown, P.C. as Class Counsel, and then schedule a fairness hearing for the Plaintiffs to seek final approval of the proposed Settlement after notice is effectuated to Class Members to advise them of their rights and the terms of the proposed Settlement.

### EXHIBITS

28.    True and accurate copies of the following exhibits are attached here:

|   |   |
|---|---|
| **Exhibit A** | Settlement Agreement; |
| **Exhibit B** | [Proposed] Order; |
| **Exhibit C** | Election Form; |
| **Exhibit D** | Notice of Class Action Settlement (E-Mail Version); |
| **Exhibit E** | Notice of Class Action Settlement (Postcard Version); |
| **Exhibit F** | Notice of Class Action Settlement (Website Version); |
| **Exhibit G** | Biography of Hon. Suzanne H. Segal (Ret.); |
| **Exhibit H** | Leeds Brown Law, P.C. Biography; |
| **Exhibit I** | Declaration of Rebekah Morrison; |
| **Exhibit J** | Declaration of Sean Kazmi. |

Dated: Carle Place, New York
　　　 April 18, 2024　　　　　　　　　**LEEDS BROWN LAW, P.C.**


　　　　　　　　　　　　　　　　　　　　*/s/ Michael A. Tompkins*
　　　　　　　　　　　　　　　　　　　Michael A. Tompkins, Esq.
　　　　　　　　　　　　　　　　　　　One Old Country Road, Suite 347
　　　　　　　　　　　　　　　　　　　Carle Place, New York 11514
　　　　　　　　　　　　　　　　　　　Tel: (516) 873-9550
　　　　　　　　　　　　　　　　　　　mtompkins@leedsbrownlaw.com


　　　　　　　　　　　　　　　　　　　*Attorneys for Plaintiffs, Proposed Intervenors & The Proposed Settlement Class*