# Exhibit A

## Settlement Agreement

Vinesign Document ID: F08F945D-AE9F-472F-B3FE-96642B278E3F

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| EMIR GUR-RAVANTAB and EMILY LAMA, individually and on behalf of all others similarly situated, | Civil No. 1:22-cv-01038 |
| Plaintiffs, | |
| v. | |
| GEORGETOWN UNIVERSITY, | |
| Defendant. | |

## CLASS ACTION SETTLEMENT AGREEMENT

This Agreement ("Agreement" or "Settlement Agreement") is entered into by and among (i) Plaintiffs Emir Gur-Ravantab and Emily Lama and Proposed Intervenors Rebekah Morrison and Sean Kazmi ("Lead Plaintiffs"); (ii) the Settlement Class (as defined herein); and (iii) Defendant Georgetown University ("Defendant" or "Georgetown"). The Settlement Class and Lead Plaintiffs are collectively referred to as the "Plaintiffs" unless otherwise noted. Lead Plaintiffs and the Defendant are collectively referred to herein as the "Parties." This Agreement is intended by the Parties to fully, finally, and forever resolve, discharge, and settle the Released Claims (as defined herein), upon and subject to the terms and conditions of this Agreement, and subject to the final approval of the Court.

## RECITALS

A.     Emir Gur-Ravantab and Emily Lama filed the initial complaint on April 13, 2022. ECF No. 1 in No. 1:22-cv-01038.

B.     On July 28, 2022, Gur-Ravantab and Lama filed their Amended Complaint. ECF No. 12.

The signed document can be validated at https://app.vinesign.com/Verify

C.      On August 18, 2022, Georgetown filed its Answer to the Amended Complaint. ECF No. 13.

D.      Thereafter, the Parties engaged in extensive discovery, including but not limited to the exchange of written discovery and depositions of Gur-Ravantab and Lama, along with corporate designees of Defendant.

E.      On June 26, 2023, Gur-Ravantab filed a Motion for Class Certification.  ECF No. 41.

F.      On October 5, 2023, the Court Denied the Motion for Class Certification.  ECF No. 56.

G.      On November 27, 2023, Proposed Intervenors Morrison and Kazmi filed a Motion to Intervene and Plaintiffs Gur-Ravantab and Lama filed a Motion to Amend the Class Action Complaint.  ECF No. 59.

H.      Thereafter, Lead Plaintiffs and Defendant agreed participate in settlement conversations with the aid of Magistrate Judge Suzanne H. Segal (Ret.) of Signature Resolution.

I.      Over the course of several weeks, Lead Plaintiffs and Defendant engaged in negotiations through Judge Segal and ultimately reached an agreement on a class action settlement.

J.      Lead Plaintiffs and Defendant executed a term sheet encompassing the material terms of a class action settlement on March 1, 2024.

K.      At all times, Defendant has denied and continues to deny any wrongdoing whatsoever and has denied and continues to deny that it committed, threatened, or attempted to commit, any wrongful act or violation of law or duty alleged in the Action (defined below). Defendant believes that it would have prevailed on any appeal of the class certification decision, its opposition to the intervention and amendment motion, at summary judgment, and/or at trial. Nonetheless, taking into account the uncertainty and risks inherent in any litigation and the desire

2

to avoid the expenditure of further legal fees and costs, Defendant has concluded it is desirable and beneficial that the Action be fully and finally settled and terminated in the manner and upon the terms and conditions set forth in this Agreement.  This Agreement is a compromise, and the Agreement, any related documents, and any negotiations resulting in it shall not be construed as or deemed to be evidence of or an admission or concession of liability or wrongdoing on the part of Defendant, or any of the Released Parties (defined below), with respect to any claim of any fault or liability or wrongdoing or damage whatsoever or with respect to the certifiability of a litigation class.

   L. Lead Plaintiffs believe that the claims asserted in the Action against Defendant have merit and that they would have prevailed on appeal of the class certification decision, the intervention motion, summary judgment, and/or trial.  Nonetheless, Lead Plaintiffs and Class Counsel (defined herein) recognize that Defendant has raised factual and legal defenses that present risk.  Lead Plaintiffs and Class Counsel also recognize the expense and delay associated with continued prosecution of the Action against Defendant through class certification, summary judgment, trial, and any subsequent appeals.  Lead Plaintiffs and Class Counsel also have taken into account the uncertain outcome and risks of litigation, especially in complex class actions, as well as the burdens inherent in such litigation.  Therefore, Lead Plaintiffs believe it is desirable that the Released Claims (defined below) be fully and finally compromised, settled, and resolved with prejudice.  Based on its evaluation, Class Counsel has concluded that the terms and conditions of this Agreement are fair, reasonable, and adequate to the Settlement Class, and that it is in the best interests of the Settlement Class to settle the claims raised in the Action pursuant to the terms and provisions of this Agreement.

   NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among Lead Plaintiffs, the Settlement Class, and Defendant, by and through undersigned counsel that,

subject to final approval of the Court after a hearing or hearings as provided for in this Settlement Agreement, in consideration of the benefits flowing to the Parties from the Agreement set forth herein, the Action and the Released Claims shall be finally and fully compromised, settled, and released, and the Action shall be dismissed with prejudice, upon and subject to the terms and conditions of this Agreement.

<u>**AGREEMENT**</u>

**1.    DEFINITIONS.**

As used in this Settlement Agreement, the following terms have the meanings specified below:

**1.1**    **"Action"** means *Gur-Ravantab v. Georgetown University*, No. 1:22-cv-01038, pending in the United States District Court for the District of Columbia.

**1.2**    **"Alternate Judgment"** means a form of final judgment that may be entered by the Court herein but in a form other than the form of Judgment provided for in this Agreement and where none of the Parties elects to terminate this Settlement Agreement by reason of such variance.

**1.3**    **"Cash Award"** means the cash compensation, payable by the Settlement Administrator from the Settlement Fund, that each Settlement Class Member who has not opted-out of the Settlement shall be entitled to receive as calculated from the Available Settlement Fund.

**1.4**    **"Class Counsel"** means Leeds Brown Law, P.C.

**1.5**    **"Court"** means the United States District Court for the District of Columbia, the Honorable Trevor N. McFadden presiding, or any judge who shall succeed him as the Judge in this Action.

**1.6**    **"Defendant"** means Georgetown University.

**1.7**    **"Defendant's Counsel"** means Wilmer Cutler Pickering Hale and Dorr LLP.

4

**1.8**     **"Effective Date"** means the date ten (10) days after which all of the events and conditions specified in Paragraph 9.1 have been met and have occurred.

**1.9**     **"Election Form"** means the form by which Settlement Class Members shall make their selection identifying whether they elect to receive their Cash Award by check, Venmo, or PayPal.  The Election Form will be available on the Settlement Website, accessible electronically only by use of the Settlement Class Member's PIN described in Section 4 together with the Settlement Class Member's last name and zip code, and will be substantially in the form of Exhibit A, hereto.  A hard copy Election Form may be obtained from the Settlement Administrator. Settlement Class Members must submit an Election Form no later than sixty (60) days after the Notice Date.  In the event a Settlement Class Member does not submit an Election Form, the Settlement Class Member will receive a Cash Award in the form of a check sent to the Settlement Class Member's last known address.

**1.10**     **"Escrow Account"** means the separate, interest-bearing escrow account to be established by the Settlement Administrator under terms acceptable to all Parties at a depository institution insured by the Federal Deposit Insurance Corporation.  The Settlement Fund shall be deposited by Defendant into the Escrow Account in accordance with the terms of this Agreement and the money in the Escrow Account shall be invested in the following types of accounts and/or instruments and no other: (i) demand deposit accounts and/or (ii) time deposit accounts and certificates of deposit, in either case with maturities of forty-five (45) days or less.  The costs of establishing and maintaining the Escrow Account shall be paid from the Settlement Fund.

**1.11**     **"Fee Award"** means the amount of attorneys' fees and reimbursement of expenses awarded by the Court to Class Counsel, which will be paid out of the Settlement Fund.

**1.12**    **"Final Approval Hearing"** means the hearing before the Court where the Parties will request the Final Judgment to be entered by the Court approving the Settlement Agreement, the Fee Award, and the service awards to the Lead Plaintiffs.

**1.13**    **"Final Judgment"** means the Final Judgment and Order to be entered by the Court approving the Agreement after the Final Approval Hearing.

**1.14**    **"Final," as used in "Final Judgment,"** means one business day following the latest of the following events:  (i) the date upon which the time expires for filing or noticing any appeal of the Court's Final Judgment approving the Settlement Agreement; (ii) if there is an appeal or appeals, the date of completion, in a manner that finally affirms and leaves in place the Final Judgment without any material modification, of all proceedings arising out of the appeal or appeals (including, but not limited to, the expiration of all deadlines for motions for reconsideration or petitions for review and/or certiorari, all proceedings ordered on remand, and all proceedings arising out of any subsequent appeal or appeals following decisions on remand); or (iii) the date of final dismissal of any appeal or the final dismissal of any proceeding on certiorari.

**1.15**    **"Lead Plaintiffs"** means Plaintiffs Emir Gur-Ravantab and Emily Lama and Proposed Intervenors Rebekah Morrison and Sean Kazmi.

**1.16**    **"Notice"** means the notice of this proposed Class Action Settlement Agreement and Final Approval Hearing, which is to be made to the Settlement Class substantially in the manner set forth in this Agreement as described in Paragraphs 4.1 and 4.2 below, to be approved by the Court, and consistent with the requirements of Due Process, Rule 23, and substantially in the form of Exhibits B, C, and D hereto.

**1.17**    **"Notice Date"** means the date by which the Notice set forth in Paragraph 4.1 is complete, which shall be no later than twenty-eight (28) days after Preliminary Approval.

**1.18** **"Objection/Exclusion Deadline"** means the date by which a written objection to this Settlement Agreement or a request for exclusion submitted by a Person in the Settlement Class must be made, which shall be designated as a date stated in the Notice and no earlier than sixty (60) days after the Notice Date, or such other date as ordered by the Court. Class Counsel shall file papers supporting the Fee Award with the Court and post them to the settlement website listed in Paragraph 4.1(d) no later than fourteen (14) days before the Notice Date.

**1.19** **"Person"** shall mean, without limitation, any individual, corporation, partnership, limited partnership, limited liability company, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assigns. "Person" is not intended to include any governmental agencies or governmental actors, including, without limitation, any state Attorney General office.

**1.20** **"Plaintiffs"** means Lead Plaintiffs and the Settlement Class Members.

**1.21** **"Preliminary Approval"** means the Court's preliminary approval of this Settlement Agreement, and approval of the form and manner of the Notice.

**1.22** **"Preliminary Approval Order"** means the Order preliminarily approving the Settlement Agreement and directing notice thereof to the Settlement Class. A proposed order will be agreed upon by the Parties and submitted to the Court in conjunction with Plaintiffs' motion for preliminary approval of the Agreement.

**1.23** **"Released Claims"** means any and all causes of action, suits, claims, liens, demands, judgments, costs, damages, obligations, and all other legal responsibilities in any form or nature, including but not limited to, all claims relating to or arising out of any state, local, or federal statute, ordinance, regulation, or claim at common law or in equity, whether past, present, or future, known or unknown, asserted or unasserted, arising out of or in any way allegedly related

7

to tuition, fees, and/or costs paid or incurred by or on behalf of any Settlement Class Member, to any Released Party, in connection with the Spring 2020 Semester, including but not limited to all claims that were brought or could have been brought in the Action.

1.24    **"Released Parties"** means Georgetown University, as well as any and all of Defendant's current, former, and future predecessors, successors, affiliates, assigns, divisions, or related corporate entities, and all of its respective current, future, and former employees, staff, officers, directors, students, assigns, agents, trustees, administrators, executors, insurers, and attorneys (whether in their official or individual capacities).  Each of the Released Parties is a "Released Party."

1.25    **"Settlement"** means the settlement described in this Agreement.

1.26    **"Releasing Parties"** means Plaintiffs, including Gur-Ravantab and Lama, Settlement Class Members, and all of their respective present or past heirs, executors, parents, family members, lenders, funders, payors (i.e., any Person who paid or incurred tuition, fees, and/or costs by or on behalf of any Plaintiff or Settlement Class Member, to any Released Party, in connection with the Spring 2020 Semester), estates, administrators, predecessors, successors, assigns, parent companies, subsidiaries, associates, affiliates, employers, employees, agents, consultants, independent contractors, insurers, directors, managing directors, officers, partners, principals, members, attorneys, accountants, financial and other advisors, underwriters, shareholders, lenders, auditors, investment advisors, legal representatives, successors in interest, assigns and companies, firms, trusts, limited liability companies, partnerships, and corporations.

1.27    **"Settlement Administration Expenses"** means all fees charged by the Settlement Administrator and expenses incurred by the Settlement Administrator in connection with its administration of this Settlement, including but not limited to fees and expenses incurred in providing Notice, responding to inquiries from Settlement Class Members, ascertaining amounts

8

of and paying Cash Awards from the Settlement Fund, handling any unclaimed funds, paying taxes and tax expenses related to the Settlement Fund (including all federal, state, or local taxes of any kind and interest or penalties thereon, as well as expenses incurred in connection with determining the amount of and paying any taxes owed and expenses related to any tax attorneys and accountants), and related services.

1.28   **"Settlement Administrator"** means a reputable and qualified administration company, e.g., CPT Group, Apex Class Action, AB Data, or other administrator, that has been selected jointly by the Parties or approved by the Court to perform the duties set forth in this Agreement, including but not limited to serving as Escrow Agent for the Settlement Fund, overseeing the distribution of Notice, handing all approved payments out of the Settlement Fund, and handling the determination, payment, and filing of forms related to all federal, state, and/or local taxes of any kind (including any interest or penalties thereon) that may be owed on any income earned by the Settlement Fund.  Class Counsel's assent to this Agreement shall constitute consent on behalf of each and every Settlement Class Member as defined herein to disclose to Class Counsel, Defendant's Counsel, and the Settlement Administrator all information required by the Settlement Administrator to perform the duties and functions ascribed to it herein, consistent with the written consent provisions of the Federal Educational Rights and Privacy Act, 20 U.S.C. § 1232g.

1.29   **"Settlement Class"** means all Georgetown undergraduate students enrolled during the Spring 2020 semester for whom any amount of tuition and fees were paid from any source other than a scholarship/grant from Georgetown (e.g., the student's own funds, funding from a parent or other family member, loan, or non-Georgetown scholarship/grant) to any Released Party for the Spring 2020 Semester, and whose tuition or fees have not been refunded in their entirety prior to this Agreement.  For the avoidance of doubt, any students who received full scholarships

9

from Georgetown or otherwise were not obligated to make contributions, payments, or third-party arrangements towards tuition or fees for the Spring 2020 Semester are excluded from the Settlement Class.

**1.30**    Excluded from the Settlement Class are (1) any Judge or Magistrate Judge presiding over this Action and members of their families; (2) Defendant; (3) Persons who properly execute and file a timely request for exclusion from the Settlement Class; (4) the legal representatives, successors, or assigns of any such excluded Persons; and (5) students who received full scholarships from Georgetown or otherwise were not obligated to make contributions, payments, or third-party arrangements towards tuition, fees, and/or costs for the Spring 2020 Semester.

**1.31**    **"Settlement Class Member"** means a Person who falls within the definition of the Settlement Class as set forth above and who has not been excluded from the Settlement Class.

**1.32**    **"Settlement Fund"** means the non-reversionary fund that shall be established by or on behalf of Defendant in the total amount of one million five hundred thousand dollars ($1,500,000.00 USD) to be deposited into the Escrow Account, according to the schedule set forth herein, plus all interest earned thereon.  From the Settlement Fund, the Settlement Administrator shall pay all Cash Awards to Settlement Class Members, Settlement Administration Expenses, any service awards to the Lead Plaintiffs, any Fee Award to Class Counsel, and any other costs, fees or expenses approved by the Court.  The "**Available Settlement Fund**" is the amount remaining in the Settlement Fund after payment of a Fee Award to Class Counsel, Settlement Administration Expenses (including an allowance for anticipated fees and expenses to be incurred after issuance of Cash Awards), any service awards to the Lead Plaintiffs, and any other costs, fees or expenses approved by the Court.  The Settlement Fund shall be kept in the Escrow Account with permissions granted to the Settlement Administrator to access said funds until such time as the listed payments are made.  The Settlement Fund includes all interest that shall accrue on the sums deposited in the

Escrow Account.  The Settlement Administrator shall be responsible for all tax filings with respect to any earnings on the Settlement Fund and the payment of all taxes that may be due on such earnings.  The Settlement Fund represents the total extent of Defendant's monetary obligations under this Agreement.  The payment of the sums into the Settlement Fund by Defendant fully discharges all of the Defendant's and the other Released Parties' financial obligations (if any) in connection with the Settlement, meaning that no Released Party shall have any other obligation to make any payment into the Escrow Account or to any Settlement Class Member, or any other Person, under this Agreement.  In no event shall Defendant's total monetary obligation with respect to this Agreement exceed one million five hundred thousand dollars ($1,500,000.00 USD), and in no event shall the Settlement Fund or any portion thereof revert to Defendant (except that unclaimed funds may be deposited into a student assistance fund as provided for in Paragraph 2.1(d)).

1.33   **"Spring 2020 Semester"** means the Spring 2020 academic semester at Georgetown.

1.34   **"Unknown Claims"** means claims that could have been raised in the Action and that any or all of the Releasing Parties do not know or suspect to exist, which, if known, might affect the agreement to release the Released Parties or the Released Claims or might affect the decision to agree, object, or not object to the Settlement.  Upon the Effective Date, the Releasing Parties shall be deemed to have, and shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights, and benefits of § 1542 of the California Civil Code, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASEAND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

Upon the Effective Date, the Releasing Parties also shall be deemed to have, and shall have, waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, or the law of any jurisdiction outside of the United States, which is similar, comparable or equivalent to § 1542 of the California Civil Code.  The Releasing Parties acknowledge that they may discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of this release, but that it is their intention to finally and forever settle and release the Released Claims, notwithstanding any Unknown Claims they may have, as that term is defined in this paragraph.

## 2.    SETTLEMENT RELIEF.

### 2.1    Payments to Settlement Class Members.

(a)    Defendant shall pay or cause to be paid into the Escrow Account the amount of the Settlement Fund ($1,500,000.00), specified in Paragraph 1.12 of this Agreement, within fourteen (14) business days after the Effective Date, less any amounts already paid in advance to the Settlement Administrator for the costs related to effectuating Notice.

(b)    Each Settlement Class Member will receive a prorated Cash Award from the Available Settlement Fund.  The prorated payment for each Settlement Class Member will be based on a percentage of tuition and fees paid to Georgetown University for the Spring 2020 Semester.  Specifically, Settlement Class Members shall receive a proportionate and prorated distribution of proceeds based on the amount of tuition and fees they paid for the Spring 2020 semester, taking into account any Georgetown-funded amounts that did not require repayment, as determined by the Settlement Administrator based on the Class List to be provided by Defendant. The Notice will give Settlement Class Members the ability to opt via an Election Form to receive a Cash Award by check, Venmo, or PayPal.  Settlement Class Members must submit an Election Form no later than sixty (60) days after the Notice Date.  In the event a Settlement Class Member

does not submit an Election Form, the Settlement Class Member will receive a Cash Award in the form of a check sent to the Settlement Class Member's last known address.  Only a Settlement Class Member is entitled to a Cash Award under this Settlement.  Any Releasing Party who paid Georgetown tuition or fees on behalf of a Settlement Class Member and believes he, she, or it is entitled to any or all of the Cash Award may attempt to pursue in a separate proceeding any claim he, she, or it may have (if any) against the Settlement Class Member for those funds, but may not seek to recover that amount through this Settlement or in this Action.

**(c)**     Payments to all Settlement Class Members shall be made by the Settlement Administrator within sixty (60) days after the Effective Date.

**(d)**     All Cash Awards issued to Settlement Class Members via check will state on the face of the check that it will expire and become null and void unless cashed within one hundred eighty (180) days after the date of issuance.  To the extent that a check issued to a Settlement Class Member is returned to the Settlement Administrator as undeliverable or not cashed within one hundred eighty (180) days after the date of issuance, or to the extent there are any remaining funds in the Settlement Fund after distribution of all Cash Awards and Settlement Administration Expenses, such funds shall be paid by the Settlement Administrator within sixty (60) days after the one hundred eighty (180) day period has expired.  The Parties agree that the uncashed amounts should be given to a general scholarship fund at Georgetown University.  Amounts deposited in any student assistance fund will not otherwise reduce or offset Georgetown's planned assistance to students.

**3.     RELEASE.**

**3.1**     The obligations incurred pursuant to this Settlement Agreement shall be a full and final disposition of the Action and any and all Released Claims, as against all Released Parties.

**3.2**     Upon the Effective Date, the Releasing Parties, and each of them, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Parties, and each of them.

## 4.     NOTICE TO THE CLASS.

**4.1**     The Notice Plan shall consist of the following:

**(a)**     *Settlement Class List*.  No later than seven (7) days from the entry of the Preliminary Approval Order, Georgetown shall use reasonable efforts to produce an electronic list from its records that includes, to the extent available, the names, last known postal addresses, and email addresses of Persons within the Settlement Class, as well as the amount of Georgetown tuition charged to them in the Spring 2020 semester, the amount of Georgetown fees charged to them in the Spring 2020 semester, and the amount of any Georgetown scholarships/grants provided to them in the Spring 2020 semester.  This electronic document shall be called the "Class List," and shall be provided to the Settlement Administrator for the purpose of effectuating Notice to the Settlement Class Members and for calculating the Cash Awards to Settlement Class Members and shall not be used for any other purpose.  For purposes of identifying and communicating with individual Settlement Class Members, the Settlement Administrator shall assign each person on the Settlement Class List a personal identification number.

**(b)**     *Direct Notice via Email.*  No later than twenty-one (21) days from entry of the Preliminary Approval Order, the Settlement Administrator shall send Notice via email substantially in the form attached as Exhibit B to all Settlement Class Members for whom a valid email address is in the Class List.  In the event transmission of email Notice results in any "bounce-backs," the Settlement Administrator shall, if possible, correct any issues that may have caused the "bounce-back" to occur and make a second attempt to re-send the email Notice.

(c)     *Direct Notice via U.S. Mail.*  No later than the twenty-eight (28) days from entry of the Preliminary Approval Order, the Settlement Administrator shall send Notice substantially in the form attached as Exhibit C via First Class U.S. Mail to all Settlement Class Members for whom Georgetown was unable to provide an email address, or for whom the email Notice "bounced back" and the Settlement Administrator was unable to successfully re-send the email, as described in Paragraph 4.1(b), above.  The Settlement Administrator may perform skip traces and remailings for any Notice that was undeliverable or returned, and shall maintain records of remailings, returns, or undeliverables, and provide weekly reports to Class Counsel and Defendant's Counsel via email on the same.

(d)     *Settlement Website.*  Within ten (10) days from entry of the Preliminary Approval Order, Notice shall be provided on a website at an available settlement URL (such as, for example, www.georgetownunivsettlement.com) which shall be obtained, administered, and maintained by the Settlement Administrator and which shall provide Settlement Class Members with ability to submit Election Forms and to update their mailing addresses.  Copies of this Settlement Agreement, the long-form Notice, the operative complaint, the motions for preliminary and final approval, and other pertinent documents and Court filings and orders pertaining to the Settlement (including the Motion for Fee Award upon its filing), shall be provided on the Settlement Website.  The Notice provided on the Settlement Website shall be substantially in the form of Exhibit D hereto.

(e)     *Additional Notice.*  If the Notice Plan described in the preceding paragraphs does not achieve a minimum level of 75% reach, or is not approved by the Court, Lead Plaintiffs and Defendant, in conjunction with the Settlement Administrator and/or via recommendation from Judge Segal, shall develop and seek approval by the Court of such supplemental notice as is necessary to achieve a minimum level of 75% reach or satisfy the Court that all requirements

15

are satisfied.  Any additional notice, if necessary, shall be funded from the Settlement Fund with no additional financial contribution by Defendant.

      **(f)**    *CAFA Notice.*  Pursuant to 28 U.S.C. § 1715, not later than ten (10) days after the Agreement is filed with the Court, the Settlement Administrator, on behalf of Defendant, shall cause to be served upon the Attorneys General of each U.S. State or territory in which, based on a preliminary Class List, Settlement Class Members reside, and the Attorney General of the United States, notice of the proposed settlement as required by law.

      **4.2**    The Notice shall advise the Settlement Class Members of their rights, including the right to be excluded from, comment upon, and/or object to the Settlement Agreement or any of its terms.  The Notice shall specify that any objection to the Settlement Agreement, and any papers submitted in support of said objection, shall be considered by the Court at the Final Approval Hearing only if, on or before the Objection/Exclusion Deadline approved by the Court and specified in the Notice, the Person making the objection files notice of an intention to do so and at the same time (a) files copies of such papers he or she proposes to be submitted at the Final Approval Hearing with the Clerk of the Court, or alternatively, if the objection is from a Class Member represented by counsel, files any objection through the Court's CM/ECF system, and (b) sends copies of such papers by mail, hand, or overnight delivery service (or by operation of the Court's CM/ECF system) to Class Counsel and Defendant's Counsel.

      **4.3**    Any Settlement Class Member who intends to object to this Agreement must file the objection with the Court, which must be personally signed by the objector, and must include: (1) the objector's name and address; (2) an explanation of the basis upon which the objector claims to be a Settlement Class Member; (3) all grounds for the objection, including all citations to legal authority and evidence supporting the objection; (4) the name and contact information of any and all attorneys representing, advising, or in any way assisting the objector in connection with the

preparation and/or submission of the objection and/or who may profit from the pursuit of the objection (the "Objecting Attorneys"); and (5) a statement indicating whether the objector intends to appear at the Final Approval Hearing (either personally or through counsel who files an appearance with the Court in accordance with the Local Rules).  Settlement Class Members who file objections are still entitled to receive benefits under the Settlement and are bound by the Settlement if it is approved.

4.4    If a Settlement Class Member or any of the Objecting Attorneys has objected to any class action settlement where the objector or the Objecting Attorneys asked for or received any payment in exchange for dismissal of the objection, or any related appeal, without any modification to the settlement, then the objection must include a statement identifying each such case by full case caption and amount of payment received.

4.5    A Person in the Settlement Class may request to be excluded from the Settlement Class (also known as a request to "opt out") by sending a written request postmarked on or before the Objection/Exclusion Deadline approved by the Court and specified in the Notice.  To exercise the right to be excluded, a Person in the Settlement Class must timely send a written request for exclusion to the Settlement Administrator providing his/her name and address, a signature, the name and number of the case (*Gur-Ravantab, et al. v. Georgetown University*, Case No. 1:22-cv-01038, in the United States District Court for the District of Columbia), and a statement that he or she wishes to be excluded from the Settlement Class for purposes of this Settlement.  A request to be excluded that does not include all of this information, or that is sent to an address other than that designated in the Notice, or that is not postmarked within the time specified, shall be invalid, and the Person(s) serving such a request shall be a member(s) of the Settlement Class and shall be bound as a Settlement Class Member by this Agreement, if approved.  Any Person in the Settlement Class who validly elects to be excluded from this Agreement shall not: (i) be bound by

17

any orders in the Action or the Final Judgment; (ii) be entitled to relief under this Settlement Agreement; (iii) gain any rights by virtue of this Agreement; or (iv) be entitled to object to any aspect of this Agreement.  The request for exclusion must be personally signed by each Person requesting exclusion.  So-called "mass" or "class" opt-outs shall not be allowed.  To be valid, a request for exclusion must be postmarked or received by the date specified in the Notice.  A Settlement Class Member is not entitled to submit both an opt-out request and an objection.  If a Settlement Class Member submits both an opt-out request and an objection, the Settlement Administrator will send a letter (and email if an email address is available) explaining that the Settlement Class Member may not make both of these requests, and asking the Settlement Class Member to make a final decision as to whether to opt out or object and inform the Settlement Administrator of that decision within 10 days from the date when the letter from the Settlement Administrator is postmarked.   If the Settlement Class Member does not respond to that communication by letter postmarked or email sent within 10 days after the Settlement Administrator's letter was postmarked (or by the objection deadline, whichever is later), the Person in the Settlement Class will be treated as having opted out of the Settlement Class, and the objection will not be considered, subject to the Court's discretion.  A list of Persons in the Settlement Class who have opted out shall be provided to and approved by the Court in connection with the motion for final approval of the Settlement.

**4.6**    The Final Approval Hearing shall be no earlier than ninety (90) days after the Notice Date.

**4.7**    Any Settlement Class Member who does not, in accordance with the terms and conditions of this Agreement, seek exclusion from the Settlement Class will be bound by all of the terms of this Agreement, including the terms of the Final Judgment to be entered in the Action and

the Releases provided for in the Agreement, and will be barred from bringing any action against any of the Released Parties concerning the Released Claims.

5.      **SETTLEMENT ADMINISTRATION.**

    **5.1**      The Settlement Administrator shall, under the supervision of the Court, administer the relief provided by this Settlement Agreement in a rational, responsive, cost effective, and timely manner.  The Settlement Administrator shall maintain reasonably detailed records of its activities under this Agreement.  The Settlement Administrator shall maintain all such records as are required by applicable law in accordance with its normal business practices and such records will be made available to Class Counsel and Defendant's Counsel upon request.  The Settlement Administrator shall also provide reports and other information to the Court as the Court may require.  The Settlement Administrator shall provide Class Counsel and Defendant's Counsel with regular reports at weekly intervals containing information concerning Notice, administration, and implementation of the Settlement Agreement.   Should the Court request, Class Counsel and Defendant's Counsel shall submit a timely report to the Court summarizing the work performed by the Settlement Administrator, including a report of all amounts from the Settlement Fund paid to Settlement Class Members.  Without limiting the foregoing, the Settlement Administrator shall:

        **(a)**      Provide Class Counsel and Defendant's Counsel with drafts of all administration-related documents, including but not limited to Notices to Attorneys General, class Notices, and standardized communications with Settlement Class Members including telephone scripts and website postings.   Such drafts must be provided at least five (5) days before the Settlement Administrator is required to or intends to publish or use them, unless Class Counsel and Defendant's Counsel agree to waive this requirement in writing on a case-by-case basis; and

        **(b)**      Receive objections and requests (including requests to be excluded from the Settlement Class) and promptly provide copies to Class Counsel and Defendant's Counsel.  The

Settlement Administrator must promptly provide the aforementioned copies regardless of whether the applicable submission deadline has passed.

**5.2**     In the exercise of its duties outlined in this Agreement, the Settlement Administrator shall have the right to reasonably request additional information from Class Counsel, Defendant's Counsel, or any Settlement Class Member.

**5.3**     Defendant, the Released Parties, and Defendant's Counsel shall have no responsibility for, interest in, or liability whatsoever with respect to: (i) any act, omission, or determination by Class Counsel, or the Settlement Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; (ii) the management, investment, or distribution of the Settlement Fund; (iii) the allocation of Settlement Funds to Settlement Class Members or the implementation, administration, or interpretation thereof; (iv) the determination, administration, calculation, or payment of any claims asserted against the Settlement Fund; (v) any losses suffered by, or fluctuations in value of, the Settlement Fund; or (vi) the payment or withholding of any taxes, tax expenses, or costs incurred in connection with the taxation of the Settlement Fund or the filing of any federal, state, or local returns.

**5.4**     The Parties agree that the Settlement Fund is intended to be a "Qualified Settlement Fund" within the meaning of Treasury Regulation Section 1.468B-1 and that the Settlement Administrator as administrator of the Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3) shall be solely responsible for filing tax returns for the Settlement Fund and paying from the Settlement Fund any taxes owed with respect to the Settlement Fund, without further order of the Court.  In addition, Class Counsel shall timely make, or cause to be made, such elections as necessary or advisable to carry out the provisions of this paragraph, including the "relation-back election" (as defined in Treas. Reg. § 1.468B-1) back to the earliest permitted date.  Such election shall be made in compliance with the procedures and requirements

contained in such regulations.  Defendant, the Released Parties, and Defendant's Counsel shall have no liability or responsibility of any sort for filing any tax returns or paying any taxes with respect to the Settlement Fund.

6.    **TERMINATION OF SETTLEMENT.**

    6.1    Subject to Paragraphs 9.1-9.3 below, Defendant or the Lead Plaintiffs on behalf of the Settlement Class may terminate this Agreement by providing written notice of the election to do so ("Termination Notice") to all other signatories hereto within twenty-one (21) days after the following events: (1) the Resolution Session as defined below, and (2) one of the following: (i) the Court's refusal to grant Preliminary Approval of this Agreement in any material respect; (ii) the Court's refusal to grant final approval of this Agreement in any material respect; (iii) the Court's refusal to enter the Final Judgment in this Action in any material respect; (iv) the date upon which the Final Judgment is modified or reversed in any material respect by the United States Court of Appeals for the District of Columbia Circuit or the Supreme Court of the United States; or (v) the date upon which an Alternate Judgment, as defined in Paragraph 1.2 of this Agreement, is modified or reversed in any material respect by the United States Court of Appeals for the District of Columbia Circuit or the United States Supreme Court.  Before Defendant or any Lead Plaintiffs invoke this paragraph and termination, the Defendant and Lead Plaintiffs shall convene a remote settlement conference with Judge Segal to reconcile and attempt to resolve any issues that led to denial or refusal as set forth above ("Resolution Session").  In lieu of termination, if Defendant and Lead Plaintiffs are in agreement, they may collectively seek reconsideration or renewal of any application to effectuate and fulfill the intent to resolve this action in accordance with the terms of this Agreement.

    6.2    In the event that more than 5% of the Settlement Class Members exercise their right to opt-out of the settlement, Defendant will have the right to declare the settlement void in its

entirety upon notice to Class Counsel within ten (10) days of the Settlement Administrator providing a report showing that more than 5% of Settlement Class Members have opted-out of the settlement.

## 7.   PRELIMINARY APPROVAL ORDER AND FINAL APPROVAL ORDER.

**7.1**   Within fourteen (14) days after the execution of this Settlement Agreement, Class Counsel shall submit this Agreement together with its Exhibits to the Court and shall move the Court for Preliminary Approval of the settlement set forth in this Agreement; certification of the Settlement Class for settlement purposes only; appointment of Class Counsel, the Class Representatives and the Settlement Administrator; and entry of a Preliminary Approval Order, which order shall set a Final Approval Hearing date and approve the Notice for dissemination substantially in the form of Exhibits B, C, and D hereto.  The Preliminary Approval Order shall also authorize the Parties, without further approval from the Court, to agree to and adopt such amendments, modifications and expansions of the Settlement Agreement and its implementing documents (including all Exhibits to this Agreement) so long as they are consistent in all material respects with the terms of the Settlement Agreement and do not limit or impair the rights of the Settlement Class or materially expand the obligations of Defendant.

**7.2**   At the time of the submission of this Agreement to the Court as described above, Class Counsel shall request that, after Notice is given, the Court hold a Final Approval Hearing and approve the settlement of the Action as set forth herein.

**7.3**   After Notice is given, the Parties shall request and seek to obtain from the Court a Final Judgment, which will (among other things):

**(a)**   find that the Court has personal jurisdiction over all Settlement Class Members and that the Court has subject matter jurisdiction to approve the Agreement, including all Exhibits thereto;

22

(b)      certify the Settlement Class or reaffirm such certification if the Settlement Class was certified in the Preliminary Approval Order, and approve or reaffirm the appointment of Class Counsel, the Class Representatives and the Settlement Administrator;

(c)      approve the Settlement Agreement and the proposed settlement as fair, reasonable, and adequate as to, and in the best interests of, the Settlement Class Members; direct the Parties and their counsel to implement and consummate the Agreement according to its terms and provisions; and declare the Agreement to be binding on, and have *res judicata* and preclusive effect in all pending and future lawsuits or other proceedings maintained by or on behalf of the Releasing Parties;

(d)      find that the Notice implemented pursuant to the Agreement (1) constitutes the best practicable notice under the circumstances; (2) constitutes notice that is reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of the Action, their right to object to or exclude themselves from the proposed Agreement, and to appear at the Final Approval Hearing; (3) is reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to receive notice; and (4) meets all applicable requirements of the Federal Rules of Civil Procedure, the Due Process Clause of the United States Constitution, and the rules of the Court;

(e)      find that the Class Representatives and Class Counsel adequately represent the Settlement Class for purposes of entering into and implementing the Agreement;

(f)      dismiss the Action (including all individual and putative class claims) on the merits and with prejudice, without fees or costs to any party except as provided in the Settlement Agreement;

(g)      incorporate the Release set forth above, make the Release effective as of the date of the Effective Date, and forever discharge the Released Parties as set forth herein;

      **(h)**     permanently bar and enjoin all Settlement Class Members who have not been properly excluded from the Settlement Class from filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in any lawsuit or other action in any jurisdiction based on the Released Claims;

      **(i)**     without affecting the finality of the Final Judgment for purposes of appeal, retain jurisdiction as to all matters relating to administration, consummation, enforcement, and interpretation of the Settlement Agreement and the Final Judgment, and for any other necessary purpose; and

      **(j)**     incorporate any other provisions not materially inconsistent with this Settlement Agreement, as the Court deems necessary and just.

## 8.    CLASS COUNSEL'S ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES; SERVICE AWARDS.

    **8.1**     The amount of the Fee Award shall be determined by the Court based on petition from Class Counsel. Class Counsel has agreed, with no consideration from Defendant, to limit their request for attorneys' fees to no more than one third (33.33%) of the Settlement Fund (i.e. $500,000.00) plus reimbursement of costs and expenses in an amount not to exceed seventy-five thousand dollars ($75,000.00). Payment of the Fee Award shall be made from the Settlement Fund and should the Court award less than the amount sought by Class Counsel, the difference in the amount sought and the amount ultimately awarded pursuant to this Paragraph shall remain in the Settlement Fund. The Parties agree that any award of attorneys' fees, costs, and expenses is committed to the sole discretion of the Court within the limitations set forth in this Paragraph. If the Court chooses, in its sole discretion, to order a Fee Award that is lower than the amount sought in the motion to be filed by Class Counsel, this Agreement shall remain fully enforceable. Class Counsel shall file any motion for a Fee Award no later than 14 days before the deadline for

objections to the Settlement, and a copy of the motion shall be placed on the Settlement Administrator's website.

8.2     The Fee Award shall be payable by the Settlement Administrator within twenty-one (21) business days after entry of the Court's Final Judgment, subject to Class Counsel executing an Undertaking Regarding Attorneys' Fees and Costs (the "Undertaking") and providing all payment routing information and tax I.D. numbers for Class Counsel and W-9 forms sufficiently in advance of the deadline for the Settlement Administrator to process such payment. Payment of the Fee Award shall be made from the Settlement Fund by wire transfer to Class Counsel in accordance with written instructions to be provided by Class Counsel, and completion of necessary forms, including but not limited to W-9 forms.  Notwithstanding the foregoing, if for any reason the Final Judgment is reversed or rendered void, then Class Counsel shall return such funds to the Defendant.  Additionally, should any parties to the Undertaking dissolve, merge, declare bankruptcy, become insolvent, or cease to exist prior to the final payment to Settlement Class Members, those parties shall execute a new undertaking guaranteeing repayment of funds within 14 days of such an occurrence.  Upon payment of the Fee Award, Class Counsel shall release and forever discharge the Released Parties from any claims, demands, actions, suits, causes of action, or other liabilities relating to any attorneys' fees, costs or expenses incurred in the Action.  Class Counsel agree that any federal, state, municipal, or other taxes, contributions, or withholdings that may be owed or payable by them, or any tax liens that may be imposed, on the sums paid to them pursuant to this Paragraph are their sole and exclusive responsibility, and any amount required to be withheld for tax purposes (if any) will be deducted from those payments.

8.3     Lead Plaintiffs shall each request to be paid a service award from the Settlement Fund, in addition to any recovery as Settlement Class Members, in recognition of their efforts on behalf of the Settlement Class, subject to Court approval.  Morrison and Kazmi shall request to be

paid a service award in the amount of two thousand five hundred dollars ($2,500.00) each. Gur-Ravantab and Lama shall request to be paid a service award in the amount of one thousand dollars ($1,000.00) each. Should the Court award less than these amounts for any Lead Plaintiff, the difference between the amount sought and the amount ultimately awarded pursuant to this Paragraph shall remain in the Settlement Fund. Service awards shall be paid from the Settlement Fund (in the form of a check to the Lead Plaintiff that is sent care of Class Counsel), within twenty-one (21) business days after the Effective Date. If the Court chooses, in its sole discretion, to make an award to any Lead Plaintiff that is lower than the amounts sought in the motion to be filed by Class Counsel, or if the Court chooses to make no such awards, this Agreement shall remain fully enforceable. In order to receive such payment, each Lead Plaintiff must provide, sufficiently in advance of the deadline for the Settlement Administrator to process such payment, a W-9 form and such other documentation as may reasonably be required by the Settlement Administrator. The Lead Plaintiffs agree that any federal, state, municipal, or other taxes, contributions, or withholdings that may be owed or payable by them, or any tax liens that may be imposed, on any sums paid to them pursuant to this Paragraph are their sole and exclusive responsibility, and any amount required to be withheld for tax purposes (if any) will be deducted from those payments.

**9. CONDITIONS OF SETTLEMENT, EFFECT OF DISAPPROVAL, CANCELLATION OR TERMINATION.**

    **9.1** The Effective Date of this Settlement Agreement shall not occur unless and until each of the following events occurs and shall be the date upon which the last (in time) of the following events occurs:

        **(a)** Lead Plaintiffs, Defendant's Counsel, and Class Counsel have executed this Agreement;

        **(b)** The Court has entered the Preliminary Approval Order;

(c)      The Court has entered an order finally approving the Agreement, following Notice to the Settlement Class and a Final Approval Hearing, as provided in the Federal Rules of Civil Procedure, and has entered the Final Judgment, or a judgment consistent with this Agreement in all material respects; and

(d)      The Final Judgment has become Final, as defined above, or, in the event that the Court enters an Alternate Judgment, such Alternate Judgment becomes Final.

9.2      If some or all of the conditions specified in Paragraph 9.1 are not met, or in the event that this Agreement is not approved by the Court, or the settlement set forth in this Agreement is terminated or fails to become effective in accordance with its terms, then this Settlement Agreement shall be canceled and terminated subject to Paragraph 6.1 unless Class Counsel and Defendant's Counsel mutually agree in writing to proceed with this Agreement.  If any Party is in material breach of the terms hereof, any other Party, provided that it is in substantial compliance with the terms of this Agreement, must provide (1) written notice to the alleged breaching party with 30 days to cure, (2) a period of time to convene a remote session with Judge Segal, and (3) notice to all signatories, before terminating this Agreement, except that any attempted termination of this Agreement after the Preliminary Approval Order is entered will not take effect without an order of the Court, and this Agreement may not be terminated after the Final Judgment is entered without an order of the Court vacating the Final Judgment or an order of any appellate court reversing or vacating the Final Judgment.  Notwithstanding anything herein, the Parties agree that the Court's failure to approve, in whole or in part, the Fee Award and/or the service awards set forth in Section 8 above shall not prevent the Agreement from becoming effective, nor shall it be grounds for termination.

9.3      If this Agreement is terminated or fails to become effective for the reasons set forth in Paragraphs 6.1-6.2 or 9.1-9.2 above, the Parties shall be restored to their respective positions in

the Action as of the date of the signing of this Agreement. In such event, any Final Judgment or other order entered by the Court in accordance with the terms of this Agreement shall be vacated by the Court, and the Parties shall be returned to the *status quo ante* with respect to the Action as if this Agreement had never been entered into. Within five (5) business days after written notification of termination as provided in this Agreement is sent to the other Parties and Court approval if required is obtained, the Settlement Fund (including accrued interest thereon), less any Settlement Administration costs actually incurred, paid or payable and less any taxes and tax expenses paid, due or owing, shall be refunded by the Settlement Administrator to Defendant, based upon written instructions provided by Defendant's Counsel.

10.     **MISCELLANEOUS PROVISIONS.**

    **10.1**    The Parties (a) acknowledge that it is their intent to consummate this Settlement Agreement; and (b) agree, subject to their fiduciary and other legal obligations, to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Agreement, to exercise their reasonable best efforts to accomplish the foregoing terms and conditions of this Agreement, to secure final approval thereof, and to defend the Final Judgment through any and all appeals. Class Counsel and Defendant's Counsel agree to cooperate with one another in seeking Court approval of the Settlement Agreement, entry of the Preliminary Approval Order, and the Final Judgment. Class Counsel and Defendant's Counsel further agree to promptly execute all documentation as may be reasonably required to obtain final approval of the Agreement.

    **10.2**    The Parties intend this Settlement Agreement to be a final and complete resolution of all disputes between them with respect to the Released Claims. Accordingly, the Parties agree not to assert in any forum that the Action was brought by Plaintiffs or defended by Defendant, or each or any of them, in bad faith or without a reasonable basis.

**10.3**    The Parties have relied upon the advice and representation of counsel, selected by them,  concerning the claims released under this Agreement.  The Parties have read and understand fully this Agreement and have been fully advised as to the legal effect thereof by counsel of their own selection and intend to be legally bound by the same.

**10.4**    Whether or not the Effective Date occurs or the Settlement Agreement is terminated, neither this Agreement nor the Settlement contained herein or any term, provision, or definition therein, nor any act or communication performed or document executed in the course of negotiating, implementing, or seeking approval pursuant to or in furtherance of this Agreement or the settlement:

**(a)**    is, may be deemed, or shall be used, offered or received in any civil, criminal or administrative proceeding in any court, administrative agency, arbitral proceeding or other tribunal against the Released Parties, or each or any of them, as an admission, concession or evidence of, the validity of any Released Claims, the truth of any fact alleged by the Plaintiffs, the deficiency of any defense that has been or could have been asserted in the Action, the violation of any law or statute, the definition or scope of any term or provision, the reasonableness of the Settlement Fund or the Fee Award (except in connection with seeking approval of the Settlement in the Action), or of any alleged wrongdoing, liability, negligence, or fault of the Released Parties, or any of them.  Defendant, while continuing to deny all allegations of wrongdoing and disclaiming all liability with respect to all claims, considers it desirable to resolve the action on the terms stated herein to avoid further expense, inconvenience, and burden, and therefore has determined that this settlement is in Defendant's best interests;

**(b)**    is, may be deemed, or shall be used, offered or received against any Released Party, as an admission, concession or evidence of any fault, misrepresentation or

29

omission with respect to any statement or written document approved or made by the Released Parties, or any of them;

(c)     is, may be deemed, or shall be used, offered, or received against the Released Parties, or each or any of them, as an admission or concession with respect to any liability, negligence, fault or wrongdoing as against any Released Parties, or supporting the certification of a litigation class, in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal.  However, the Settlement, this Agreement, and any acts performed and/or documents executed in furtherance of or pursuant to this Agreement and/or Settlement may be used in any proceedings as may be necessary to effectuate the provisions of this Agreement.  Further, if this Settlement Agreement is approved by the Court, any Party or any of the Released Parties may file this Agreement and/or the Final Judgment in any action that may be brought against such Party or Parties in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim;

(d)     is, may be deemed, or shall be construed against Plaintiffs, the Settlement Class, the Releasing Parties, or each or any of them, or against the Released Parties, or each or any of them, as an admission or concession that the consideration to be given hereunder represents an amount equal to, less than, or greater than that amount that could have or would have been recovered after trial; and

(e)     is, may be deemed, or shall be construed as or received in evidence as an admission or concession against Plaintiffs, the Settlement Class, the Releasing Parties, or each and any of them, or against the Released Parties, or each or any of them, that any of Plaintiffs' claims

are with or without merit or that damages recoverable in the Action would have exceeded or would have been less than any particular amount.

**10.5** The Parties acknowledge that (a) any certification of the Settlement Class as set forth in this Agreement, including certification of the Settlement Class for settlement purposes in the context of Preliminary Approval, shall not be deemed a concession that certification of a litigation class is appropriate, or that the Settlement Class definition would be appropriate for a litigation class, nor would Defendant be precluded from challenging class certification in further proceedings in the Action or in any other action if the Settlement Agreement is not finalized or finally approved; (b) if the Settlement Agreement is not finally approved by the Court for any reason whatsoever, then any certification of the Settlement Class will be void, the Parties and the Action shall be restored to the status quo ante, and no waiver, estoppel or preclusion premised on the Settlement Agreement will be asserted in any litigated certification proceedings in the Action or in any other action; and (c) no agreements made by or entered into by Defendant in connection with the Settlement Agreement may be used to establish any of the elements of class certification in any litigated certification proceedings, whether in the Action or any other judicial proceeding.

**10.6** No Person or entity shall have any claim against the Lead Plaintiffs, Class Counsel, Settlement Administrator, or any other agent designated by Class Counsel, or the Released Parties and/or their counsel, arising from distributions made substantially in accordance with this Agreement. The Parties and their respective counsel, and all other Released Parties, shall have no liability whatsoever for the investment or distribution of the Settlement Fund or the determination, administration, calculation, or payment of any claim or nonperformance of the Settlement Administrator, the payment or withholding of taxes (including interest and penalties) owed by the Settlement Fund, or any losses incurred in connection therewith.

31

**10.7**     The headings used herein are used for the purpose of convenience only and are not meant to have legal effect.

**10.8**     The waiver by one Party of any breach of this Agreement by any other Party shall not be deemed as a waiver of any other prior or subsequent breaches of this Agreement.

**10.9**     All of the Exhibits to this Agreement are material and integral parts thereof and are fully incorporated herein by this reference.

**10.10**   This Agreement and its Exhibits set forth the entire agreement and understanding of the Parties with respect to the matters set forth herein, and supersede all prior negotiations, agreements, arrangements, and undertakings with respect to the matters set forth herein.  No representations, warranties, or inducements have been made to any Party concerning this Settlement Agreement or its Exhibits other than the representations, warranties, and covenants contained and memorialized in such documents.  This Agreement may be amended or modified only by a written instrument signed by or on behalf of all Parties or their respective successors-in-interest.

**10.11**   Except as otherwise provided herein, each Party shall bear its own costs.

**10.12**   Lead Plaintiffs represent and warrant that they have not assigned any claim or right or interest therein as against the Released Parties to any other Person or Party and that they are fully entitled to release the same.

**10.13**   Each counsel or other Person executing this Settlement Agreement, any of its Exhibits, or any related settlement documents on behalf of any Party hereto, hereby warrants and represents that such Person has the full authority to do so and has the authority to take appropriate action required or permitted to be taken pursuant to the Agreement to effectuate its terms.

**10.14**   This Agreement may be executed in one or more counterparts.  Signature by digital means, facsimile, or in PDF format will constitute sufficient execution of this Agreement.  All

executed counterparts and each of them shall be deemed to be one and the same instrument.  A complete set of original executed counterparts shall be filed with the Court if the Court so requests.

**10.15**   This Settlement Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties hereto and the Released Parties.

**10.16**   The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Agreement, and all Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in this Agreement.  Any disputes between the Parties concerning matters contained in this Agreement shall, if they cannot be resolved by negotiation and agreement, be submitted to the Court for resolution.

**10.17**   This Settlement Agreement shall be governed by and construed in accordance with the substantive laws of the District of Columbia without giving effect to its conflict of laws provisions.

**10.18**   This Agreement is deemed to have been prepared by counsel for all Parties, as a result of arm's-length negotiations among the Parties.  Because all Parties have contributed substantially and materially to the preparation of this Agreement, it shall not be construed more strictly against one Party than another.

**10.19**   Where this Agreement requires notice to the Parties, such notice shall be sent to the undersigned counsel:  Michael A. Tompkins of Leeds Brown Law, P.C., 1 Old Country Road, Suite 347, Carle Place, NY, 11514 and Alan E. Schoenfeld, Wilmer Cutler Pickering Hale and Dorr LLP, 7 World Trade Center, 250 Greenwich Street, New York, NY 10007.

**10.20**   The Parties agree that there will be no press release regarding the Settlement (including any judicial treatment thereof), and neither side will initiate contact with the media nor issue any public statement, comment, or promotional material that references the terms of the

settlement; provided, however, that the Parties may respond to press inquiries with neutral, factual information concerning the Settlement and any judicial action on it.

With respect to public disclosures, Class Counsel and Defendant's Counsel are permitted, in connection with their law firm websites, biographies, brochures, firm marketing materials, future declarations regarding counsel's experience, and/or in speaker biographies, to state only that they served as counsel in this Action and basic facts about the Settlement that are conveyed in any publicly-filed motion.

**10.21** Lead Plaintiffs, Class Counsel, and the Settlement Claims Administrator will be required to keep confidential any personal identifying information of Settlement Class Members, any financial information relating to Settlement Class Members, and any non-public financial information about or belonging to Georgetown, in accordance with the Stipulated Protective Order (*see* ECF No. 37).  Any documents or non-public information provided by Georgetown to Class Counsel or Plaintiffs must be destroyed or returned in accordance with the Court's Stipulated Protective Order (*see* ECF No. 37), except insofar as Class Counsel shall have the right to retain any work product and, in the case of pleadings submitted to the Court, any exhibits to such pleadings or any documents or information necessary to the completion of the settlement process, tax reporting, or other rights or obligations of Class Members addressed or created by the Settlement Agreement.

**10.22** Georgetown may communicate with Settlement Class Members in the ordinary course of its operations.  Georgetown will refer inquiries regarding this Agreement and administration of the Settlement Agreement to the Settlement Administrator or Class Counsel.

**IT IS SO AGREED TO BY THE PARTIES**:

Dated: _____04/11/2024_____

REBEKAH MORRISON

By:_____

34

Rebekah Morrison

Dated: _____04/11/2024_____

**SEAN KAZMI**

By: _____

Sean Kazmi

Dated: _____04/11/2024_____

**EMIR GUR-RAVANTAB**

By: _____

Dated: _____04/13/2024_____

**EMILY LAMA**

By: _____

Dated: _____

**GEORGETOWN UNIVERSITY**

By: _____

Name: _____

Title: _____

**AS TO FORM:**

Dated: _4/18/2024_

**LEEDS BROWN LAW, P.C.**

By: _____

Michael A. Tompkins
mtompkins@leedsbrownlaw.com
1 Old Country Road
Suite 347
Carle Place, NY 11514
516.873.9550

*Attorneys for Lead Plaintiffs, and the Proposed Settlement Class*

35

DocuSign Envelope ID: FE494FC7-2AA0-4104-8308-CC1C279ED852

Rebekah Morrison

Dated: _____

**SEAN KAZMI**

By:_____
Sean Kazmi

Dated: _____

**EMIR GUR-RAVANTAB**

By:_____

Dated: _____

**EMILY LAMA**

By:_____

Dated: 4/16/2024

**GEORGETOWN UNIVERSITY**

By: _____

Name: David Green
_____

Title: Senior Vice President and COO
_____

**AS TO FORM:**

Dated: _____

**LEEDS BROWN LAW, P.C.**

By: _____

Michael A. Tompkins
mtompkins@leedsbrownlaw.com
1 Old Country Road
Suite 347
Carle Place, NY 11514
516.873.9550

*Attorneys for Lead Plaintiffs, and the Proposed
Settlement Class*