**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| EMIR GUR-RAVANTAB and EMILY LAMA, individually and on behalf of all others similarly situated, | Civil No. 1:22-cv-01038 |
| Plaintiffs, | |
| v. | |
| GEORGETOWN UNIVERSITY, | |
| Defendant. | |

**UNOPPOSED MEMORANDUM OF LAW IN SUPPORT OF REBEKAH MORRISON
AND SEAN KAZMI'S MOTION TO INTERVENE PURSUANT TO RULE 24
AND FOR PRELIMINARY APPROVAL OF CLASS ACTION
<u>SETTLEMENT PURSUANT TO RULE 23</u>**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................................ iii

I.    INTRODUCTION ........................................................................................... 1

II.   FACTUAL AND PROCEDURAL BACKGROUND.................................... 2

III.  ARGUMENT ................................................................................................. 4

   A.   PURSUANT TO RULE 24, THE COURT SHOULD GRANT REBEKAH
MORRISON AND SEAN KAZMI'S UNOPPOSED MOTION TO INTERVENE ............ 4

   B.   THE COURT SHOULD PRELIMINARILY APPROVE THE PROPOSED
SETTLEMENT ................................................................................................... 6

     1.   The Settlement is the Result of Arms-Length Negotiations ....................................... 7

     2.   The Terms of the Settlement in Relation to Strengths of Arguments Supports
Approval. ..................................................................................................... 8

     3.   The Stage of Litigation Supports Approval. ........................................................ 10

     4.   The Class Reaction to the Agreement.................................................................. 11

     5.   The Representation of Experienced Counsel Supports Approval............................ 11

   C.   THE RELIEF PROVIDED TO THE SETTLEMENT CLASS IS ADEQUATE
UNDER THE RULE 23(e) FACTORS ................................................................. 12

     1.   The Costs, Risks, and Delay of Trial and Appeal.................................................. 12

     2.   The Proposed Method of Distributing Funds to the Settlement Class is Effective,
Fair, and Adequate ........................................................................................ 13

     3.   Attorneys' Fees and Expenses are Reasonable ..................................................... 14

     4.   The Parties Have No Additional Agreements to be Disclosed Under Rule 23(e)(3) 15

     5.   The Settlement Treats Settlement Class Members Equitably.................................. 15

   D.   PROVISIONAL CERTIFICATION OF THE PROPOSED SETTLEMENT CLASS IS
APPROPRIATE ................................................................................................. 15

     1.   Rule 23(a) Requirements Are Satisfied .............................................................. 16

       a.   Rule 23(a)(1) – "Numerosity" ................................................................... 17

       b.   Rule 23(a)(2) - "Commonality"................................................................. 17

       c.   Rule 23(a)(3) - "Typicality"...................................................................... 18

       d.   Rule 23(a)(4) – "Adequacy" ..................................................................... 19

     2.   The Settlement Class Satisfies the Rule 23(b) Requirements................................. 21

       a.   Common Issues Predominate Over Any Individual Issues................................ 21

       b.   A Class Action is the Superior Method ...................................................... 22

   E.   THE COURT SHOULD PRELIMINARILY APPOINT REBEKAH MORRISON
AND SEAN KAZMI AS SETTLEMENT CLASS REPRESENTATIVES ...................... 23

   F.   THE COURT SHOULD APPROVE THE PROPOSED NOTICE PLAN ................. 23

    G.   THE COURT SHOULD APPOINT PLAINTIFFS' COUNSEL AS CLASS
COUNSEL ................................................................................................................... 24

IV.    CONCLUSION .............................................................................................................. 25

## <u>TABLE OF AUTHORITIES</u>

*Case*

*Amchem Prods., Inc. v. Windsor,*
    521 U.S. 591 (1997) ...................................................... 16, 21

*Bynum v. District of Columbia,*
    214 F.R.D. 27 (D. D.C. 2003) ............................................ 18

*Cohen v. Chilcott,*
    522 F.Supp.2d. 105 (D.D.C. 2007) ............................ 17, 18-19, 19, 21

*Defs. of Wildlife v. Perciasepe,*
    714 F.3d 1317 (D.C. Cir. 2013) ........................................... 5

*Deutsche Bank Nat. Tr. Co. v. F.D.I.C.,*
    717 F.3d 189 (D.C. Cir. 2013) ............................................ 4

*Hanlon v. Chrysler Corp.,*
    150 F.3d 1011 (9th Cir. 1998) ........................................... 16

*Heredia Mons v. Wolf,*
    2020 WL 5891424 (D.D.C. Oct. 5, 2020) ................................... 6

*In re Lorazepam & Clorazepate Antitrust Litig.,*
    202 F.R.D. 12 (D.D.C. 2001) ............................................ 17

*In re Lorazepam & Clorazepate Antitrust Litig.,*
    205 F.R.D. 369 (D.D.C. 2002) ....................................... passim

*In re Telik, Inc. Secs. Litig.,*
    576 F. Supp. 2d 570 (S.D.N.Y. 2008) .................................... 13

*In Re Vitamins Antitrust Litig.,*
    209 F.R.D. 251 (D.D.C. 2002) ........................................... 22

*In re Vitamins Antitrust Litig.,*
    1999 WL 1335318 (D.D.C. Nov.23, 1999) ................................. 10

*In Re Vitamins Antitrust Litig., MDL 1285,*
    2001 WL 856290 (D. D.C. July 19, 2001) ............................... 7, 8

*Kinard v. East Capitol Family Rental, L.P.,*
    331 F.R.D. 206 (D.D.C. 2019) ........................................... 22

*Radosti v. Envision EMI, LLC,*
    760 F. Supp. 2d 73 (D.D.C. 2011) ...................................... 10

*Siying Liu v Mayorkas,*

2022 U.S. Dist. LEXIS 12489 ................................................................................ 5

*Sweedish Hosp. Corp. v. Shalala*,
1 F.3d. 1261 (D.C. Cir. 1993) ......................................................................... 14

*Thomas v. Albright*,
139 F.3d. 227 (D.C. Cir. 1998) ........................................................................ 8

*Trombley v. Nat'l City Bank*,
826 F.Supp.2d. 179 (D. D.C. 2011) .......................................................... 7, 8-9

*Twelve John Does v. District of Columbia*,
117 F.3d 571 (D.C.Cir. 1997) ......................................................................... 20

*United States v. District of Columbia*,
933 F. Supp. 42 (D. D.C. 1996) ........................................................................ 7

*Vista Healthplan, Inc. v. Warner Holdings Co. III, Ltd.*,
246 F.R.D. 349 (D.D.C. 2007) ........................................................................ 13

*Wal-Mart Stores, Inc. v. Dukes*,
564 U.S., 349-50 (2011) ........................................................................... 17, 21

*Wright v. S. New Hampshire Univ.*,
565 F. Supp. 3d 193 (D.N.H. 2021) ................................................................ 16

**Statutes**

Rule 23 ...................................................................................................... passim

Proposed Intervenors Rebekah Morrison and Sean Kazmi ("Proposed Intervenors" or "Class Representatives") move unopposed to intervene in this action pursuant to Rule 24 for the limited purpose of facilitating settlement and move unopposed pursuant to Rule 23 for preliminary approval of the proposed class action settlement. The Class Representatives move to intervene for the sole purpose of resolving this Action on behalf of themselves and the proposed settlement class. As detailed herein, the Proposed Settlement Agreement (Ex. A) is a fair and reasonable compromise of the claims sufficient to allow notice to be effectuated to proposed Class Members and the Parties have agreed upon and respectfully submit to the Court a Proposed Preliminary Approval Order (Ex. B).

## I.   INTRODUCTION

The Class Representatives move to resolve the alleged claims against Defendant Georgetown University ("Georgetown" or "Defendant"), including that Defendant breached an implied contractual agreement to provide a full semester of in-person and on-campus education and educational experiences when it transitioned Spring Semester 2020 classes to an online educational format in light of the COVID-19 pandemic, in accordance with District of Columbia legal mandates. Plaintiffs and Defendant engaged in extensive written, electronic, and oral discovery. After the Court denied Plaintiff Emir Gur-Ravantab's class certification motion and the Proposed Intervenors moved to intervene as class representatives, the parties participated in settlement negotiations with the aid of Hon. Suzanne Segal (Ret.) of Signature Resolution. After several weeks of arms' length negotiations, and with the aid and ultimately the recommendation of Judge Segal, the parties were ultimately able to reach an agreement. The parties then executed a Settlement Term Sheet, encompassing the material terms of a class action settlement

("Settlement"). In the following weeks, the parties worked collaboratively to memorialize the Settlement in a Settlement Agreement. *See* Exhibit A, attached to the Declaration of Michael A. Tompkins Esq. ("Tompkins Dec.")[1]

The parties' Settlement for $1.5 million aligns with similar settlements that have been preliminarily and finally approved in the COVD-19 tuition refund context. *See, e.g.*, *Porter v. Emerson College*, No. 1:20-cv-11897 (D. Mass.) ($2.06MM common fund); *Rosado v. Barry Univ., Inc.*, No. 1:20-cv-21813 (S.D. Fla.) ($2.4MM common fund); *D'Amario v. Univ. of Tampa*, No. 7:20-cv-03744 (S.D.N.Y.) ($3.4MM common fund). Additionally, Settlement Class Members (as defined in the Settlement Agreement) will *automatically* receive a cash payment unless they exclude themselves from the Settlement. No Settlement Class Member will have to submit a claim to receive an award, which ensures maximum distribution of the Settlement Fund.

This Settlement is fair, reasonable, and adequate and otherwise satisfies the requirements of Rule 23(a) and (b)(3) and the factors outlined in Rule 23(e)(2)Class Representatives respectfully request that the Court (1) grant preliminary approval of the Settlement; (2) provisionally certify the settlement class under Fed. R. Civ. P. 23(b)(3) in connection with the settlement process; (3) appoint the Leeds Brown Law, P.C. as Class Counsel; (4) appoint Rebekah Morrison and Sean Kazmi as Class Representatives for Settlement Class Members; and (5) approve the Notice Plan for the Settlement described in the Settlement Agreement and its Exhibits, as well as the specific Notice of Class Action and Proposed Settlement (the "Proposed Notice") attached as Exhibits D-F of the Tompkins Declaration, and distribution of the Proposed Notice.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

---

[1] All exhibits are attached to the Tompkins Dec. are cited as "Ex[hibit]. [Letter]" unless otherwise referenced or defined.

On April 13, 2022, Plaintiffs Emir Gur-Ravantab and Emily Lama filed the initial complaint against Georgetown University in this Court. ECF No. 1 in No. 1:22-cv-01038. On July 28, 2022 Plaintiffs Gur-Ravantab and Lama filed their Amended Complaint. ECF No. 12. Plaintiffs alleged:

> Plaintiffs and Georgetown entered into a contractual agreement where Plaintiffs would provide payment in the form of tuition and fees and Defendant, in exchange, would provide in-person educational services, experiences, opportunities, and other related services. The terms of the contractual agreement were set forth in publications from Georgetown University, including Georgetown University's Spring Semester 2020 Course Catalog ("course Catalog"), the marketing materials, and other official university communications.

(Am. Complaint at ¶ 20.) Plaintiffs further alleged they did not receive the "specific educational services" they paid for when they paid fees and tuition. (Am. Complaint at ¶¶ 30-31).

Georgetown filed its Answer to the Amended Complaint on August 18, 2022. ECF No. 13. Plaintiff Gur-Ravantab filed a Motion for Class Certification on June 26, 2023. ECF. No. 41. On October 5, 2023, the Court Denied the Motion for Class Certification. ECF No. 56. Proposed Intervenors Morrison and Kazmi filed a Motion to Intervene and Plaintiffs Gur-Ravantab and Lama filed a Motion to Amend the Class Action Complaint on November 27, 2023. ECF No. 59.

The parties engaged in settlement conversations and negotiations with the aid of Magistrate Judge Suzanne H. Segal (Ret.) of Signature Resolution over the course of the several weeks. The negotiations involved numerous proposals and discussions regarding various risks, strengths, and weaknesses. After continued negotiations, the parties ultimately reached an agreement in principle on a class action settlement. The parties then executed a term sheet encompassing the material terms of a class action settlement on March 1, 2024, and then entered the Settlement Agreement after continued negotiations on various terms and conditions—including with the aid of Judge Segal. At all times throughout the litigation, Defendant has denied and continues to deny any wrongdoing whatsoever and continues to deny that it committed, threatened, or attempted to

commit any wrongful act or violation of law or duty alleged in the Amended Complaint. Class Representatives and Defendant each believe that their side would have prevailed at summary judgment and/or trial.

Nonetheless, taking into account the uncertainty and risks inherent in any litigation and the desire to avoid the expenditure of further legal fees and costs, the parties concluded it was desirable and beneficial that this action be fully and finally settled and terminated in the manner and upon the terms and conditions set forth in the Settlement Agreement.

## III.   ARGUMENT

### A.  PURSUANT TO RULE 24, THE COURT SHOULD GRANT REBEKAH MORRISON AND SEAN KAZMI'S MOTION TO INTERVENE

Pursuant to Rule 24 and for the limited purpose of effectuating the Settlement (as detailed below), all parties have consented to seek intervention of Class Representatives Rebekah Morrison and Sean Kazmi.

Pursuant to Rule 24(a)(2), "on timely motion the court must permit anyone to intervene who claims an interest relating to the property or transaction that is the subject of the action and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." For a party to intervene pursuant to Rule 24(a)(2), they must satisfy the following four requirements: (1) the motion must be timely, (2) they must demonstrate an interest in the property or transaction, (3) the action must threaten to impair or impede the ability to protect that interest, and (4) there is no existing party in the action that would adequately represent the movant's interest. *See Deutsche Bank Nat. Tr. Co. v. F.D.I.C.*, 717 F.3d 189, 192 (D.C. Cir. 2013).

Here, the Class Representatives satisfy the requirements for intervention by right. First, they are filing this motion to intervene promptly following the parties' finalization of the Settlement Agreement.  Second, the Class Representatives have an interest in the transactions at issue as they were undergraduate students at Georgetown University during the Spring 2020 Semester and paid tuition and fees. *See* ECF Nos. 59-4 & 59-5. Third, the resolution of this Action bears directly on the Class Representatives' ability to recover relief sought as a result of those transactions.  Fourth, no other existing party in this action can adequately represent the Class Representatives or the Settlement Class because Plaintiff Emily Lama was not a Georgetown undergraduate student, and this Court has determined that Plaintiff Emir Gur-Ravantab is not an adequate representative under Rule 23(a)(4). ECF No. 56.

If the Court disagrees that the Class Representatives can intervene as a matter of right, the Court may still grant permissive intervention under Rule 24(b)(1)(B). Rule 24(b)(1)(B) only requires (1) that a potential intervenor make a timely motion, (2) that a potential intervenor has a claim or defense that shares with the main action a common question of law or fact, and (3) that the court exercising its discretion to allow intervention would not unduly delay or prejudice the adjudication of the original parties' rights. *See Defs. of Wildlife v. Perciasepe*, 714 F.3d 1317, 1327 (D.C. Cir. 2013).  If those requirements are satisfied, then a court within its discretion may permit intervention. "Permissive intervention is an inherently discretionary enterprise that affords the Court wide latitude." *Siying Liu v Mayorkas*, 2022 U.S. Dist. LEXIS 12489, 4 (D.C.C. Jan 24, 2022).

The Class Representatives satisfy the requirements for permissive intervention. First, as noted above, the Class Representatives are filing this motion to intervene promptly following the parties' finalization of the Settlement Agreement. Second, the Class Representatives have claims

that share common questions of law and fact with those asserted in the main action. As the Court previously stated in its Class Certification decision common contentions were apparent. ECF No. 56 pg. 6 ("Here, common contentions abound. For example, whether the class members and Georgetown formed a contract, one term of which was the provision of in-person services. And, assuming such a contract exists, whether the transition to remote instruction breached it. Or whether Georgetown has a viable impossibility defense based on the District of Columbia's public health mandates. Each of these issues is capable of classwide resolution and its determination would address the core of Gur-Ravantab's theory of liability.")(internal citations omitted).The Class Representatives, as Georgetown undergraduates who paid tuition and fees in the Spring 2020 Semester, share the same claims as those asserted in the Amended Complaint. Third, intervention will not unduly delay the litigation; to the contrary, allowing intervention will allow the parties to proceed with the settlement process.

Thus, for the purpose of effectuating the Settlement, this Court should permit Class Representatives Rebekah Morrison and Sean Kazmi to intervene for the limited purpose of effectuating the Settlement.[2]

## B.  THE COURT SHOULD PRELIMINARILY APPROVE THE PROPOSED SETTLEMENT

Rule 23(e) of the Federal Rules of Civil Procedure requires judicial approval for the settlement of class actions. The Court has the discretion to approve or reject the proposed settlement. *In re Lorazepam & Clorazepate Antitrust Litig.,* 205 F.R.D. 369, 375 (D.D.C. 2002).

---

[2] Intervention for a limited purpose is commonly granted. *Cf., e.g.*, *Heredia Mons v. Wolf*, 2020 WL 5891424, at *1 (D.D.C. Oct. 5, 2020) ("our Circuit frequently permits non-party news organizations to intervene in civil cases for the limited purpose of seeking the unsealing of records"). By consenting to this motion for limited-purpose intervention, Georgetown waives none of the arguments it asserted in its opposition to the Proposed Intervenors' first motion to intervene, *see* ECF No. 59, and reserves all rights to oppose intervention for any purpose other than the limited one requested by this motion.

The "'court in approving a settlement need not inquire into the precise legal rights of the parties nor reach and resolve the merits of the claims or controversy, but need only determine that the settlement is fair, adequate, reasonable and appropriate under the particular facts and that there has been valid consent by the concerned parties.'" *United States v. District of Columbia*, 933 F. Supp. 42, 47 (D. D.C. 1996) (internal citations omitted). "While the Court should 'scrutinize the terms of the settlement carefully,' the discretion to reject a settlement is thus 'restrained by the 'principle of preference' that encourages settlements.'" *In re Lorazepam*, 205 F.R.D. at 375 (internal citations omitted).

When reviewing whether a class action settlement "is fair, reasonable, and adequate, courts in this Circuit have examined the following factors: (a) whether the settlement is the result of arms-length negotiations; (b) the terms of the settlement in relation to the strength of the case; (c) the stage of the litigation proceedings at the time of settlement; (d) the reaction of the class; and (e) the opinion of experienced counsel." *Trombley v. Nat'l City Bank*, 826 F.Supp.2d. 179, 194 (D. D.C. 2011) (citing *In re Lorazepam,* 205 F.R.D. at 375; *In re Vitamins Antitrust Litig.*, 305 F.Supp.2d 100, 104 (D.D.C. 2004)). As set forth below, this Settlement is substantively and procedurally fair, adequate, and reasonable. Therefore, all factors and Rule 23(e) weigh in favor of preliminary approval of the proposed Settlement.

1. **The Settlement is the Result of Arms-Length Negotiations**

"A 'presumption of fairness, adequacy, and reasonableness may attach to a class settlement reached in arm's length negotiations between experienced, capable counsel after meaningful discovery.'" *In Re Vitamins Antitrust Litig.*, MDL 1285, 2001 WL 856290, at *2 (D. D.C. July 19, 2001) (Citing *Manual for Complex Litig.*, at § 30.42). After conducting extensive and substantial discovery, the parties participated in settlement conversations and negotiations with the aid of

Judge Segal (Ret.). *See* Exhibit G (Biography of Judge Segal); Tompkins Dec. ¶¶ 6-9. Because the parties had conducted thorough discovery and fully analyzed the central issues in the case, both parties were in good positions to make intelligent and well-informed assessments of the strengths and weaknesses of their cases before agreeing to mediation and throughout the mediation itself. Id. ¶ 10. Furthermore, during the settlement conversations and negotiations with Judge Segal and exchange of emails with Judge Segal, both parties advocated zealously on behalf of their clients and understood the strengths and weaknesses of their positions. Id. ¶¶ 16-18. Judge Segal's participation in the settlement ensured that the parties' negotiations were conducted at an arm's length and without collusion. Id. ¶ 14.

With Judge Segal's assistance, the parties reached a fair, reasonable, and adequate settlement – even while the Class Representatives' Motion to Intervene was pending. Id. Furthermore, the Settlement Agreement is reasonable and adequate considering other approved settlements in analogous cases. *See supra* pg. 2 (highlighting multiple settlements in COVID-19 College & University Tuition and Fee Refund litigation). Since agreeing to the material terms of the Settlement, the Parties have worked collaboratively to memorialize the Settlement and ensure that the Settlement contains no deficiencies. Therefore, the Parties have satisfied the requirement of the Settlement being a result of arm's-length negotiations and this factor, therefore, weighs in favor of preliminary approval.

## 2. The Terms of the Settlement in Relation to Strengths of Arguments Supports Approval.

"The court's primary task is to evaluate the terms of the settlement in relation to the strength of the plaintiffs' case." *Thomas v. Albright*, 139 F.3d 227, 231 (D.C. Cir. 1998). "The Court must evaluate the relief provided in the proposed settlement against the relative strength of plaintiffs' case, including their ability to obtain recovery at trial." *Trombley*, 826 F.Supp.2d at 194 (citing

*Equal Rights Ctr. v. Wash. Metro. Area Transit,* 573 F.Supp.2d 205, 211 (D.D.C.2008)). Although each party believes it has a strong case, neither side is without risk.

Significant work has been done in this case, including but not limited to propounding and responding to written discovery, review of significant volumes of documents, legal research and comparison of analogous cases, depositions, briefing on class certification, and participation in multiple settlement conversations and negotiations with an experienced mediator. Had this case not settled, the parties would have maintained their positions on the pending intervention motion, submitted competing summary judgment motions, proceeded to trial, and likely pursued appeals.

Without a doubt, absent settlement, both parties would litigate vigorously and, likely, challenge any ruling before the Court of Appeals for the D.C. Circuit—including class certification, intervention, and/or the ultimate merits of the claims (likely briefed via summary judgment for both sides). Furthermore, Georgetown would prepare a competent and effective defense at trial. Thus, had this case not settled, there would be significant delay for potential class members to receive any recovery. Continuing this litigation poses significant risks for the asserted claims and the likelihood of Plaintiffs succeeding at trial is not guaranteed. *See In Re Lorazepam*, 205 F.R.D. at 377 (D.D.C. 2002) ("Further litigation also entails substantial risks; given the defendants' denial of liability, monetary recovery certainly cannot be assumed.").  Weighing the benefits of the Settlement against the risks associated with proceeding in litigation and in collecting on any judgment, the Settlement is more than reasonable.

Here, the Settlement Sum to be disseminated to Settlement Class Members is $1.5 million and Class Counsel expects Settlement Class Members to receive pro-rated recovery based on their tuition and fees paid for the Spring 2020 semester. Further, the Settlement will provide Settlement Class Members the opportunity to choose the method of payment, via an Election Form, including

through check or modern payment methods such as Venmo, or PayPal. The Settlement Fund will serve to pay notice and administration costs, and, if approved by the Court, reasonable Plaintiffs' attorney's fees and costs, and service awards to the Class Representatives. Settlement, ¶ 1.32. *See Radosti v. Envision EMI, LLC*, 760 F. Supp. 2d 73, 79 (D.D.C. 2011) ("[I]ncentive awards are not uncommon in common-fund-type class actions and are used to compensate plaintiffs for the services they provided and the risks they incurred during the course of the class action litigation.").

Therefore, it is proposed Class Counsel's considered opinion that settlement on the proposed terms at this juncture in the litigation, given all the risks involved, is the most prudent course. Thus, this factor supports preliminary approval. Tompkins Dec. ¶ 18. Similarly, the Settlement is supported by both Class Representatives. See Ex. I ¶¶ 4-6; Ex. J ¶¶ 4-6.

### 3. The Stage of Litigation Supports Approval.

Courts encourage settlement of class action cases. "The pursuit of early settlement is a tactic that merits encouragement; it is entirely appropriate to reward expeditious and efficient resolution of disputes." *In re Vitamins Antitrust Litig.*, 1999 WL 1335318, *4 (D.D.C. Nov.23, 1999) (internal citations omitted). "Courts thus consider whether counsel had sufficient information, through adequate discovery, to reasonably assess the risks of litigation vis-á-vis the probability of success and range of recovery." *In Re Lorazepam & Clorazepate Antitrust Litig.*, 205 F.R.D. 369, 377 (citing *Ressler v. Jacobson,* 822 F.Supp. 1551, 1554–55 (M.D.Fla.1992)).

Here, counsel for all parties had copious information about the case after engaging in extensive discovery and motion practice. Tompkins Dec. ¶¶ 5-10. Since filing the class action complaint, proposed Class Counsel has fully briefed a Motion for Class Certification, Motion to Amend, Motion to Intervene, conducted discovery, reviewed documents produced by Georgetown, took multiple depositions of designees of Georgetown, and conducted significant legal research.

Id. Thus, proposed Class Counsel gathered sufficient information to reasonably assess the risks of the litigation and the chances of successful recovery. Id. ¶ 10. Therefore, this factor weighs in support of preliminary approval.

**4. The Class Reaction to the Agreement.**

Notice of the Settlement has not yet been issued to the proposed settlement class, thus, it is not possible to gauge the precise reaction of the proposed class at this time. However, since the Settlement here is similar to settlements in other COVID-19 tuition refund cases, context suggests, and proposed Class Counsel predicts, that the proposed class will react favorably. Id. ¶ 13.

**5. The Representation of Experienced Counsel Supports Approval.**

"Opinion of experienced and informed [counsel] should be afforded substantial consideration." *In Re Lorazepam & Clorazepate Antitrust Litig.*, 205 F.R.D. 369, 380 (citing *New York v. Reebok Int'l. Ltd.,* 903 F.Supp. 532 (S.D.N.Y.1995)). Proposed Class Counsel is highly qualified and experienced in class actions. Leeds Brown Law, P.C. ("LBL") is experienced in litigating and settling class action lawsuits. *See* Tompkins Dec.  In the context of COVID-19 college refund actions, LBL has been appointed class counsel in five other matters and has received final approval in three other settlements. *See e.g.*, *Qureshi v. American University*, Case No. 1:20-cv-01141-CRC (D.D.C. Jan. 10, 2024) (granting preliminary approval.); *Stewart v. Univ. of Maine System*, Civil Action Dkt. CV-20-537(Sup. Ct. Cumberland Sept. 8, 2023) (in the context of class certification, noting that "[LBL along with co-counsel] has demonstrable expertise litigating COVID-19 university tuition refund class action lawsuits."); Tompkins Dec.¶¶ 21-26. In *Miazza, Gunter v. LSU*, Case No. C-696918 (La. 19th Jud. Dist., May 12, 2023), LBL (along with co-counsel) was appointed as Class Counsel and Co-Lead Counsel and the Court found that "Plaintiff Gunter is represented by counsel who are experienced in and familiar with class actions generally,

as well as uniquely qualified and successful in similar cases on behalf of students in this state and across the country against colleges and universities that closed campus following the outbreak of COVID-19… In short, it is clear that proposed class counsel have the experience, resources, and expertise to adequately represent the Class.").

Therefore, this factor weighs in favor of preliminary approval.

## C.  THE RELIEF PROVIDED TO THE SETTLEMENT CLASS IS ADEQUATE UNDER THE RULE 23(e) FACTORS

In evaluating the adequacy of the relief to the Settlement Class, the court must take in account:

> (i) the costs, risks, and delay of trial and appeal;
> (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims, if required;
> (iii) the terms of any proposed award of attorney's fees, including timing of payment; and
> (iv) any agreement required to be identified under Rule 23(e)(3).

Fed. R. Civ. P. 23(e)(2)(C).

### 1.  The Costs, Risks, and Delay of Trial and Appeal

This case has been diligently litigated by both sides. Significant work has been done, including but not limited to: written discovery, review of a significant volume of documents produced, legal research and comparison of analogous cases, depositions, analysis of numerous catalogs and materials, and participation in prolonged settlement negotiations and conversations with an experienced mediator and magistrate judge. *See* Tompkins Dec. ¶¶ 5-10; Ex. G (Judge Segal Biography). Had this case not settled, it is likely that the intervention motion, another class certification motion, and summary judgment would have been fully briefed and ruled upon, and depending upon the results, further litigation would have ensued as the parties proceeded towards

trial. Furthermore, any decision made by the Court adverse to a party likely would have been appealed, thus, significantly delaying a final judgment in this case.

The parties were able to make an informed decision concerning the risks and costs involved. The risks and costs involved in continuing this litigation render settlement at this juncture the prudent course of action. *See Vista Healthplan, Inc. v. Warner Holdings Co. III, Ltd.*, 246 F.R.D. 349, 362 (D.D.C. 2007) ("It is obvious that Plaintiffs faced significant risks in establishing both liability and damages and in continuing to trial, and that the fairness, adequacy, and reasonableness of the settlement must be viewed in light of these considerations."). Accordingly, this factor warrants the granting of preliminary approval.

## 2. The Proposed Method of Distributing Funds to the Settlement Class is Effective, Fair, and Adequate

Rule 23(e)(2)(C) next requires consideration of the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims. Fed. R. Civ. P. 23(e)(2)(C)(ii). "As with settlement agreements, courts consider whether distribution plans are fair, reasonable, and adequate." *In re Lorazepam*, 2003 WL 22037741, at *7. "A plan of distribution is thus sufficient where, as here, there is 'a rough correlation' between the settlement distribution and the relative amounts of damages recoverable by Class Members." *Id.* (citing *In re Chicken Antitrust Litig.,* 669 F.2d 228, 240 (5th Cir.1982)).

Here, the Settlement divides the Settlement Fund proportionally based on tuition and fees paid among all students who qualify for payment, excluding students who did not have to pay any tuition or fees for the Spring 2020 Semester. Through pro rata distribution, and by excluding students who did not have to pay any tuition or fees for the Spring 2020 Semester, the allocation plan considers "the relative strength and values of different categories of claims." *See In re Telik, Inc. Secs. Litig.*, 576 F. Supp. 2d 570, 581 (S.D.N.Y. 2008).

Importantly, Settlement Class Members will not need to make a claim to receive an award; rather, each Settlement Class Member will *automatically* receive an award, unless they opt-out. As stated in the Settlement Agreement, the proposed Notice will inform Settlement Class Members of the Settlement's substantive terms. It will advise Settlement Class Members of their options for remaining part of the Settlement Class or for opting out of the Settlement; for receiving their Cash Award; for objecting to the Settlement, Class Counsel's attorneys' fee application and/or request for service awards to the Lead Plaintiffs; and how to obtain additional information about the Settlement. The proposed plan for notice to Settlement Class Members is designed to directly reach a high percentage of Settlement Class Members, since Settlement Class Members' contact information is maintained by Defendant. Furthermore, a professional Settlement Administrator with experience in handling class action settlements will increase the overall effectiveness of distribution.

Therefore, the proposed method of distribution is effective, fair, and adequate and this factor weighs in favor of preliminary approval.

### 3. Attorneys' Fees and Expenses are Reasonable

Pursuant to the Settlement Agreement, Class Counsel will apply to the Court for a Fee Award not to exceed one-third of the Settlement Fund and reimbursement of costs and expenses in an amount not to exceed seventy-five thousand dollars, which includes mediation costs. In the D.C. Circuit, "a percentage-of-the-fund method is the appropriate mechanism for determining the attorney fees award in common fund cases." *Sweedish Hosp. Corp. v. Shalala*, 1 F.3d. 1261, 1271 (D.C. Cir. 1993). "While fee awards in common fund cases may range from fifteen to forty-five percent, the normal range of fee recovery in antitrust suits is twenty to thirty percent of the common fund." *In re Lorazepam*, 2003 WL 22037741, at *7 (internal citations omitted). This same

percentage of attorneys' fees has been approved in analogous COVID-19 college and university tuition and fee refund litigation. *See, e.g., Wright v. S. New Hampshire Univ.*, No. 1:20-cv-00609-LM, Order (D.N.H. Aug. 22, 2021)(ECF No. 37) ; *Rosado v. Barry Univ., Inc.*, No. 1:20-cv-21813-JEM, Order (S.D. Fla. Aug. 7, 2021)(ECF No. 84), *Martin v. Lindenwood Univ.*, No. 4:20-cv-01128-RLW, Order (E.D. Mo. May 11, 2022)(ECF No. 41); *Booth v. Molloy College*, Index No. 608750/2020 (Sup. Ct. Nassau Cty. Oct. 18, 2023) (granting final approval of the class action settlement)(Doc. No. 145); *Porter v. Emerson College*, Case No. 1:20-cv-11897-RWZ (D.Mass. Nov. 27, 2022) (granting final approval of the class action settlement)(ECF No. 87); *Staubus v. Regents of the Univ. of Minnesota*, Court File NO. 27-cv-20-8546 (Minn. 4th Jud. Dist., Aug. 29, 2023) (same).

Therefore, attorneys' fees and expenses are reasonable, and this factor weighs in favor of preliminary approval.

**4. The Parties Have No Additional Agreements to be Disclosed Under Rule 23(e)(3)**

There are no side agreements to identify under this factor.

**5. The Settlement Treats Settlement Class Members Equitably.**

The final factor, Rule 23(e)(2)(D), looks at whether class members are treated equitably. As reflected in the plan of allocation, and as discussed above, the proposed Settlement treats Settlement Class Members equitably relative to each other as they all will receive a proportionate amount of the Settlement Fund, based on the amount of tuition and fees paid for the Spring 2020 semester. Furthermore, Settlement Class Members will provide Georgetown with the same release in return for receiving the benefits provided under the Settlement. Therefore, this factor weighs in favor of preliminary approval.

**D. PROVISIONAL CERTIFICATION OF THE PROPOSED SETTLEMENT CLASS IS APPROPRIATE**

Class Representatives respectfully request that the Court certify the proposed Settlement Class for settlement purposes only. The Court should determine, for settlement purposes only, that the proposed Settlement Class satisfies Rule 23(a)'s requirements of numerosity, commonality, typicality, and adequacy of representation, and at least one of the subsections of Rule 23(b), *see Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997); *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998); *Newberg on Class Actions* § 11:27 (4th ed. 2002) (citing *In re Gen. Motors Corp. Pick-up Truck Fuel Tank Prod. Liab. Litig.*, 55 F.3d 768 (3d Cir. 1995), and provisionally certify the settlement class, appoint Leeds Brown, P.C. as Class Counsel, and Class Representatives Rebekah Morrison and Sean Kazmi as the class representatives.

Importantly, courts across the country have granted certification when evaluating settlement of analogous claims. *See In re Columbia Univ. Tuition and Fee Action*, Case No. 1:20-cv-03208, Dkt. No. 115 at 3 (JMF) (S.D.N.Y. Mar. 29, 2022) (final judgment certifying the proposed class for settlement purposes); *Choi et al v. Brown University*, Case No. 1:20-cv-00191-JJM-LDA, Dkt. No. 78 at 2 (D.R.I. Sept. 6, 2022) (preliminarily approving the proposed settlement and conditionally certifying the proposed class); *Wright v. S. New Hampshire Univ.*, 565 F. Supp. 3d 193, 210 (D.N.H. 2021) (granting preliminary approval of the parties' proposed class action settlement and preliminarily certifying the proposed class for settlement purposes).

To certify a class, a plaintiff must meet all the requirements under Fed. R. Civ. P. 23(a), otherwise known as (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy of representation, as well as the requirements of either Fed. R. Civ. P. 23(b)(1), (2), or (3). *Amchem Prods. v. Windsor*, 521 U.S. 591, 614 (1997).

### 1.  Rule 23(a) Requirements Are Satisfied

"Settlement-only class certification nevertheless obligates a Court to consider whether the proposed class meets the requirements of Federal Rule of Civil Procedure 23, although the Court need not determine whether the case, if tried, would present management problems." *Cohen v. Chilcott*, 522 F.Supp.2d. 105, 113 (D.D.C. 2007) (citing *Amchem*, 521 U.S., at 620). Thus, Plaintiffs must show that the proposed Settlement Class meets all four requirements of Fed. R. Civ. P. 23, which "are referred to as numerosity, commonality, typicality, and adequacy of representation. In addition, Plaintiffs must demonstrate that the class is maintainable under Rule 23(b)." *Id.* Here, the proposed settlement class satisfies all elements of Fed. R. Civ. P. 23.

### a.  Rule 23(a)(1) – "Numerosity"

The proposed Settlement Class is sufficiently numerous. Rule 23(a)(1) requires that the class be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23. "Courts in this District have generally found that the numerosity requirement is satisfied and that joinder is impracticable where a proposed class has at least forty members." *Cohen*, 522 F.Supp.2d., at 114 (internal citations omitted). Here, the Court has already found that numerosity is satisfied because the proposed Settlement Class contains over 6,000 Georgetown University undergraduate students. *See* ECF No. 56 at 5. Therefore, the numerosity requirement of Rule 23(a) is readily satisfied.

### b.  Rule 23(a)(2) - "Commonality"

The proposed Settlement Class satisfies the commonality requirement. Rule 23(a)(2) requires that there be "questions of law or fact common to the class," and that the class members "have suffered the same injury." *Wal-Mart Stores, Inc. v. Dukes,* 564 U.S., 349-50 (2011). "The commonality test is met when there is at least one issue, the resolution of which will affect all or a significant number of the putative class members." *In re Lorazepam & Clorazepate Antitrust Litig.,* 202 F.R.D. 12, 26 (D.D.C. 2001). However, "factual variations among the class members will not defeat the commonality requirement, so long as a single aspect or feature of the claim is

17

common to all proposed class members." *Bynum v. District of Columbia*, 214 F.R.D. 27, 33 (D. D.C. 2003) (internal citations omitted).

Here, the Court previously addressed commonality in its decision on class certification. Doc No. 58 pg. 6 ("Here, common contentions abound. For example, whether the class members and Georgetown formed a contract, one term of which was the provision of in-person services. And, assuming such a contract exists, whether the transition to remote instruction breached it. Or whether Georgetown has a viable impossibility defense based on the District of Columbia's public health mandates. Each of these issues is capable of classwide resolution and its determination would address the core of Gur-Ravantab's theory of liability.")(internal citations omitted). Therefore, Class Representatives easily satisfy the commonality. Common issues include (1) whether Georgetown and Settlement Class Members had a contract; (2) whether that contract obligated Georgetown to provide Settlement Class Members in-person educational instruction; (3) whether the contract obligated Georgetown to provide Settlement Class Members with access to campus facilities and in-person resources; (4) whether Georgetown breached the contract; (5) whether Georgetown unlawfully kept funds paid by Settlement Class Members; (6) whether Georgetown was unjustly enriched by keeping the funds paid; and (7) the fact and measure of damages derived from verifiable classwide information maintained by Georgetown. These common questions, which target the same alleged misconduct by Georgetown, satisfy Rule 23(a)(2). *See* ECF No. 56 at 6-7.

### c. Rule 23(a)(3) - "Typicality"

Rule 23(a)(3) requires that a representative plaintiff's claims be "typical" of those of other class members. "The typicality requirement aims at ensuring 'that the class representatives have suffered injuries in the same general fashion as absent class members.'" *Cohen*, 522 F.Supp.2d. at

115 (citing *In re Vitamins Antitrust Litigation,* 209 F.R.D. 251, 260 (D.D.C. 2002)). "The typicality requirement is satisfied 'if each class member's claim arises from the same course of events that led to the claims of the representative parties and each class member makes similar legal arguments to prove the defendant's liability.'" *Id.*

Here, the Court has previously addressed typicality in its class certification decision. See ECF. No. 56 pg. 7 ("Like them, he claims he suffered a breach of contract and is owed money. He points to the same contract-forming documents and the same allegedly breaching conduct."). Similarly, Class Representatives' claims and those of the Settlement Class arise from the same course of events and they all would make similar legal arguments to prove Georgetown's alleged liability. Class Representatives and every member of the Settlement Class were enrolled in at least one in-person class at Georgetown during the Spring 2020 Semester, were transitioned to remote classes and were unable to access on-campus services and facilities when Georgetown closed its campus in Spring 2020 in response to the COVID-19 pandemic. The Settlement Class Members would also all make similar legal arguments to those that the Class Representatives would make to prove Georgetown's alleged liability. Specifically, all Settlement Class Members would argue that Georgetown students who paid tuition and/or fees for the Spring 2020 semester had a contract with Georgetown that entitled them to in-person educational instruction and services, and that, by switching to remote education and closing on-campus services in response to the pandemic without reducing or refunding tuition or fees, Georgetown was liable for breach of contract or, alternatively, was unjustly enriched by retaining those payments. Therefore, the Settlement Class satisfies the typicality requirement. *See* Dkt. No. 56 at 7.

### d. Rule 23(a)(4) – "Adequacy"

Rule 23(a) requires that "the representative parties will fairly and adequately protect the interests of the class." In this District, "[t]wo criteria for determining the adequacy of representation are generally recognized: (1) the named representative must not have antagonistic or competing interests with the unnamed members of the class, and (2) the representative must appear able to vigorously prosecute the interests of the class through qualified counsel." *Twelve John Does v. District of Columbia*, 117 F.3d 571, 575 (D.C.Cir. 1997) (citing *Nat'l Ass'n of Reg'l Med. Programs, Inc. v. Mathews*, 551 F.2d 340, 345 (D.C. Cir. 1976)). This Court has previously identified several important factors necessary for a plaintiff to establish the "adequacy" prong of class certification. *See* Dkt. 56 at 7-8.

Here, Class Representatives Morrison and Kazmi's interests are not antagonistic to Settlement Class Members' interests. Neither has a close familial relationship to someone affiliated with or employed by Georgetown, and both paid significantly out of pocket to cover the costs of tuition and fees for the Spring 2020 semester. *Id.* at 8; Dkt. No. 59-2 ¶¶ 4, 8; Dkt. No. 59-3 ¶¶ 4 & 8. Furthermore, Class Representatives Morrison and Kazmi have demonstrated their adequacy and commitment to vigorously prosecuting this action by keeping up-to-date with the pending action and taking steps necessary to continue the action by seeking intervention after the Court's decision on class certification. Dkt. Nos. 59-2 ¶¶ 6-9 & 59-3 ¶¶ 6-9. The Class Representatives have incentive to continue to represent the proposed class vigorously as they have a pecuniary interest in the resolution of the case. *See* Ex. A, §§1.32, 2.1, 8.3. Additionally, Class Representatives Morrison and Kazmi have been in regular communication with their counsel about the progress of this case. They have reviewed documents related to the intervention motion and settlement documents including the term sheet and Settlement Agreement. Ex. I ¶¶ 4-6; Ex. J ¶¶ 4-6. Finally, they considered the reasonableness of the proposed settlement on behalf of themselves and the

proposed Settlement Class and find it fair and reasonable. Ex. I ¶ 6; Ex. J ¶ 6.

Likewise, Proposed Class Counsel Leeds Brown Law, P.C. has extensive experience in litigating class actions of similar size, scope, and complexity to the instant action. *See* Tompkins Dec. ¶¶ 21-26. Class Counsel regularly engages in major complex class action litigation, has the resources necessary to conduct litigation of this nature, and has frequently been appointed lead class counsel by courts throughout the country, including in analogous cases. Tompkins Dec. Ex. H (Firm Resume of Leeds Brown, P.C.).

### 2. The Settlement Class Satisfies the Rule 23(b) Requirements

Under Rule 23(b)(3), a class action should be certified when the court finds that common questions of law or fact predominate over individual issues and a class action would be superior to other available methods of fairly and efficiently adjudicating the controversy. Predominance "tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem Prods. Inc. v. Windsor*, 521 U.S. 591, 594, 623 (1997). "There is no definitive test for determining whether common issues predominate, however, in general, predominance is met when there exists generalized evidence which proves or disproves an element on a simultaneous, class-wide basis, since such proof obviates the need to examine each class members' individual position." *Cohen*, 522 F. Supp. 2d at 116 (internal citations omitted).

#### a. Common Issues Predominate Over Any Individual Issues

Rule 23(b)(3)'s predominance requirement focuses on whether the defendant's liability is common enough to be resolved on a class basis, *Dukes*, 564 U.S. at 359, and whether the proposed class is "sufficiently cohesive to warrant adjudication by representation." *Amchem*, 521 U.S. at 623. Here, Georgetown engaged in a common course of conduct applicable to all Settlement Class Members when it transitioned all in-person classes to online classes. Moreover, the central legal

issues presented by this case would predominate over individualized issues and injury can be proven on a classwide basis without conducting individualized inquiries. *See In re Rail Freight Fuel Surcharge Antitrust Litig.* –MDL No. 1869, 725 F.3d 244, 252–53 (D.C. Cir. 2013). For example, all Settlement Class Members would have to address the same core issues of (1) whether a contract existed with Georgetown for in-person educational instruction and service; (2) if such contract did exist, whether Georgetown breached the alleged contract with Class Representatives and Settlement Class Members when Georgetown transitioned to remote educational instruction and closed on-campus services in response to the COVID-19 pandemic during the Spring 2020 semester; and (3) whether there was any difference in value between online distance learning and live in-person instruction. These material issues would be resolved using class-wide proof for the Settlement Class Members and these and other common issues to the class are more substantial than those issues requiring individualized proof.

### b. A Class Action is the Superior Method

Rule 23(b)(3) requires a class action to be "superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b). "The superiority requirement of Rule 23(b) is met when a court determines that a class action is superior to other available means of adjudication." *In Re Vitamins Antitrust Litig.*, 209 F.R.D. 251, 270 (D.D.C. 2002). "The superiority requirement ensures that resolution by class action will 'achieve economies of time, effort, and expense, and promote ... uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable consequences." *Kinard v. East Capitol Family Rental, L.P.*, 331 F.R.D. 206, 215 (D.D.C. 2019) (internal citations omitted).

Here, in light of the common legal and factual questions at issue for all Settlement Class Members and the relatively small amount of damages compared to the enormous investment of

time and money that it will take to litigate them, individual Settlement Class members have a very limited interest in individually controlling the prosecution of this Action and would gain little benefit from initiating separate actions. Individual lawsuits would also needlessly waste judicial resources as each lawsuit would likely involve the same evidence concerning the common issues central to this case. Class certification will permit over 6,000 students to adjudicate their common claims in a single forum simultaneously, effectively, and efficiently without any duplication of effort. Thus, proceeding as a class action is the superior method to fairly and efficiently resolving Proposed Settlement Class Members' claims.

### E. THE COURT SHOULD PRELIMINARILY APPOINT REBEKAH MORRISON AND SEAN KAZMI AS SETTLEMENT CLASS REPRESENTATIVES

Class Representatives Morrison and Kazmi have actively participated in this case and have vigorously represented the interests of the Settlement Class Members. Tompkins Dec. ¶19. Specifically, Class Representatives have provided Proposed Class Counsel with information necessary to draft and file complaints, responded to multiple information requests, and represented the Settlement Class Members in settlement discussions. Moreover, Class Representatives Morrison and Kazmi are adequate class representatives because their interests are not antagonistic to those of the Settlement Class Members. Like members of the Settlement Class, they purchased Georgetown's educational product and seek a refund for educational services allegedly not provided during the Spring 2020 Semester. Accordingly, the Court should preliminarily appoint the Class Representatives Morrison and Kazmi as Settlement Class Representatives.

### F. THE COURT SHOULD APPROVE THE PROPOSED NOTICE PLAN

"Rule 23(e)(1)(B) requires the Court to direct notice in a reasonable manner to all class members who would be bound by a proposed settlement, voluntary dismissal, or compromise." Manual for Complex Litigation, § 21.312. Here, the proposed Notice provides Settlement Class

Members with detailed information about the Settlement, including: (1) a comprehensive summary of the Settlement's terms; (2) Class Counsel's intent to request attorneys' fees, reimbursement of expenses, and service awards for the Class Representatives; and (3) detailed information about the Released Claims. In addition, the Notice provides information about the Fairness Hearing date, the right of Settlement Class Members to seek exclusion from the Class or object to the proposed Settlement (as well as the deadlines and procedure for doing so), and the procedure to receive additional information. *See* Tompkins Dec., Exhibits D-F. In short, the Notice is intended to fully inform Settlement Class Members of the lawsuit, the proposed Settlement, and the information they need to make informed decisions about their rights. The very detailed information in this proposed notice goes well beyond the requirements of the Federal Rules. Indeed, courts have approved class notices even when they provided only general information about a settlement. This information is adequate to put Settlement Class Members on notice of the proposed Settlement and is well within the requirements of Rule 23(c)(2)(B).

## G. THE COURT SHOULD APPOINT PLAINTIFFS' COUNSEL AS CLASS COUNSEL

Fed. R. Civ. P. 23(g) requires the Court to examine the capabilities and resources of counsel to determine whether they will provide adequate representation to the class. Proposed Class Counsel Leeds Brown Law, P.C. have extensive experience litigating class actions of similar size, scope and complexity, and have been appointed class counsel in cases in courts throughout the country, including similar actions. *See Booth v. Molloy College*, Index No. 608750/2020 (Sup. Ct. Nassau Cty Oct. 18, 2023) (Doc. No. 145) (Final Order Approving Settlement); *Porter v. Emerson College*, Case No. 1:20-cv-11897-RWZ (Ma. Dist. Oct. 29, 2022) (ECF No. 87) (Granting Final Approval of the Class Action Settlement); *Qureshi v. American University*, Case No. 1:20-cv-01141 (D.D.C. Jan. 10, 2024) (ECF No. 93); *Arredondo v. The University of La Verne*, Case No.

2:20-cv-07665-MCS-RAO (C.D.Cal. April 14, 2023) (granting final approval of the class action settlement)(ECF No. 191); *Staubus v. Regents of the University of Minnesota*, Case No. 27-cv-20-8546 (Minn. 4th Dist. Aug. 29, 2023) (granting preliminary approval); *Miazza, Gunter v. LSU*, Case No. C-696918 (La. 19th Jud. Dist., May 12, 2023) (appointing Leeds Brown Law, P.C. as "Co-Lead Class Counsel" and noting that "This Court also finds that Plaintiff Gunter is represented by counsel who are experienced in and familiar with class actions generally, as well as uniquely qualified and successful in similar cases on behalf of students in this state and across the country against colleges and universities that closed campus following the outbreak of COVID-19…"). Proposed Class Counsel easily meet the requirements of Rule 23(g). Tompkins Dec. Ex. H (Firm Resume of Leeds Brown Law, P.C.). Moreover, Class Counsel's work in this case on behalf of Class Representatives and the proposed class has been substantial. As such, this Court should not hesitate in appointing Leeds Brown Law, P.C. as Class Counsel.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court enter an order preliminarily approving the proposed Settlement, provisionally certifying the proposed Settlement Class, appointing Plaintiffs as Settlement Class Representatives, and appointing Leeds Brown Law, P.C. as Class Counsel, and then schedule a fairness hearing for the Plaintiffs to seek final approval of the proposed Settlement.


Dated: April 18, 2024                    Respectfully Submitted,

                                         **LEEDS BROWN LAW, P.C.**
                                         */s/ Michael A. Tompkins*
                                         Michael Tompkins*
                                         Anthony Alesandro*
                                         One Old Country Road, Suite 347
                                         Carle Place, NY 11514

Tel: (516) 873-9550
Email: Mtompkins@leedsbrownlaw.com
Email: Aalesandro@leedsbrownlaw.com

*Attorneys for Plaintiffs, Proposed Intervenors &
The Proposed Settlement Class*

*Admitted to Practice *Pro Hac Vice*