UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EMIR GUR-RAVANTAB and EMILY LAMA, individually and on behalf of all others similarly situated,<br><br>     Plaintiffs,<br><br>v.<br><br>GEORGETOWN UNIVERSITY,<br><br>     Defendant. | Civil No. 1:22-cv-01038 |

**[PROPOSED] ORDER GRANTING INTERVENTION OF REBEKAH MORRISON AND SEAN KAZMI FOR SETTLEMENT PURPOSES, PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT, CERTIFYING SETTLEMENT CLASS, APPOINTING CLASS REPRESENTATIVES, APPOINTING CLASS COUNSEL,
AND APPROVING NOTICE PLAN**

  **WHEREAS**, Proposed Intervenors and Class Representatives Rebekah Morrison and Sean Kazmi and Defendant Georgetown University have entered into a Settlement Agreement, which, together with the exhibits attached thereto, sets forth the terms and conditions for a proposed class action settlement and dismissal of the Action with prejudice upon the terms and conditions set forth therein, and the Court having read and considered the Settlement Agreement and exhibits attached thereto;

  This matter coming before the Court upon the agreement of the parties, good cause being shown, and the Court being fully advised in the premises,

  **IT IS HEREBY ORDERED, DECREED, AND ADJUDGED AS FOLLOWS:**

  1. Terms and phrases in this Order shall have the same meaning as ascribed to them in the

Settlement Agreement.

2. The parties have moved the Court for an Order preliminarily approving the settlement of the Action in accordance with the Settlement Agreement, which, together with the documents incorporated therein, sets forth the terms and conditions for a proposed settlement and dismissal of the Action with prejudice, and the Court having read and considered the Settlement Agreement and having heard the parties and being fully advised in the premises, hereby preliminarily approves the Settlement Agreement in its entirety subject to the Final Approval Hearing referred to in Paragraph 5 of this Order.

3. This Court finds that it has jurisdiction over the subject matter of the Action and over all parties to the Action.

4. The Court finds that, subject to the Final Approval Hearing, the Settlement Agreement is fair, reasonable, and adequate, and in the best interests of the Settlement Class set forth below. The Court further finds that the Settlement Agreement substantially fulfills the purposes and objectives of the class action and provides substantial relief to the Settlement Class without the risks, burdens, costs, or delay associated with continued litigation, trial, and/or appeal. The Court also finds, for settlement purposes only, that the Settlement Agreement: (a) is the result of arm's-length negotiations between experienced class action attorneys; (b) is sufficient to warrant notice of the settlement and the Final Approval Hearing to be disseminated to the Settlement Class; (c) meets all applicable requirements of law, including Federal Rule of Civil Procedure 23 and the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715; and (d) is not a finding or admission of liability by Defendant or any other person, nor a finding of the validity of any claims asserted in the Action or of any wrongdoing or any violation of law.

**Final Approval Hearing**

5. The Final Approval Hearing shall be held before this Court on _____, at _____ at the E. Barrett Prettyman Courthouse U.S. District Court for the District of Columbia, 333 Constitution Avenue N.W., Washington D.C. 20001, to determine (a) whether the proposed settlement of the Action on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate and should be given final approval by the Court; (b) whether a judgment and order of dismissal with prejudice should be entered; (c) whether to approve the payment of attorneys' fees, costs, and expenses to Class Counsel; and (d) whether to approve the payment of service awards to the Class Representatives. The Court may adjourn the Final Approval Hearing without further notice to members of the Settlement Class.

6. Class Counsel shall file papers in support of their Fee Award and Class Representatives' service awards (collectively, the "Fee Petition") with the Court on or before _____.

7. Papers in support of final approval of the Settlement Agreement and any supplementation to the Fee Petition shall be filed with the Court on or before _____.

**Certification of the Settlement Class**

8. For purposes of settlement only: (a) Leeds Brown Law, P.C. is appointed Class Counsel for the Settlement Class; and (b) Rebekah Morrison and Sean Kazmi are named Class Representatives. The Court finds that these attorneys are competent and capable of exercising the responsibilities of Class Counsel and that Class Representatives Rebekah Morrison and Sean Kazmi will adequately protect the interests of the Settlement Class defined below.

9. For purposes of settlement only, the Court conditionally certifies the following Settlement Class as defined in the Settlement Agreement:

> "All Georgetown University undergraduate students enrolled during the Spring 2020 Semester for whom any amount of tuition and fees were paid from any source other than a scholarship/grant from Georgetown (*e.g.* the student's own funds, funding from a parent, or other family member, loan, or non-Georgetown scholarship/grant) to any Released Party for

the Spring 2020 Semester, and whose tuition or fees have not been refunded in their entirety prior to this Agreement. For the avoidance of doubt, any students who received full scholarships from Georgetown or otherwise were not obligated to make contributions, payments, or third-party arrangements towards tuition or fees for the Spring 2020 Semester are excluded from the Settlement Class."

10. The Court finds, subject to the Final Approval Hearing referred to in Paragraph 5, that the Settlement Agreement is fundamentally fair, adequate, and reasonable, and, solely within the context of and for the purposes of settlement only, that the Settlement Class satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, specifically, that: the Settlement Class is so numerous that joinder of all members is impracticable; there are questions of fact and law common to the Settlement Class; the claims of the Class Representatives are typical of the claims of the members of the Settlement Class; the Class Representatives and Class Counsel will fairly and adequately protect the interests of the members of the Settlement Class; common questions of law or fact predominate over questions affecting individual members; and a class action is a superior method for fairly and efficiently adjudicating the Actions.

11. If the Settlement Agreement does not receive the Court's final approval, or if final approval is reversed on appeal, or if the Settlement Agreement is terminated or otherwise fails to become effective, the Court's grant of settlement class certification shall be vacated.

**Notice and Administration**

12. The Court approves, as to form, content, and distribution, the Notice Plan set forth in the Settlement Agreement, including all forms of Notice to the Settlement Class as set forth in the Settlement Agreement and Exhibits D-F attached to the Declaration of Michael A. Tompkins, Esq. (the "Notice Forms"). The Notice Plan shall be commenced by _____ as outlined in Section 4, Notice to the Class, of the Settlement Agreement. The Court finds that such Notice is the best notice practicable under the circumstances, and that the Notice complies fully with the

requirements of the Federal Rules of Civil Procedure. The Court also finds that the Notice constitutes valid, due, and sufficient notice to all persons entitled thereto, and meets the requirements of Due Process. The Court further finds that the Notice is reasonably calculated to, under all circumstances, reasonably apprise members of the Settlement Class of the pendency of the Action, the terms of the Settlement Agreement, and the right to object to the Settlement and to exclude themselves from the Settlement Class. In addition, the Court finds that no notice other than that specifically identified in the Settlement Agreement is necessary in this Action. The parties, by agreement and without further Order of the Court, may revise the Notice Forms in ways that are not material, or in ways that are appropriate to update those documents for purposes of accuracy or formatting.

13. Pursuant to Section 4 of the Settlement Agreement, the Settlement Administrator is directed to publish the Notice Forms on the Settlement Website and to send direct notice via U.S. Mail and/or email, in accordance with the Notice Plan called for by the Settlement Agreement. The Settlement Administrator shall also maintain the Settlement Website to provide full information about the Settlement.

14. This Order shall constitute a "judicial order" within the meaning of the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g and 34 C.F.R. § 99.31(a)(9), sufficient to compel Georgetown University to provide Class Members' contact, tuition, fee, and aid information to the Settlement Administrator in accordance with Section 4.1(a) of the Settlement Agreement, and/or to Class Counsel as is necessary in the administration of the Settlement. The Court further rules that the Notice Plan outlined in Section 4.1 of the Settlement Agreement and the Notice Forms constitute a reasonable effort per 34 C.F.R. §§ 99.31(a)(9)(ii) to notify eligible students of this Order sufficiently in advance of disclosure to allow the student an opportunity to seek protective

action, including filing a motion to quash with this Court.

**Requests for Exclusion from the Class**

15. Any person falling within the definition of the Settlement Class may, upon valid and timely request, exclude themselves or "opt out" from the Settlement Class. Any such person may do so if, on or before the Objection/Exclusion Deadline, which the Court orders to be set as 60 days after the Notice Date, they comply with the exclusion procedures set forth in the Settlement Agreement and Notice. Any members of the Settlement Class so excluded shall neither be bound by the terms of the Settlement Agreement nor entitled to any of its benefits.

16. Any members of the Settlement Class who elect to exclude themselves or "opt out" of the Settlement Agreement must file a written request with the Settlement Administrator, received or postmarked no later than the Objection/Exclusion Deadline. The request for exclusion must comply with the exclusion procedures set forth in the Settlement Agreement and Notice and include the Settlement Class Member's name and address, a signature, the name and number of the case (*Gur-Ravantab v. Georgetown University*, Case No. 1:22-cv-01038, in the United States District Court for the District of Columbia) and a statement that he or she wishes to be excluded from the Settlement Class for the purposes of this Settlement. Each request for exclusion must be submitted individually. So called "mass" or "class" opt-outs shall not be allowed.

17. Individuals who opt-out of the Settlement Class relinquish all rights to benefits under the Settlement Agreement and will not release their claims. However, Settlement Class Members who fail to submit a valid and timely request for exclusion shall be bound by all terms of the Settlement Agreement and the Final Judgment, regardless of whether they subsequently requested exclusion from the Settlement Agreement.

**Appearances and Objections**

18. At least twenty-one (21) calendar days before the Final Approval Hearing, any person who falls within the definition of the Settlement Class and who does not request exclusion from the Settlement Class may enter an appearance in the Action, at their own expense, individually or through counsel of their own choice. Any Settlement Class Member who does not enter an appearance will be represented by Class Counsel.

19. Any members of the Settlement Class who have not timely filed a request for exclusion may object to the fairness, reasonableness, or adequacy of the Settlement Agreement or to a Final Judgment being entered dismissing the Action with prejudice in accordance with the terms of the Settlement Agreement, or to the attorneys' fees and expense reimbursement sought by Class Counsel in the amounts specified in the Notice, or to the award to the Class Representatives as set forth in the Notice and Settlement Agreement. At least fourteen (14) days prior to the Objection/Exclusion Deadline, papers supporting the Fee Award shall be filed with the Court and posted to the Settlement Website. Members of the Class may object on their own or may do so through separate counsel at their own expense.

20. To object, members of the Class must sign and file a written objection no later than on or before the Objection/Exclusion Deadline, which the Court orders to be set as 60 days after the Notice Date. To be valid, the objection must comply with the objection procedures set forth in the Settlement Agreement and Notice. Specifically, the objection must include: (1) the objector's name and address; (2) an explanation of the basis upon which the objector claims to be a Settlement Class Member; (3) all grounds for the objection, including all citations to legal authority and evidence supporting the objection; (4) the name and contact information of any and all attorneys representing, advising, or in any way assisting the objector in connection with the preparation or submission of the objection or who may profit from the pursuit of the objection (the "Objecting

Attorneys"); and (5) a statement indicating whether the objector intends to appear at the Final Approval Hearing (either personally or through counsel who files an appearance with the Court in accordance with the Local Rules). If a Settlement Class Member or any of the Objecting Attorneys has objected to any class action settlement where the objector or the Objecting Attorneys asked for or received any payment in exchange for dismissal of the objection, or any related appeal, without any modification to the settlement, then the objection must include a statement identifying each such case by full case caption. Class Counsel and Defendant's Counsel may petition the Court for discovery of any objector to determine whether the objector has standing as a Settlement Class Member.

21. Members of the Class who fail to file and serve timely written objections in compliance with the requirements of this Order and the Settlement Agreement shall be deemed to have waived any objections and shall be foreclosed from making any objections (whether by appeal or otherwise) to the Settlement Agreement or to any of the subjects listed in Paragraph 5, above, i.e. (a) whether the proposed settlement of the Action on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate and should be given final approval by the Court; (b) whether a judgment and order of dismissal with prejudice should be entered in the Action; (c) whether to approve the payment of attorneys' fees and expenses to Class Counsel; and (d) whether to approve the payment of an incentive award to the Class Representatives.

22. To be valid, objections by persons represented by counsel must be filed electronically on the docket. *Pro se* objectors may mail their objections to the Clerk of Court, U.S. District Court for the District of Columbia, 333 Constitution Avenue N.W., Washington D.C. 20001, with a copy also sent to Class Counsel, Michael Tompkins and Anthony Alesandro, Leeds Brown Law, P.C., One Old Country Road, Suite 347, Carle Place, NY 11514, and Defendant's Counsel, Alan

Schoenfeld, Wilmer Cutler Pickering Hale and Dorr LLP, 7 World Trade Center, 250 Greenwich Street, New York, NY 10007.

**Further Matters**

23. All further proceedings in the Action are ordered stayed until Final Judgment or termination of the Settlement Agreement, whichever occurs earlier, except for those matters necessary to obtain and/or effectuate Final Approval of the Settlement Agreement.

24. Members of the Settlement Class shall be bound by all determinations and judgments concerning the Settlement Agreement and Final Approval of same, whether favorable or unfavorable.

25. The Court retains jurisdiction to consider all further applications arising out of or connected with the Settlement Agreement. The Court may approve the Settlement Agreement, with such modifications as may be agreed to by the parties, if appropriate, without further notice to the Settlement Class.

1. Any Settlement Class Member who does not timely and validly request exclusion from the Settlement Class pursuant to Paragraphs 15-17 of this Order: (a) shall be bound by the provisions of the Settlement Agreement and all proceedings, determinations, orders and judgments in the Action relating thereto, including, without limitation, the Final Judgment, and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (b) shall forever be barred and enjoined from directly or indirectly filing, commencing, instituting, prosecuting, maintaining, or intervening in any action, suit, cause of action, arbitration, claim, demand, or other proceeding in any jurisdiction, whether in the United States or elsewhere, on their own behalf or in a representative capacity, that is based upon or arises out of any or all of the Released Claims against any of the Defendant and the other Released Parties, as more fully described in the

Settlement Agreement.

26. Pursuant to this Order, Rebekah Morrison and Sean Kazmi's Motion to Intervene Pursuant to Rule 24 is hereby GRANTED for the purpose of settlement only. Rebekah Morrison and Sean Kazmi are allowed into this Action as Named Plaintiffs and Class Representatives.

27. Pursuant to this Order:

   a. The Notice Plan shall be commenced by _____ (the "Notice Date") as outlined in Section 4 of the Settlement Agreement;

   b. Objections shall be filed in accordance with Paragraphs 18-22 of this Order on or before _____;

   c. Requests for Exclusion shall be submitted in accordance with Paragraphs 15-17 of this Order on or before _____;

   d. Any Election Forms or Claim Forms shall be submitted on or before _____ ("the Claim Deadline");

   e. Class Counsel shall file papers in support of their Fee Award and Class Representatives' Service Awards (collectively, the "Fee Petition") with the Court on or before _____;

   f. Papers in support of final approval of the Settlement Agreement and any responses to objections (if any)/supplementations to the Fee Petition shall be filed with the Court on or before _____;

   g. The Final Approval Hearing shall be held before this Court on _____, at _____ at the U.S. District Court for the District of Columbia, 333 Constitution Avenue N.W., Washington D.C. 20001.

IT IS SO ORDERED, this _____ day of _____, 2024.

                                                  _____
                                                  The Honorable Trevor N. McFadden
                                                  United States District Judge