# Exhibit A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| EMIR GUR-RAVANTAB and EMILY LAMA, individually and on behalf of others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>GEORGETOWN UNIVERSITY,<br><br>*Defendant.* | Case No. 1:22-cv-01038-TNM<br><br>**NOTICE OF MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND INTERVENTION OF REBEKAH MORRISON AND SEAN KAZMI** |

**PLEASE TAKE NOTICE**, that upon the Declaration of Michael A. Tompkins, Esq., the exhibits annexed thereto, and the Memorandum of Law in Support, Proposed Class Representatives Rebekah Morrison and Sean Kazmi, individually and on behalf of others similarly situated, will move this Court before Hon. Trevor N. McFadden, U.S.D.J. at the United States District Court for the District of Columbia, located at 333 Constitution Avenue, N.W. Washington D.C. 20001 for an Order granting (1) Proposed Class Representatives' motion for intervention for the limited purpose of facilitating settlement pursuant to Federal Rule of Civil Procedure 24; and (2) Proposed Class Representatives' motion for preliminary approval of a class action settlement. The latter asks the Court, pursuant to Federal Rule of Civil Procedure Rule 23(e), to: (i) grant preliminary approval of the settlement; (ii) provisionally certify the following proposed settlement class under Federal Rule of Civil Procedure 23(b)(3):

> "All Georgetown University undergraduate students enrolled during the Spring 2020 Semester for whom any amount of tuition and fees were paid from any source other than a scholarship/grant from Georgetown (*e.g.* the student's own funds, funding from a parent or other family member, loan, or non-Georgetown scholarship/grant) to any Released Party for the Spring 2020 Semester, and whose tuition or fees have not been refunded in their entirety prior to the Settlement Agreement. For the avoidance of doubt, any students who received full scholarships from Georgetown or otherwise were not obligated to make contributions, payments,

or third-party arrangements towards tuition or fees for the Spring 2020 Semester are excluded from the Settlement Class."

(iii) appoint Leeds Brown Law, P.C. as Class Counsel; (iv) appoint Rebekah Morrison and Sean Kazmi as Class Representatives for the Settlement Class; (v) approve the Notice Plan for the Settlement described in the Settlement Agreement and Exhibits, as well as the specific Notice of Class Action and Proposed Settlement ( "Proposed Notices"), attached as Exhibits D-F to the Declaration of Michael A. Tompkins, Esq.; and (vi) granting such other, further, or different relief as the Court deems just and proper.

A proposed order is attached to the accompanying Declaration of Michael A. Tompkins, Esq.

Oral argument is requested to the extent desired by the Court.

Date: April 18, 2024
Carle Place, New York

**LEEDS BROWN LAW, P.C.**

 /s/ *Michael A. Tompkins*
Michael A. Tompkins (*pro hac vice*)
One Old Country Road, Suite 347
Carle Place, NY 11514
Tel: (516) 873-9550
Email: mtompkins@leedsbrownlaw.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| EMIR GUR-RAVANTAB and EMILY LAMA, individually and on behalf of all others similarly situated,<br><br>                   Plaintiffs,<br><br>    v.<br><br>GEORGETOWN UNIVERSITY,<br><br>                 Defendant. | Civil No. 1:22-cv-01038 (TNM) |

**DECLARATION OF MICHAEL A. TOMPKINS, ESQ. IN SUPPORT
OF REBEKAH MORRISON AND SEAN KAZMI'S UNOPPOSED MOTION TO
INTERVENE PURSUANT TO RULE 24 AND UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT
PURSUANT TO RULE 23**

Michael A. Tompkins, an attorney admitted to practice *pro hac vice* in this Action, hereby declares upon information and belief under the penalties of perjury that:

1.      I am a partner at the law firm of Leeds Brown Law, P.C. ("LBL"), attorneys for the Named Plaintiffs, Proposed Class Representatives Rebekah Morrison and Sean Kazmi, and the Settlement Class in this action.

2.      I submit this declaration in support of the Unopposed Motion for Preliminary Approval of the Class Action Settlement and Rebekah Morrison and Sean Kazmi's Unopposed Motion for Intervention, pursuant to Federal Rules of Civil Procedure 24, along with accompanying exhibits, including the Proposed Settlement Agreement (**Exhibit A**) and the agreed-upon Proposed Preliminary Approval Order (**Exhibit B**).

1

3. We respectfully request that the Court grant these unopposed motions, authorize the process proposed by the Parties to supply notice to the Class Members, and schedule a Fairness Hearing pursuant to Rule 23 by which this matter can be fully and completely resolved. The Parties have agreed upon a proposed Preliminary Approval Order that is respectfully submitted to the Court for consideration. *See* Ex. B.

## PROCEDURAL HISTORY

4. On April 13, 2022, Plaintiffs Emir Gur-Ravantab and Emily Lama filed the instant action captioned *Gur-Ravantab v. Georgetown University*, Case No. 1:22-cv-01038.

5. Plaintiffs filed an Amended Complaint (ECF 12) on July, 28, 2022 and Defendant filed an answer (ECF 13) on August 18, 2022. Thereafter, the parties engaged in the initial discovery process including appearing before Your Honor regarding bifurcation of discovery and the disclosure of FERPA information on December 14, 2022. The parties entered into a joint discovery scheduling order on December 16, 2022 (ECF 34) and a protective order on March 29, 2023 (ECF 37).

6. Thereafter, the parties conducted intensive fact discovery throughout the litigation, including exchanging and reviewing all information necessary to evaluate the case, including the tuition and fees paid by Georgetown students for the Spring Semester 2020. Specifically, the parties exchanged tens of thousands of documents, written discovery responses, and conducted numerous depositions.

7. After the completion of fact discovery, Plaintiff Emir Gur-Ravantab moved for class certification. The motion was fully briefed on September 1, 2023. The Court rendered its decision on October 5, 2023 denying Plaintiff's motion for class certification.

8.     Thereafter, Rebekah Morrison and Sean Kazmi moved to intervene in the action to be included as Named Plaintiffs and Class Representatives. (ECF 59). That motion was fully briefed on January 2, 2024.

9.     During the pendency of the intervention motion, the parties engaged in settlement negotiations with the aid of experienced neutral and mediator Hon. Suzanne H. Segal (Ret). As a result of those efforts, the parties were able to reach a resolution that is now presented to the court for approval as Ex. A.

10.     Based on the significant discovery that was conducted, the parties were able to sufficiently assess the strengths and weaknesses of their case before resolution.

## SETTLEMENT TERMS

11.     Pursuant to the terms of the proposed Settlement, Settlement Class Members who do not opt-out will automatically receive a pro-rated Cash Award payment from the Settlement Fund after deductions for notice and administration expenses, service awards, and attorneys' fees and costs.

12.     Settlement Class Members will have the ability to opt via an election form to receive their payment by check, Venmo, or PayPal. Settlement Class Members must submit an Election Form no later than sixty (60) days after the Notice Date. In the event a Settlement Class Member does not submit an Election Form, the Settlement Class Member will receive their payment in the form of a check sent to the Settlement Class Member's last known address.

13.     The parties' Settlement for $1.5 million aligns with previous, similar settlements that have been preliminarily and finally approved in the COVD-19 tuition refund context and thus Counsel believes that Settlement Class Members will react favorably to the Settlement. *See, e.g.*, *Metzner v. Quinnipiac Univ.,* No. 3:20-cv-00784-KAD ($2.5MM common fund); *Rosado v. Barry*

*Univ., Inc.*, No. 1:20-cv-21813 (S.D. Fla.) ($2.4MM common fund); *Porter v. Emerson College*, No. 1:20-cv-11897 (D. Mass.) ($2.06MM common fund).

14.     The parties agreed to the terms of the Settlement through experienced counsel who possessed all the information necessary to evaluate the case, determine all the contours of the proposed class, and reach a fair and reasonable compromise after negotiating the terms of the Settlement at arm's length and with the assistance of a neutral mediator.

15.     Apart from the Settlement Agreement itself, there are no additional agreements between the Parties.

16.     Plaintiffs, Class Representatives, and Class Counsel recognize that despite our belief in the strength of the claims and the ability to ultimately secure a favorable judgment at trial, the expense, duration, and complexity of litigation would be substantial and there is no guarantee of a favorable outcome.

17.     Plaintiffs, Class Representatives, and Class Counsel are also mindful that absent a settlement, the success of Defendant's various defenses in this case could deprive Plaintiffs and Settlement Class Members of any potential relief whatsoever. Defendant is represented by highly experienced attorneys who have made clear that, absent a settlement, they are prepared to continue their vigorous defense of this case.

18.     Plaintiffs, Class Representatives, and Class Counsel believe that the relief provided by the Settlement weighs heavily in favor of a finding that the Settlement is fair, reasonable, and adequate.

19.     Throughout the pendency of this action, Plaintiffs Emir Gur-Ravantab and Emily Lama have adequately and vigorously represented their fellow classmates. Additionally, Class Representatives Rebekah Morrison and Sean Kazmi have taken an active role in the litigation to

assure that a settlement was reached and will continue in their role as Class Representatives through the conclusion of the settlement.

20.     I am unaware of any individual actions that have been instituted by Settlement Class Members.

## ADEQUACY OF COUNSEL

21.     LBL has considerable experience litigating class action lawsuits. *See* Ex. A. Leeds Brown has recently settled other college refund lawsuits, with nearly identical claims. *See Arredondo v. Univ. of La Verne*, Case No. 2:20-cv-07665-MCS-RAO (C.D.Cal. April 14, 2023) (granting final approval of the class action settlement) (ECF No. 191); *Porter v. Emerson College*, Case No. 1:20-cv-11897-RWZ (D.Mass. Nov. 27, 2022) (ECF No. 87) (granting final approval of the class action settlement); *Booth v. Molloy College*, Index No. 608750/2020 (Sup. Ct. Nassau Cty. Oct. 18, 2023) (granting final approval of the class action settlement) (Doc. No. 145); *Staubus v. Regents of the Univ. of Minnesota*, Court File NO. 27-cv-20-8546 (Minn. 4th Jud. Dist., Aug. 29, 2023) (same); *see also Qureshi v. American University*, Case No. 1:20-cv-01141-CRC (D.D.C. Jan. 10, 2024) (granting preliminary approval of class action settlement with a fairness hearing scheduled for May 7, 2024) (ECF No. 93); *Kincheloe v. Univ. of Chicago*, Case No. 1:20-cv-3015 (N.D. Ill. Dec. 7, 2023) (granting preliminary approval) (ECF No. 97).

22.     In the college refund litigation context, our firm has been appointed as Class Counsel in several pending actions. *See e.g.*, *Dean v. Maryville Univ. of St. Louis*, Cause No. 20SL-CC02850 (Mo. Cir. Ct., St. Louis Cty. Aug. 8, 2023) (granting class certification with LBL along with co-counsel as Class Counsel on behalf of students enrolled at Maryville during the Spring 2020). In fact, our firm has been recognized for our work in this context. *See Arredonodo v. Univ.*

*of La Verne*, 341 F.R.D. 47 (C.D. Cal. Feb. 8, 2022), in granting class certification[1]:

> Counsel here has done significant work in identifying and investigating potential claims, including bringing a meritorious motion for class certification supported by ample evidence. Counsel also has a wealth of experience handling class actions. [Citing the declaration of Michael A. Tompkins]. The only firm without substantial class action experience, Charon Law, has experienced co-counsel as support… Counsel has demonstrated strong knowledge of the applicable law throughout the briefing process for this class certification motion. And finally, counsel has demonstrated it will commit sufficient resources to represent the class in this heavily litigated case.

23.     In *Miazza, Gunter v. LSU,* Case No. C-696918 (La. 19th Jud. Dist., May 12, 2023), LBL was appointed as "Co-Lead Class Counsel" and the Court noted that "Plaintiff Gunter is represented by counsel who are experienced in and familiar with class actions generally, as well as uniquely qualified and successful in similar cases on behalf of students in this state and across the country against colleges and universities that closed campus following the outbreak of COVID-19… In short, it is clear that proposed class counsel have the experience, resources, and expertise to adequately represent the Class."); *see also Stewart v. Univ. of Maine System*, Civil Action Dkt. CV-20-537 (Sup. Ct. Cumberland Sept. 8, 2023) (noting that "[LBL along with co-counsel] has demonstrable expertise litigating COVID-19 university tuition refund class action lawsuits."); *Booth v. Molloy College*, Index No. 608750/2020 (Sup. Ct. Nassau Cty. Dec. 12, 2022) (granting class certification with Leeds Brown Law appointed as class counsel) (Doc. No. 122); *Staubus v. Regents of the Univ. of Minnesota*, Court File No. 27-cv-20-8546 (Minn. 4th Jud. Dist., Nov. 9, 2022) (same).

24.     Our firm is actively involved in litigation, motion practice, and resolution of several

---

[1] The class definition was modified subsequently to exclude adult education students on different academic schedules, but the *Arredondo* court granted summary judgment on behalf of the class as to issues of liability. *See Arredondo v. Univ. of La Verne*, 618 F.Supp. 3d 937 (C.D. Cal. Aug. 2, 2022).

other similar COVID-19 refund cases across the country and is uniquely suited to understand the risks associated with pursuing these cases through class certification and in trial. *See e.g., Jones v. Adm'rs of the Tulane Educ. Fund*, 51 F.4th 101 (5th Cir. 2022) (reversing and remanding the district court's dismissal of the student's complaint); *Kincheloe v. The Univ. of Chicago*, Case No. 1:20-cv-03015 (N.D.Ill.) (pending final approval and the May 23, 2024 fairness hearing).

25.     In a past decision granting preliminary approval of a class and collective action settlement, the Honorable Alison J. Nathan noted:

> … Leeds Brown Law, P.C. [and co-counsel] are experienced and well-qualified employment and class action lawyers with expertise in prosecuting and settling labor law cases. The substantial work that Plaintiffs' counsel has performed in investigating, litigating and reaching a settlement in this case demonstrates their commitment to the class and representing the class' interests, as well as their general ability to conduct this litigation…As noted above, [co-counsel and] Leeds Brown Law, P.C. have extensive experience in labor law class actions and have devoted considerable time and effort to litigating and settling this action on behalf of the class.

*Tart v. Lions Gate Entm't Corp.*, 2015 U.S. Dist. LEXIS 139266, at *7 (S.D.N.Y Oct. 13, 2015); s*ee also Cohan v. Columbia Sussex Management, LLC*, 2018 U.S. Dist. LEXIS 170192 (E.D.N.Y. Sept. 28, 2018) ("Class counsel [LBL and co-counsel] are well known class action employment lawyers who have extensive experience and special expertise in prosecuting and settling FLSA and NYLL wage and hour cases."); *Varela v. Building Services Industries, LLC*, Index No. 600037/2016 (Sup. Ct. Nassau Cty. June 21, 2018) ("the Court finds that class counsel have established their significant experience prosecuting employment class actions and their work performed in the representing the interests of the class members in this action.").

26.     LBL's other experience is detailed in Exhibit H.

## CONCLUSION

27.     For the foregoing reasons, Plaintiffs respectfully request that the Court enter an

order granting Rebekah Morrison and Sean Kazmi's motion for intervention as Named Plaintiffs for settlement purposes, preliminarily approving the proposed Settlement, provisionally certifying the proposed Settlement Class, appointing Rebekah Morrison and Sean Kazmi as Settlement Class Representatives, and appointing Leeds Brown, P.C. as Class Counsel, and then schedule a fairness hearing for the Plaintiffs to seek final approval of the proposed Settlement after notice is effectuated to Class Members to advise them of their rights and the terms of the proposed Settlement.

## **EXHIBITS**

28.     True and accurate copies of the following exhibits are attached here:

| | |
|---|---|
| **Exhibit A** | Settlement Agreement; |
| **Exhibit B** | [Proposed] Order; |
| **Exhibit C** | Election Form; |
| **Exhibit D** | Notice of Class Action Settlement (E-Mail Version); |
| **Exhibit E** | Notice of Class Action Settlement (Postcard Version); |
| **Exhibit F** | Notice of Class Action Settlement (Website Version); |
| **Exhibit G** | Biography of Hon. Suzanne H. Segal (Ret.); |
| **Exhibit H** | Leeds Brown Law, P.C. Biography; |
| **Exhibit I** | Declaration of Rebekah Morrison; |
| **Exhibit J** | Declaration of Sean Kazmi. |

Dated: Carle Place, New York
     April 18, 2024             **LEEDS BROWN LAW, P.C.**


                         */s/ Michael A. Tompkins*
                         Michael A. Tompkins, Esq.
                         One Old Country Road, Suite 347
                         Carle Place, New York 11514
                         Tel: (516) 873-9550
                         mtompkins@leedsbrownlaw.com


                         *Attorneys for Plaintiffs, Proposed Intervenors & The Proposed Settlement Class*

# Exhibit A

## Settlement Agreement

Vinesign Document ID: F08F945D-AE9F-472F-B3FE-96642B278E3F

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| EMIR GUR-RAVANTAB and EMILY LAMA, individually and on behalf of all others similarly situated,<br><br>          Plaintiffs,<br><br>   v.<br><br>GEORGETOWN UNIVERSITY,<br><br>          Defendant. | Civil No. 1:22-cv-01038 |

## CLASS ACTION SETTLEMENT AGREEMENT

This Agreement ("Agreement" or "Settlement Agreement") is entered into by and among (i) Plaintiffs Emir Gur-Ravantab and Emily Lama and Proposed Intervenors Rebekah Morrison and Sean Kazmi ("Lead Plaintiffs"); (ii) the Settlement Class (as defined herein); and (iii) Defendant Georgetown University ("Defendant" or "Georgetown"). The Settlement Class and Lead Plaintiffs are collectively referred to as the "Plaintiffs" unless otherwise noted. Lead Plaintiffs and the Defendant are collectively referred to herein as the "Parties." This Agreement is intended by the Parties to fully, finally, and forever resolve, discharge, and settle the Released Claims (as defined herein), upon and subject to the terms and conditions of this Agreement, and subject to the final approval of the Court.

## RECITALS

A.    Emir Gur-Ravantab and Emily Lama filed the initial complaint on April 13, 2022. ECF No. 1 in No. 1:22-cv-01038.

B.    On July 28, 2022, Gur-Ravantab and Lama filed their Amended Complaint. ECF No. 12.

C.     On August 18, 2022, Georgetown filed its Answer to the Amended Complaint. ECF No. 13.

D.     Thereafter, the Parties engaged in extensive discovery, including but not limited to the exchange of written discovery and depositions of Gur-Ravantab and Lama, along with corporate designees of Defendant.

E.     On June 26, 2023, Gur-Ravantab filed a Motion for Class Certification.  ECF No. 41.

F.     On October 5, 2023, the Court Denied the Motion for Class Certification.  ECF No. 56.

G.     On November 27, 2023, Proposed Intervenors Morrison and Kazmi filed a Motion to Intervene and Plaintiffs Gur-Ravantab and Lama filed a Motion to Amend the Class Action Complaint.  ECF No. 59.

H.     Thereafter, Lead Plaintiffs and Defendant agreed participate in settlement conversations with the aid of Magistrate Judge Suzanne H. Segal (Ret.) of Signature Resolution.

I.     Over the course of several weeks, Lead Plaintiffs and Defendant engaged in negotiations through Judge Segal and ultimately reached an agreement on a class action settlement.

J.     Lead Plaintiffs and Defendant executed a term sheet encompassing the material terms of a class action settlement on March 1, 2024.

K.     At all times, Defendant has denied and continues to deny any wrongdoing whatsoever and has denied and continues to deny that it committed, threatened, or attempted to commit, any wrongful act or violation of law or duty alleged in the Action (defined below). Defendant believes that it would have prevailed on any appeal of the class certification decision, its opposition to the intervention and amendment motion, at summary judgment, and/or at trial. Nonetheless, taking into account the uncertainty and risks inherent in any litigation and the desire

to avoid the expenditure of further legal fees and costs, Defendant has concluded it is desirable and beneficial that the Action be fully and finally settled and terminated in the manner and upon the terms and conditions set forth in this Agreement. This Agreement is a compromise, and the Agreement, any related documents, and any negotiations resulting in it shall not be construed as or deemed to be evidence of or an admission or concession of liability or wrongdoing on the part of Defendant, or any of the Released Parties (defined below), with respect to any claim of any fault or liability or wrongdoing or damage whatsoever or with respect to the certifiability of a litigation class.

L.      Lead Plaintiffs believe that the claims asserted in the Action against Defendant have merit and that they would have prevailed on appeal of the class certification decision, the intervention motion, summary judgment, and/or trial. Nonetheless, Lead Plaintiffs and Class Counsel (defined herein) recognize that Defendant has raised factual and legal defenses that present risk. Lead Plaintiffs and Class Counsel also recognize the expense and delay associated with continued prosecution of the Action against Defendant through class certification, summary judgment, trial, and any subsequent appeals. Lead Plaintiffs and Class Counsel also have taken into account the uncertain outcome and risks of litigation, especially in complex class actions, as well as the burdens inherent in such litigation. Therefore, Lead Plaintiffs believe it is desirable that the Released Claims (defined below) be fully and finally compromised, settled, and resolved with prejudice. Based on its evaluation, Class Counsel has concluded that the terms and conditions of this Agreement are fair, reasonable, and adequate to the Settlement Class, and that it is in the best interests of the Settlement Class to settle the claims raised in the Action pursuant to the terms and provisions of this Agreement.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among Lead Plaintiffs, the Settlement Class, and Defendant, by and through undersigned counsel that,

3

subject to final approval of the Court after a hearing or hearings as provided for in this Settlement Agreement, in consideration of the benefits flowing to the Parties from the Agreement set forth herein, the Action and the Released Claims shall be finally and fully compromised, settled, and released, and the Action shall be dismissed with prejudice, upon and subject to the terms and conditions of this Agreement.

## AGREEMENT

### 1.    DEFINITIONS.

As used in this Settlement Agreement, the following terms have the meanings specified below:

**1.1**    **"Action"** means *Gur-Ravantab v. Georgetown University*, No. 1:22-cv-01038, pending in the United States District Court for the District of Columbia.

**1.2**    **"Alternate Judgment"** means a form of final judgment that may be entered by the Court herein but in a form other than the form of Judgment provided for in this Agreement and where none of the Parties elects to terminate this Settlement Agreement by reason of such variance.

**1.3**    **"Cash Award"** means the cash compensation, payable by the Settlement Administrator from the Settlement Fund, that each Settlement Class Member who has not opted-out of the Settlement shall be entitled to receive as calculated from the Available Settlement Fund.

**1.4**    **"Class Counsel"** means Leeds Brown Law, P.C.

**1.5**    **"Court"** means the United States District Court for the District of Columbia, the Honorable Trevor N. McFadden presiding, or any judge who shall succeed him as the Judge in this Action.

**1.6**    **"Defendant"** means Georgetown University.

**1.7**    **"Defendant's Counsel"** means Wilmer Cutler Pickering Hale and Dorr LLP.

4

1.8 **"Effective Date"** means the date ten (10) days after which all of the events and conditions specified in Paragraph 9.1 have been met and have occurred.

1.9 **"Election Form"** means the form by which Settlement Class Members shall make their selection identifying whether they elect to receive their Cash Award by check, Venmo, or PayPal. The Election Form will be available on the Settlement Website, accessible electronically only by use of the Settlement Class Member's PIN described in Section 4 together with the Settlement Class Member's last name and zip code, and will be substantially in the form of Exhibit A, hereto. A hard copy Election Form may be obtained from the Settlement Administrator. Settlement Class Members must submit an Election Form no later than sixty (60) days after the Notice Date. In the event a Settlement Class Member does not submit an Election Form, the Settlement Class Member will receive a Cash Award in the form of a check sent to the Settlement Class Member's last known address.

1.10 **"Escrow Account"** means the separate, interest-bearing escrow account to be established by the Settlement Administrator under terms acceptable to all Parties at a depository institution insured by the Federal Deposit Insurance Corporation. The Settlement Fund shall be deposited by Defendant into the Escrow Account in accordance with the terms of this Agreement and the money in the Escrow Account shall be invested in the following types of accounts and/or instruments and no other: (i) demand deposit accounts and/or (ii) time deposit accounts and certificates of deposit, in either case with maturities of forty-five (45) days or less. The costs of establishing and maintaining the Escrow Account shall be paid from the Settlement Fund.

1.11 **"Fee Award"** means the amount of attorneys' fees and reimbursement of expenses awarded by the Court to Class Counsel, which will be paid out of the Settlement Fund.

1.12    **"Final Approval Hearing"** means the hearing before the Court where the Parties will request the Final Judgment to be entered by the Court approving the Settlement Agreement, the Fee Award, and the service awards to the Lead Plaintiffs.

1.13    **"Final Judgment"** means the Final Judgment and Order to be entered by the Court approving the Agreement after the Final Approval Hearing.

1.14    **"Final," as used in "Final Judgment,"** means one business day following the latest of the following events: (i) the date upon which the time expires for filing or noticing any appeal of the Court's Final Judgment approving the Settlement Agreement; (ii) if there is an appeal or appeals, the date of completion, in a manner that finally affirms and leaves in place the Final Judgment without any material modification, of all proceedings arising out of the appeal or appeals (including, but not limited to, the expiration of all deadlines for motions for reconsideration or petitions for review and/or certiorari, all proceedings ordered on remand, and all proceedings arising out of any subsequent appeal or appeals following decisions on remand); or (iii) the date of final dismissal of any appeal or the final dismissal of any proceeding on certiorari.

1.15    **"Lead Plaintiffs"** means Plaintiffs Emir Gur-Ravantab and Emily Lama and Proposed Intervenors Rebekah Morrison and Sean Kazmi.

1.16    **"Notice"** means the notice of this proposed Class Action Settlement Agreement and Final Approval Hearing, which is to be made to the Settlement Class substantially in the manner set forth in this Agreement as described in Paragraphs 4.1 and 4.2 below, to be approved by the Court, and consistent with the requirements of Due Process, Rule 23, and substantially in the form of Exhibits B, C, and D hereto.

1.17    **"Notice Date"** means the date by which the Notice set forth in Paragraph 4.1 is complete, which shall be no later than twenty-eight (28) days after Preliminary Approval.

1.18    **"Objection/Exclusion Deadline"** means the date by which a written objection to this Settlement Agreement or a request for exclusion submitted by a Person in the Settlement Class must be made, which shall be designated as a date stated in the Notice and no earlier than sixty (60) days after the Notice Date, or such other date as ordered by the Court. Class Counsel shall file papers supporting the Fee Award with the Court and post them to the settlement website listed in Paragraph 4.1(d) no later than fourteen (14) days before the Notice Date.

1.19    **"Person"** shall mean, without limitation, any individual, corporation, partnership, limited partnership, limited liability company, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assigns. "Person" is not intended to include any governmental agencies or governmental actors, including, without limitation, any state Attorney General office.

1.20    **"Plaintiffs"** means Lead Plaintiffs and the Settlement Class Members.

1.21    **"Preliminary Approval"** means the Court's preliminary approval of this Settlement Agreement, and approval of the form and manner of the Notice.

1.22    **"Preliminary Approval Order"** means the Order preliminarily approving the Settlement Agreement and directing notice thereof to the Settlement Class. A proposed order will be agreed upon by the Parties and submitted to the Court in conjunction with Plaintiffs' motion for preliminary approval of the Agreement.

1.23    **"Released Claims"** means any and all causes of action, suits, claims, liens, demands, judgments, costs, damages, obligations, and all other legal responsibilities in any form or nature, including but not limited to, all claims relating to or arising out of any state, local, or federal statute, ordinance, regulation, or claim at common law or in equity, whether past, present, or future, known or unknown, asserted or unasserted, arising out of or in any way allegedly related

7

to tuition, fees, and/or costs paid or incurred by or on behalf of any Settlement Class Member, to any Released Party, in connection with the Spring 2020 Semester, including but not limited to all claims that were brought or could have been brought in the Action.

1.24 **"Released Parties"** means Georgetown University, as well as any and all of Defendant's current, former, and future predecessors, successors, affiliates, assigns, divisions, or related corporate entities, and all of its respective current, future, and former employees, staff, officers, directors, students, assigns, agents, trustees, administrators, executors, insurers, and attorneys (whether in their official or individual capacities). Each of the Released Parties is a "Released Party."

1.25 **"Settlement"** means the settlement described in this Agreement.

1.26 **"Releasing Parties"** means Plaintiffs, including Gur-Ravantab and Lama, Settlement Class Members, and all of their respective present or past heirs, executors, parents, family members, lenders, funders, payors (i.e., any Person who paid or incurred tuition, fees, and/or costs by or on behalf of any Plaintiff or Settlement Class Member, to any Released Party, in connection with the Spring 2020 Semester), estates, administrators, predecessors, successors, assigns, parent companies, subsidiaries, associates, affiliates, employers, employees, agents, consultants, independent contractors, insurers, directors, managing directors, officers, partners, principals, members, attorneys, accountants, financial and other advisors, underwriters, shareholders, lenders, auditors, investment advisors, legal representatives, successors in interest, assigns and companies, firms, trusts, limited liability companies, partnerships, and corporations.

1.27 **"Settlement Administration Expenses"** means all fees charged by the Settlement Administrator and expenses incurred by the Settlement Administrator in connection with its administration of this Settlement, including but not limited to fees and expenses incurred in providing Notice, responding to inquiries from Settlement Class Members, ascertaining amounts

of and paying Cash Awards from the Settlement Fund, handling any unclaimed funds, paying taxes and tax expenses related to the Settlement Fund (including all federal, state, or local taxes of any kind and interest or penalties thereon, as well as expenses incurred in connection with determining the amount of and paying any taxes owed and expenses related to any tax attorneys and accountants), and related services.

1.28    **"Settlement Administrator"** means a reputable and qualified administration company, e.g., CPT Group, Apex Class Action, AB Data, or other administrator, that has been selected jointly by the Parties or approved by the Court to perform the duties set forth in this Agreement, including but not limited to serving as Escrow Agent for the Settlement Fund, overseeing the distribution of Notice, handing all approved payments out of the Settlement Fund, and handling the determination, payment, and filing of forms related to all federal, state, and/or local taxes of any kind (including any interest or penalties thereon) that may be owed on any income earned by the Settlement Fund.  Class Counsel's assent to this Agreement shall constitute consent on behalf of each and every Settlement Class Member as defined herein to disclose to Class Counsel, Defendant's Counsel, and the Settlement Administrator all information required by the Settlement Administrator to perform the duties and functions ascribed to it herein, consistent with the written consent provisions of the Federal Educational Rights and Privacy Act, 20 U.S.C. § 1232g.

1.29    **"Settlement Class"** means all Georgetown undergraduate students enrolled during the Spring 2020 semester for whom any amount of tuition and fees were paid from any source other than a scholarship/grant from Georgetown (e.g., the student's own funds, funding from a parent or other family member, loan, or non-Georgetown scholarship/grant) to any Released Party for the Spring 2020 Semester, and whose tuition or fees have not been refunded in their entirety prior to this Agreement.  For the avoidance of doubt, any students who received full scholarships

from Georgetown or otherwise were not obligated to make contributions, payments, or third-party arrangements towards tuition or fees for the Spring 2020 Semester are excluded from the Settlement Class.

      **1.30**    Excluded from the Settlement Class are (1) any Judge or Magistrate Judge presiding over this Action and members of their families; (2) Defendant; (3) Persons who properly execute and file a timely request for exclusion from the Settlement Class; (4) the legal representatives, successors, or assigns of any such excluded Persons; and (5) students who received full scholarships from Georgetown or otherwise were not obligated to make contributions, payments, or third-party arrangements towards tuition, fees, and/or costs for the Spring 2020 Semester.

      **1.31**    **"Settlement Class Member"** means a Person who falls within the definition of the Settlement Class as set forth above and who has not been excluded from the Settlement Class.

      **1.32**    **"Settlement Fund"** means the non-reversionary fund that shall be established by or on behalf of Defendant in the total amount of one million five hundred thousand dollars ($1,500,000.00 USD) to be deposited into the Escrow Account, according to the schedule set forth herein, plus all interest earned thereon.  From the Settlement Fund, the Settlement Administrator shall pay all Cash Awards to Settlement Class Members, Settlement Administration Expenses, any service awards to the Lead Plaintiffs, any Fee Award to Class Counsel, and any other costs, fees or expenses approved by the Court.  The "**Available Settlement Fund**" is the amount remaining in the Settlement Fund after payment of a Fee Award to Class Counsel, Settlement Administration Expenses (including an allowance for anticipated fees and expenses to be incurred after issuance of Cash Awards), any service awards to the Lead Plaintiffs, and any other costs, fees or expenses approved by the Court.  The Settlement Fund shall be kept in the Escrow Account with permissions granted to the Settlement Administrator to access said funds until such time as the listed payments are made.  The Settlement Fund includes all interest that shall accrue on the sums deposited in the

Escrow Account.  The Settlement Administrator shall be responsible for all tax filings with respect to any earnings on the Settlement Fund and the payment of all taxes that may be due on such earnings.  The Settlement Fund represents the total extent of Defendant's monetary obligations under this Agreement.  The payment of the sums into the Settlement Fund by Defendant fully discharges all of the Defendant's and the other Released Parties' financial obligations (if any) in connection with the Settlement, meaning that no Released Party shall have any other obligation to make any payment into the Escrow Account or to any Settlement Class Member, or any other Person, under this Agreement.  In no event shall Defendant's total monetary obligation with respect to this Agreement exceed one million five hundred thousand dollars ($1,500,000.00 USD), and in no event shall the Settlement Fund or any portion thereof revert to Defendant (except that unclaimed funds may be deposited into a student assistance fund as provided for in Paragraph 2.1(d)).

    **1.33**  **"Spring 2020 Semester"** means the Spring 2020 academic semester at Georgetown.

    **1.34**  **"Unknown Claims"** means claims that could have been raised in the Action and that any or all of the Releasing Parties do not know or suspect to exist, which, if known, might affect the agreement to release the Released Parties or the Released Claims or might affect the decision to agree, object, or not object to the Settlement.  Upon the Effective Date, the Releasing Parties shall be deemed to have, and shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights, and benefits of § 1542 of the California Civil Code, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASEAND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

11

Upon the Effective Date, the Releasing Parties also shall be deemed to have, and shall have, waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, or the law of any jurisdiction outside of the United States, which is similar, comparable or equivalent to § 1542 of the California Civil Code. The Releasing Parties acknowledge that they may discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of this release, but that it is their intention to finally and forever settle and release the Released Claims, notwithstanding any Unknown Claims they may have, as that term is defined in this paragraph.

2.      **SETTLEMENT RELIEF.**

    2.1      **Payments to Settlement Class Members.**

        **(a)**      Defendant shall pay or cause to be paid into the Escrow Account the amount of the Settlement Fund ($1,500,000.00), specified in Paragraph 1.12 of this Agreement, within fourteen (14) business days after the Effective Date, less any amounts already paid in advance to the Settlement Administrator for the costs related to effectuating Notice.

        **(b)**      Each Settlement Class Member will receive a prorated Cash Award from the Available Settlement Fund. The prorated payment for each Settlement Class Member will be based on a percentage of tuition and fees paid to Georgetown University for the Spring 2020 Semester. Specifically, Settlement Class Members shall receive a proportionate and prorated distribution of proceeds based on the amount of tuition and fees they paid for the Spring 2020 semester, taking into account any Georgetown-funded amounts that did not require repayment, as determined by the Settlement Administrator based on the Class List to be provided by Defendant. The Notice will give Settlement Class Members the ability to opt via an Election Form to receive a Cash Award by check, Venmo, or PayPal. Settlement Class Members must submit an Election Form no later than sixty (60) days after the Notice Date. In the event a Settlement Class Member

does not submit an Election Form, the Settlement Class Member will receive a Cash Award in the form of a check sent to the Settlement Class Member's last known address. Only a Settlement Class Member is entitled to a Cash Award under this Settlement. Any Releasing Party who paid Georgetown tuition or fees on behalf of a Settlement Class Member and believes he, she, or it is entitled to any or all of the Cash Award may attempt to pursue in a separate proceeding any claim he, she, or it may have (if any) against the Settlement Class Member for those funds, but may not seek to recover that amount through this Settlement or in this Action.

(c)     Payments to all Settlement Class Members shall be made by the Settlement Administrator within sixty (60) days after the Effective Date.

(d)     All Cash Awards issued to Settlement Class Members via check will state on the face of the check that it will expire and become null and void unless cashed within one hundred eighty (180) days after the date of issuance. To the extent that a check issued to a Settlement Class Member is returned to the Settlement Administrator as undeliverable or not cashed within one hundred eighty (180) days after the date of issuance, or to the extent there are any remaining funds in the Settlement Fund after distribution of all Cash Awards and Settlement Administration Expenses, such funds shall be paid by the Settlement Administrator within sixty (60) days after the one hundred eighty (180) day period has expired. The Parties agree that the uncashed amounts should be given to a general scholarship fund at Georgetown University. Amounts deposited in any student assistance fund will not otherwise reduce or offset Georgetown's planned assistance to students.

3.      **RELEASE.**

3.1     The obligations incurred pursuant to this Settlement Agreement shall be a full and final disposition of the Action and any and all Released Claims, as against all Released Parties.

**3.2**    Upon the Effective Date, the Releasing Parties, and each of them, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Parties, and each of them.

## 4.    NOTICE TO THE CLASS.

**4.1**    The Notice Plan shall consist of the following:

**(a)**    *Settlement Class List*.  No later than seven (7) days from the entry of the Preliminary Approval Order, Georgetown shall use reasonable efforts to produce an electronic list from its records that includes, to the extent available, the names, last known postal addresses, and email addresses of Persons within the Settlement Class, as well as the amount of Georgetown tuition charged to them in the Spring 2020 semester, the amount of Georgetown fees charged to them in the Spring 2020 semester, and the amount of any Georgetown scholarships/grants provided to them in the Spring 2020 semester.  This electronic document shall be called the "Class List," and shall be provided to the Settlement Administrator for the purpose of effectuating Notice to the Settlement Class Members and for calculating the Cash Awards to Settlement Class Members and shall not be used for any other purpose.  For purposes of identifying and communicating with individual Settlement Class Members, the Settlement Administrator shall assign each person on the Settlement Class List a personal identification number.

**(b)**    *Direct Notice via Email.*  No later than twenty-one (21) days from entry of the Preliminary Approval Order, the Settlement Administrator shall send Notice via email substantially in the form attached as Exhibit B to all Settlement Class Members for whom a valid email address is in the Class List.  In the event transmission of email Notice results in any "bounce-backs," the Settlement Administrator shall, if possible, correct any issues that may have caused the "bounce-back" to occur and make a second attempt to re-send the email Notice.

**(c)** *Direct Notice via U.S. Mail.* No later than the twenty-eight (28) days from entry of the Preliminary Approval Order, the Settlement Administrator shall send Notice substantially in the form attached as Exhibit C via First Class U.S. Mail to all Settlement Class Members for whom Georgetown was unable to provide an email address, or for whom the email Notice "bounced back" and the Settlement Administrator was unable to successfully re-send the email, as described in Paragraph 4.1(b), above. The Settlement Administrator may perform skip traces and remailings for any Notice that was undeliverable or returned, and shall maintain records of remailings, returns, or undeliverables, and provide weekly reports to Class Counsel and Defendant's Counsel via email on the same.

**(d)** *Settlement Website.* Within ten (10) days from entry of the Preliminary Approval Order, Notice shall be provided on a website at an available settlement URL (such as, for example, www.georgetownunivsettlement.com) which shall be obtained, administered, and maintained by the Settlement Administrator and which shall provide Settlement Class Members with ability to submit Election Forms and to update their mailing addresses. Copies of this Settlement Agreement, the long-form Notice, the operative complaint, the motions for preliminary and final approval, and other pertinent documents and Court filings and orders pertaining to the Settlement (including the Motion for Fee Award upon its filing), shall be provided on the Settlement Website. The Notice provided on the Settlement Website shall be substantially in the form of Exhibit D hereto.

**(e)** *Additional Notice.* If the Notice Plan described in the preceding paragraphs does not achieve a minimum level of 75% reach, or is not approved by the Court, Lead Plaintiffs and Defendant, in conjunction with the Settlement Administrator and/or via recommendation from Judge Segal, shall develop and seek approval by the Court of such supplemental notice as is necessary to achieve a minimum level of 75% reach or satisfy the Court that all requirements

are satisfied. Any additional notice, if necessary, shall be funded from the Settlement Fund with no additional financial contribution by Defendant.

(f)     *CAFA Notice.* Pursuant to 28 U.S.C. § 1715, not later than ten (10) days after the Agreement is filed with the Court, the Settlement Administrator, on behalf of Defendant, shall cause to be served upon the Attorneys General of each U.S. State or territory in which, based on a preliminary Class List, Settlement Class Members reside, and the Attorney General of the United States, notice of the proposed settlement as required by law.

4.2     The Notice shall advise the Settlement Class Members of their rights, including the right to be excluded from, comment upon, and/or object to the Settlement Agreement or any of its terms. The Notice shall specify that any objection to the Settlement Agreement, and any papers submitted in support of said objection, shall be considered by the Court at the Final Approval Hearing only if, on or before the Objection/Exclusion Deadline approved by the Court and specified in the Notice, the Person making the objection files notice of an intention to do so and at the same time (a) files copies of such papers he or she proposes to be submitted at the Final Approval Hearing with the Clerk of the Court, or alternatively, if the objection is from a Class Member represented by counsel, files any objection through the Court's CM/ECF system, and (b) sends copies of such papers by mail, hand, or overnight delivery service (or by operation of the Court's CM/ECF system) to Class Counsel and Defendant's Counsel.

4.3     Any Settlement Class Member who intends to object to this Agreement must file the objection with the Court, which must be personally signed by the objector, and must include: (1) the objector's name and address; (2) an explanation of the basis upon which the objector claims to be a Settlement Class Member; (3) all grounds for the objection, including all citations to legal authority and evidence supporting the objection; (4) the name and contact information of any and all attorneys representing, advising, or in any way assisting the objector in connection with the

16

preparation and/or submission of the objection and/or who may profit from the pursuit of the objection (the "Objecting Attorneys"); and (5) a statement indicating whether the objector intends to appear at the Final Approval Hearing (either personally or through counsel who files an appearance with the Court in accordance with the Local Rules). Settlement Class Members who file objections are still entitled to receive benefits under the Settlement and are bound by the Settlement if it is approved.

4.4    If a Settlement Class Member or any of the Objecting Attorneys has objected to any class action settlement where the objector or the Objecting Attorneys asked for or received any payment in exchange for dismissal of the objection, or any related appeal, without any modification to the settlement, then the objection must include a statement identifying each such case by full case caption and amount of payment received.

4.5    A Person in the Settlement Class may request to be excluded from the Settlement Class (also known as a request to "opt out") by sending a written request postmarked on or before the Objection/Exclusion Deadline approved by the Court and specified in the Notice. To exercise the right to be excluded, a Person in the Settlement Class must timely send a written request for exclusion to the Settlement Administrator providing his/her name and address, a signature, the name and number of the case (*Gur-Ravantab, et al. v. Georgetown University*, Case No. 1:22-cv-01038, in the United States District Court for the District of Columbia), and a statement that he or she wishes to be excluded from the Settlement Class for purposes of this Settlement. A request to be excluded that does not include all of this information, or that is sent to an address other than that designated in the Notice, or that is not postmarked within the time specified, shall be invalid, and the Person(s) serving such a request shall be a member(s) of the Settlement Class and shall be bound as a Settlement Class Member by this Agreement, if approved. Any Person in the Settlement Class who validly elects to be excluded from this Agreement shall not: (i) be bound by

any orders in the Action or the Final Judgment; (ii) be entitled to relief under this Settlement Agreement; (iii) gain any rights by virtue of this Agreement; or (iv) be entitled to object to any aspect of this Agreement.  The request for exclusion must be personally signed by each Person requesting exclusion.  So-called "mass" or "class" opt-outs shall not be allowed.  To be valid, a request for exclusion must be postmarked or received by the date specified in the Notice.  A Settlement Class Member is not entitled to submit both an opt-out request and an objection.  If a Settlement Class Member submits both an opt-out request and an objection, the Settlement Administrator will send a letter (and email if an email address is available) explaining that the Settlement Class Member may not make both of these requests, and asking the Settlement Class Member to make a final decision as to whether to opt out or object and inform the Settlement Administrator of that decision within 10 days from the date when the letter from the Settlement Administrator is postmarked.   If the Settlement Class Member does not respond to that communication by letter postmarked or email sent within 10 days after the Settlement Administrator's letter was postmarked (or by the objection deadline, whichever is later), the Person in the Settlement Class will be treated as having opted out of the Settlement Class, and the objection will not be considered, subject to the Court's discretion.  A list of Persons in the Settlement Class who have opted out shall be provided to and approved by the Court in connection with the motion for final approval of the Settlement.

**4.6**    The Final Approval Hearing shall be no earlier than ninety (90) days after the Notice Date.

**4.7**    Any Settlement Class Member who does not, in accordance with the terms and conditions of this Agreement, seek exclusion from the Settlement Class will be bound by all of the terms of this Agreement, including the terms of the Final Judgment to be entered in the Action and

the Releases provided for in the Agreement, and will be barred from bringing any action against any of the Released Parties concerning the Released Claims.

## 5.     SETTLEMENT ADMINISTRATION.

**5.1**     The Settlement Administrator shall, under the supervision of the Court, administer the relief provided by this Settlement Agreement in a rational, responsive, cost effective, and timely manner.  The Settlement Administrator shall maintain reasonably detailed records of its activities under this Agreement.  The Settlement Administrator shall maintain all such records as are required by applicable law in accordance with its normal business practices and such records will be made available to Class Counsel and Defendant's Counsel upon request.  The Settlement Administrator shall also provide reports and other information to the Court as the Court may require.  The Settlement Administrator shall provide Class Counsel and Defendant's Counsel with regular reports at weekly intervals containing information concerning Notice, administration, and implementation of the Settlement Agreement.   Should the Court request, Class Counsel and Defendant's Counsel shall submit a timely report to the Court summarizing the work performed by the Settlement Administrator, including a report of all amounts from the Settlement Fund paid to Settlement Class Members.  Without limiting the foregoing, the Settlement Administrator shall:

**(a)**     Provide Class Counsel and Defendant's Counsel with drafts of all administration-related documents, including but not limited to Notices to Attorneys General, class Notices, and standardized communications with Settlement Class Members including telephone scripts and website postings.   Such drafts must be provided at least five (5) days before the Settlement Administrator is required to or intends to publish or use them, unless Class Counsel and Defendant's Counsel agree to waive this requirement in writing on a case-by-case basis; and

**(b)**     Receive objections and requests (including requests to be excluded from the Settlement Class) and promptly provide copies to Class Counsel and Defendant's Counsel.  The

Settlement Administrator must promptly provide the aforementioned copies regardless of whether the applicable submission deadline has passed.

5.2     In the exercise of its duties outlined in this Agreement, the Settlement Administrator shall have the right to reasonably request additional information from Class Counsel, Defendant's Counsel, or any Settlement Class Member.

5.3     Defendant, the Released Parties, and Defendant's Counsel shall have no responsibility for, interest in, or liability whatsoever with respect to: (i) any act, omission, or determination by Class Counsel, or the Settlement Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; (ii) the management, investment, or distribution of the Settlement Fund; (iii) the allocation of Settlement Funds to Settlement Class Members or the implementation, administration, or interpretation thereof; (iv) the determination, administration, calculation, or payment of any claims asserted against the Settlement Fund; (v) any losses suffered by, or fluctuations in value of, the Settlement Fund; or (vi) the payment or withholding of any taxes, tax expenses, or costs incurred in connection with the taxation of the Settlement Fund or the filing of any federal, state, or local returns.

5.4     The Parties agree that the Settlement Fund is intended to be a "Qualified Settlement Fund" within the meaning of Treasury Regulation Section 1.468B-1 and that the Settlement Administrator as administrator of the Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3) shall be solely responsible for filing tax returns for the Settlement Fund and paying from the Settlement Fund any taxes owed with respect to the Settlement Fund, without further order of the Court.  In addition, Class Counsel shall timely make, or cause to be made, such elections as necessary or advisable to carry out the provisions of this paragraph, including the "relation-back election" (as defined in Treas. Reg. § 1.468B-1) back to the earliest permitted date.  Such election shall be made in compliance with the procedures and requirements

contained in such regulations.  Defendant, the Released Parties, and Defendant's Counsel shall have no liability or responsibility of any sort for filing any tax returns or paying any taxes with respect to the Settlement Fund.

**6. TERMINATION OF SETTLEMENT.**

6.1     Subject to Paragraphs 9.1-9.3 below, Defendant or the Lead Plaintiffs on behalf of the Settlement Class may terminate this Agreement by providing written notice of the election to do so ("Termination Notice") to all other signatories hereto within twenty-one (21) days after the following events: (1) the Resolution Session as defined below, and (2) one of the following: (i) the Court's refusal to grant Preliminary Approval of this Agreement in any material respect; (ii) the Court's refusal to grant final approval of this Agreement in any material respect; (iii) the Court's refusal to enter the Final Judgment in this Action in any material respect; (iv) the date upon which the Final Judgment is modified or reversed in any material respect by the United States Court of Appeals for the District of Columbia Circuit or the Supreme Court of the United States; or (v) the date upon which an Alternate Judgment, as defined in Paragraph 1.2 of this Agreement, is modified or reversed in any material respect by the United States Court of Appeals for the District of Columbia Circuit or the United States Supreme Court.  Before Defendant or any Lead Plaintiffs invoke this paragraph and termination, the Defendant and Lead Plaintiffs shall convene a remote settlement conference with Judge Segal to reconcile and attempt to resolve any issues that led to denial or refusal as set forth above ("Resolution Session").  In lieu of termination, if Defendant and Lead Plaintiffs are in agreement, they may collectively seek reconsideration or renewal of any application to effectuate and fulfill the intent to resolve this action in accordance with the terms of this Agreement.

6.2     In the event that more than 5% of the Settlement Class Members exercise their right to opt-out of the settlement, Defendant will have the right to declare the settlement void in its

entirety upon notice to Class Counsel within ten (10) days of the Settlement Administrator providing a report showing that more than 5% of Settlement Class Members have opted-out of the settlement.

## 7. PRELIMINARY APPROVAL ORDER AND FINAL APPROVAL ORDER.

**7.1** Within fourteen (14) days after the execution of this Settlement Agreement, Class Counsel shall submit this Agreement together with its Exhibits to the Court and shall move the Court for Preliminary Approval of the settlement set forth in this Agreement; certification of the Settlement Class for settlement purposes only; appointment of Class Counsel, the Class Representatives and the Settlement Administrator; and entry of a Preliminary Approval Order, which order shall set a Final Approval Hearing date and approve the Notice for dissemination substantially in the form of Exhibits B, C, and D hereto. The Preliminary Approval Order shall also authorize the Parties, without further approval from the Court, to agree to and adopt such amendments, modifications and expansions of the Settlement Agreement and its implementing documents (including all Exhibits to this Agreement) so long as they are consistent in all material respects with the terms of the Settlement Agreement and do not limit or impair the rights of the Settlement Class or materially expand the obligations of Defendant.

**7.2** At the time of the submission of this Agreement to the Court as described above, Class Counsel shall request that, after Notice is given, the Court hold a Final Approval Hearing and approve the settlement of the Action as set forth herein.

**7.3** After Notice is given, the Parties shall request and seek to obtain from the Court a Final Judgment, which will (among other things):

    **(a)** find that the Court has personal jurisdiction over all Settlement Class Members and that the Court has subject matter jurisdiction to approve the Agreement, including all Exhibits thereto;

(b)      certify the Settlement Class or reaffirm such certification if the Settlement Class was certified in the Preliminary Approval Order, and approve or reaffirm the appointment of Class Counsel, the Class Representatives and the Settlement Administrator;

(c)      approve the Settlement Agreement and the proposed settlement as fair, reasonable, and adequate as to, and in the best interests of, the Settlement Class Members; direct the Parties and their counsel to implement and consummate the Agreement according to its terms and provisions; and declare the Agreement to be binding on, and have *res judicata* and preclusive effect in all pending and future lawsuits or other proceedings maintained by or on behalf of the Releasing Parties;

(d)      find that the Notice implemented pursuant to the Agreement (1) constitutes the best practicable notice under the circumstances; (2) constitutes notice that is reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of the Action, their right to object to or exclude themselves from the proposed Agreement, and to appear at the Final Approval Hearing; (3) is reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to receive notice; and (4) meets all applicable requirements of the Federal Rules of Civil Procedure, the Due Process Clause of the United States Constitution, and the rules of the Court;

(e)      find that the Class Representatives and Class Counsel adequately represent the Settlement Class for purposes of entering into and implementing the Agreement;

(f)      dismiss the Action (including all individual and putative class claims) on the merits and with prejudice, without fees or costs to any party except as provided in the Settlement Agreement;

(g)      incorporate the Release set forth above, make the Release effective as of the date of the Effective Date, and forever discharge the Released Parties as set forth herein;

(h)     permanently bar and enjoin all Settlement Class Members who have not been properly excluded from the Settlement Class from filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in any lawsuit or other action in any jurisdiction based on the Released Claims;

(i)     without affecting the finality of the Final Judgment for purposes of appeal, retain jurisdiction as to all matters relating to administration, consummation, enforcement, and interpretation of the Settlement Agreement and the Final Judgment, and for any other necessary purpose; and

(j)     incorporate any other provisions not materially inconsistent with this Settlement Agreement, as the Court deems necessary and just.

## 8.     CLASS COUNSEL'S ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES; SERVICE AWARDS.

**8.1**     The amount of the Fee Award shall be determined by the Court based on petition from Class Counsel.  Class Counsel has agreed, with no consideration from Defendant, to limit their request for attorneys' fees to no more than one third (33.33%) of the Settlement Fund (i.e. $500,000.00) plus reimbursement of costs and expenses in an amount not to exceed seventy-five thousand dollars ($75,000.00).  Payment of the Fee Award shall be made from the Settlement Fund and should the Court award less than the amount sought by Class Counsel, the difference in the amount sought and the amount ultimately awarded pursuant to this Paragraph shall remain in the Settlement Fund.  The Parties agree that any award of attorneys' fees, costs, and expenses is committed to the sole discretion of the Court within the limitations set forth in this Paragraph.  If the Court chooses, in its sole discretion, to order a Fee Award that is lower than the amount sought in the motion to be filed by Class Counsel, this Agreement shall remain fully enforceable.  Class Counsel shall file any motion for a Fee Award no later than 14 days before the deadline for

objections to the Settlement, and a copy of the motion shall be placed on the Settlement Administrator's website.

8.2    The Fee Award shall be payable by the Settlement Administrator within twenty-one (21) business days after entry of the Court's Final Judgment, subject to Class Counsel executing an Undertaking Regarding Attorneys' Fees and Costs (the "Undertaking") and providing all payment routing information and tax I.D. numbers for Class Counsel and W-9 forms sufficiently in advance of the deadline for the Settlement Administrator to process such payment. Payment of the Fee Award shall be made from the Settlement Fund by wire transfer to Class Counsel in accordance with written instructions to be provided by Class Counsel, and completion of necessary forms, including but not limited to W-9 forms. Notwithstanding the foregoing, if for any reason the Final Judgment is reversed or rendered void, then Class Counsel shall return such funds to the Defendant. Additionally, should any parties to the Undertaking dissolve, merge, declare bankruptcy, become insolvent, or cease to exist prior to the final payment to Settlement Class Members, those parties shall execute a new undertaking guaranteeing repayment of funds within 14 days of such an occurrence. Upon payment of the Fee Award, Class Counsel shall release and forever discharge the Released Parties from any claims, demands, actions, suits, causes of action, or other liabilities relating to any attorneys' fees, costs or expenses incurred in the Action. Class Counsel agree that any federal, state, municipal, or other taxes, contributions, or withholdings that may be owed or payable by them, or any tax liens that may be imposed, on the sums paid to them pursuant to this Paragraph are their sole and exclusive responsibility, and any amount required to be withheld for tax purposes (if any) will be deducted from those payments.

8.3    Lead Plaintiffs shall each request to be paid a service award from the Settlement Fund, in addition to any recovery as Settlement Class Members, in recognition of their efforts on behalf of the Settlement Class, subject to Court approval. Morrison and Kazmi shall request to be

paid a service award in the amount of two thousand five hundred dollars ($2,500.00) each. Gur-Ravantab and Lama shall request to be paid a service award in the amount of one thousand dollars ($1,000.00) each. Should the Court award less than these amounts for any Lead Plaintiff, the difference between the amount sought and the amount ultimately awarded pursuant to this Paragraph shall remain in the Settlement Fund. Service awards shall be paid from the Settlement Fund (in the form of a check to the Lead Plaintiff that is sent care of Class Counsel), within twenty-one (21) business days after the Effective Date. If the Court chooses, in its sole discretion, to make an award to any Lead Plaintiff that is lower than the amounts sought in the motion to be filed by Class Counsel, or if the Court chooses to make no such awards, this Agreement shall remain fully enforceable. In order to receive such payment, each Lead Plaintiff must provide, sufficiently in advance of the deadline for the Settlement Administrator to process such payment, a W-9 form and such other documentation as may reasonably be required by the Settlement Administrator. The Lead Plaintiffs agree that any federal, state, municipal, or other taxes, contributions, or withholdings that may be owed or payable by them, or any tax liens that may be imposed, on any sums paid to them pursuant to this Paragraph are their sole and exclusive responsibility, and any amount required to be withheld for tax purposes (if any) will be deducted from those payments.

9.    **CONDITIONS OF SETTLEMENT, EFFECT OF DISAPPROVAL, CANCELLATION OR TERMINATION.**

     **9.1**    The Effective Date of this Settlement Agreement shall not occur unless and until each of the following events occurs and shall be the date upon which the last (in time) of the following events occurs:

        **(a)**    Lead Plaintiffs, Defendant's Counsel, and Class Counsel have executed this Agreement;

        **(b)**    The Court has entered the Preliminary Approval Order;

(c)      The Court has entered an order finally approving the Agreement, following Notice to the Settlement Class and a Final Approval Hearing, as provided in the Federal Rules of Civil Procedure, and has entered the Final Judgment, or a judgment consistent with this Agreement in all material respects; and

(d)      The Final Judgment has become Final, as defined above, or, in the event that the Court enters an Alternate Judgment, such Alternate Judgment becomes Final.

9.2      If some or all of the conditions specified in Paragraph 9.1 are not met, or in the event that this Agreement is not approved by the Court, or the settlement set forth in this Agreement is terminated or fails to become effective in accordance with its terms, then this Settlement Agreement shall be canceled and terminated subject to Paragraph 6.1 unless Class Counsel and Defendant's Counsel mutually agree in writing to proceed with this Agreement.  If any Party is in material breach of the terms hereof, any other Party, provided that it is in substantial compliance with the terms of this Agreement, must provide (1) written notice to the alleged breaching party with 30 days to cure, (2) a period of time to convene a remote session with Judge Segal, and (3) notice to all signatories, before terminating this Agreement, except that any attempted termination of this Agreement after the Preliminary Approval Order is entered will not take effect without an order of the Court, and this Agreement may not be terminated after the Final Judgment is entered without an order of the Court vacating the Final Judgment or an order of any appellate court reversing or vacating the Final Judgment.  Notwithstanding anything herein, the Parties agree that the Court's failure to approve, in whole or in part, the Fee Award and/or the service awards set forth in Section 8 above shall not prevent the Agreement from becoming effective, nor shall it be grounds for termination.

9.3      If this Agreement is terminated or fails to become effective for the reasons set forth in Paragraphs 6.1-6.2 or 9.1-9.2 above, the Parties shall be restored to their respective positions in

the Action as of the date of the signing of this Agreement.  In such event, any Final Judgment or other order entered by the Court in accordance with the terms of this Agreement shall be vacated by the Court, and the Parties shall be returned to the *status quo ante* with respect to the Action as if this Agreement had never been entered into.  Within five (5) business days after written notification of termination as provided in this Agreement is sent to the other Parties and Court approval if required is obtained, the Settlement Fund (including accrued interest thereon), less any Settlement Administration costs actually incurred, paid or payable and less any taxes and tax expenses paid, due or owing, shall be refunded by the Settlement Administrator to Defendant, based upon written instructions provided by Defendant's Counsel.

10.     **MISCELLANEOUS PROVISIONS.**

    **10.1**     The Parties (a) acknowledge that it is their intent to consummate this Settlement Agreement; and (b) agree, subject to their fiduciary and other legal obligations, to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Agreement, to exercise their reasonable best efforts to accomplish the foregoing terms and conditions of this Agreement, to secure final approval thereof, and to defend the Final Judgment through any and all appeals.  Class Counsel and Defendant's Counsel agree to cooperate with one another in seeking Court approval of the Settlement Agreement, entry of the Preliminary Approval Order, and the Final Judgment.  Class Counsel and Defendant's Counsel further agree to promptly execute all documentation as may be reasonably required to obtain final approval of the Agreement.

    **10.2**     The Parties intend this Settlement Agreement to be a final and complete resolution of all disputes between them with respect to the Released Claims.  Accordingly, the Parties agree not to assert in any forum that the Action was brought by Plaintiffs or defended by Defendant, or each or any of them, in bad faith or without a reasonable basis.

**10.3**     The Parties have relied upon the advice and representation of counsel, selected by them, concerning the claims released under this Agreement. The Parties have read and understand fully this Agreement and have been fully advised as to the legal effect thereof by counsel of their own selection and intend to be legally bound by the same.

**10.4**     Whether or not the Effective Date occurs or the Settlement Agreement is terminated, neither this Agreement nor the Settlement contained herein or any term, provision, or definition therein, nor any act or communication performed or document executed in the course of negotiating, implementing, or seeking approval pursuant to or in furtherance of this Agreement or the settlement:

        **(a)**     is, may be deemed, or shall be used, offered or received in any civil, criminal or administrative proceeding in any court, administrative agency, arbitral proceeding or other tribunal against the Released Parties, or each or any of them, as an admission, concession or evidence of, the validity of any Released Claims, the truth of any fact alleged by the Plaintiffs, the deficiency of any defense that has been or could have been asserted in the Action, the violation of any law or statute, the definition or scope of any term or provision, the reasonableness of the Settlement Fund or the Fee Award (except in connection with seeking approval of the Settlement in the Action), or of any alleged wrongdoing, liability, negligence, or fault of the Released Parties, or any of them. Defendant, while continuing to deny all allegations of wrongdoing and disclaiming all liability with respect to all claims, considers it desirable to resolve the action on the terms stated herein to avoid further expense, inconvenience, and burden, and therefore has determined that this settlement is in Defendant's best interests;

        **(b)**     is, may be deemed, or shall be used, offered or received against any Released Party, as an admission, concession or evidence of any fault, misrepresentation or

omission with respect to any statement or written document approved or made by the Released Parties, or any of them;

(c)    is, may be deemed, or shall be used, offered, or received against the Released Parties, or each or any of them, as an admission or concession with respect to any liability, negligence, fault or wrongdoing as against any Released Parties, or supporting the certification of a litigation class, in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal.  However, the Settlement, this Agreement, and any acts performed and/or documents executed in furtherance of or pursuant to this Agreement and/or Settlement may be used in any proceedings as may be necessary to effectuate the provisions of this Agreement.  Further, if this Settlement Agreement is approved by the Court, any Party or any of the Released Parties may file this Agreement and/or the Final Judgment in any action that may be brought against such Party or Parties in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim;

(d)    is, may be deemed, or shall be construed against Plaintiffs, the Settlement Class, the Releasing Parties, or each or any of them, or against the Released Parties, or each or any of them, as an admission or concession that the consideration to be given hereunder represents an amount equal to, less than, or greater than that amount that could have or would have been recovered after trial; and

(e)    is, may be deemed, or shall be construed as or received in evidence as an admission or concession against Plaintiffs, the Settlement Class, the Releasing Parties, or each and any of them, or against the Released Parties, or each or any of them, that any of Plaintiffs' claims

30

are with or without merit or that damages recoverable in the Action would have exceeded or would have been less than any particular amount.

**10.5** The Parties acknowledge that (a) any certification of the Settlement Class as set forth in this Agreement, including certification of the Settlement Class for settlement purposes in the context of Preliminary Approval, shall not be deemed a concession that certification of a litigation class is appropriate, or that the Settlement Class definition would be appropriate for a litigation class, nor would Defendant be precluded from challenging class certification in further proceedings in the Action or in any other action if the Settlement Agreement is not finalized or finally approved; (b) if the Settlement Agreement is not finally approved by the Court for any reason whatsoever, then any certification of the Settlement Class will be void, the Parties and the Action shall be restored to the status quo ante, and no waiver, estoppel or preclusion premised on the Settlement Agreement will be asserted in any litigated certification proceedings in the Action or in any other action; and (c) no agreements made by or entered into by Defendant in connection with the Settlement Agreement may be used to establish any of the elements of class certification in any litigated certification proceedings, whether in the Action or any other judicial proceeding.

**10.6** No Person or entity shall have any claim against the Lead Plaintiffs, Class Counsel, Settlement Administrator, or any other agent designated by Class Counsel, or the Released Parties and/or their counsel, arising from distributions made substantially in accordance with this Agreement. The Parties and their respective counsel, and all other Released Parties, shall have no liability whatsoever for the investment or distribution of the Settlement Fund or the determination, administration, calculation, or payment of any claim or nonperformance of the Settlement Administrator, the payment or withholding of taxes (including interest and penalties) owed by the Settlement Fund, or any losses incurred in connection therewith.

**10.7** The headings used herein are used for the purpose of convenience only and are not meant to have legal effect.

**10.8** The waiver by one Party of any breach of this Agreement by any other Party shall not be deemed as a waiver of any other prior or subsequent breaches of this Agreement.

**10.9** All of the Exhibits to this Agreement are material and integral parts thereof and are fully incorporated herein by this reference.

**10.10** This Agreement and its Exhibits set forth the entire agreement and understanding of the Parties with respect to the matters set forth herein, and supersede all prior negotiations, agreements, arrangements, and undertakings with respect to the matters set forth herein. No representations, warranties, or inducements have been made to any Party concerning this Settlement Agreement or its Exhibits other than the representations, warranties, and covenants contained and memorialized in such documents. This Agreement may be amended or modified only by a written instrument signed by or on behalf of all Parties or their respective successors-in-interest.

**10.11** Except as otherwise provided herein, each Party shall bear its own costs.

**10.12** Lead Plaintiffs represent and warrant that they have not assigned any claim or right or interest therein as against the Released Parties to any other Person or Party and that they are fully entitled to release the same.

**10.13** Each counsel or other Person executing this Settlement Agreement, any of its Exhibits, or any related settlement documents on behalf of any Party hereto, hereby warrants and represents that such Person has the full authority to do so and has the authority to take appropriate action required or permitted to be taken pursuant to the Agreement to effectuate its terms.

**10.14** This Agreement may be executed in one or more counterparts. Signature by digital means, facsimile, or in PDF format will constitute sufficient execution of this Agreement. All

executed counterparts and each of them shall be deemed to be one and the same instrument.  A complete set of original executed counterparts shall be filed with the Court if the Court so requests.

**10.15**   This Settlement Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties hereto and the Released Parties.

**10.16**   The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Agreement, and all Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in this Agreement.  Any disputes between the Parties concerning matters contained in this Agreement shall, if they cannot be resolved by negotiation and agreement, be submitted to the Court for resolution.

**10.17**   This Settlement Agreement shall be governed by and construed in accordance with the substantive laws of the District of Columbia without giving effect to its conflict of laws provisions.

**10.18**   This Agreement is deemed to have been prepared by counsel for all Parties, as a result of arm's-length negotiations among the Parties.  Because all Parties have contributed substantially and materially to the preparation of this Agreement, it shall not be construed more strictly against one Party than another.

**10.19**   Where this Agreement requires notice to the Parties, such notice shall be sent to the undersigned counsel:  Michael A. Tompkins of Leeds Brown Law, P.C., 1 Old Country Road, Suite 347, Carle Place, NY, 11514 and Alan E. Schoenfeld, Wilmer Cutler Pickering Hale and Dorr LLP, 7 World Trade Center, 250 Greenwich Street, New York, NY 10007.

**10.20**   The Parties agree that there will be no press release regarding the Settlement (including any judicial treatment thereof), and neither side will initiate contact with the media nor issue any public statement, comment, or promotional material that references the terms of the

settlement; provided, however, that the Parties may respond to press inquiries with neutral, factual information concerning the Settlement and any judicial action on it.

With respect to public disclosures, Class Counsel and Defendant's Counsel are permitted, in connection with their law firm websites, biographies, brochures, firm marketing materials, future declarations regarding counsel's experience, and/or in speaker biographies, to state only that they served as counsel in this Action and basic facts about the Settlement that are conveyed in any publicly-filed motion.

**10.21** Lead Plaintiffs, Class Counsel, and the Settlement Claims Administrator will be required to keep confidential any personal identifying information of Settlement Class Members, any financial information relating to Settlement Class Members, and any non-public financial information about or belonging to Georgetown, in accordance with the Stipulated Protective Order (*see* ECF No. 37). Any documents or non-public information provided by Georgetown to Class Counsel or Plaintiffs must be destroyed or returned in accordance with the Court's Stipulated Protective Order (*see* ECF No. 37), except insofar as Class Counsel shall have the right to retain any work product and, in the case of pleadings submitted to the Court, any exhibits to such pleadings or any documents or information necessary to the completion of the settlement process, tax reporting, or other rights or obligations of Class Members addressed or created by the Settlement Agreement.

**10.22** Georgetown may communicate with Settlement Class Members in the ordinary course of its operations. Georgetown will refer inquiries regarding this Agreement and administration of the Settlement Agreement to the Settlement Administrator or Class Counsel.

**IT IS SO AGREED TO BY THE PARTIES**:

Dated: _____04/11/2024_____

REBEKAH MORRISON

By: _____

34

Rebekah Morrison

Dated: _____04/11/2024_____

**SEAN KAZMI**

By: _____
Sean Kazmi

Dated: _____04/11/2024_____

**EMIR GUR-RAVANTAB**

By: _____

Dated: _____04/13/2024_____

**EMILY LAMA**

By: _____

Dated: _____

**GEORGETOWN UNIVERSITY**

By: _____

Name: _____

Title: _____

**AS TO FORM:**

Dated: 4/18/2024

**LEEDS BROWN LAW, P.C.**

By: _____

Michael A. Tompkins
mtompkins@leedsbrownlaw.com
1 Old Country Road
Suite 347
Carle Place, NY 11514
516.873.9550

*Attorneys for Lead Plaintiffs, and the Proposed
Settlement Class*

DocuSign Envelope ID: FE494FC7-2AA0-4104-8308-CC1C279ED852

Rebekah Morrison

Dated: _____

**SEAN KAZMI**

By:_____
Sean Kazmi

Dated: _____

**EMIR GUR-RAVANTAB**

By:_____

Dated: _____

**EMILY LAMA**

By:_____

Dated: 4/16/2024

**GEORGETOWN UNIVERSITY**

By: _____

Name: David Green
_____

Title: Senior Vice President and COO
_____

**AS TO FORM:**

Dated: _____

**LEEDS BROWN LAW, P.C.**

By: _____

Michael A. Tompkins
mtompkins@leedsbrownlaw.com
1 Old Country Road
Suite 347
Carle Place, NY 11514
516.873.9550

*Attorneys for Lead Plaintiffs, and the Proposed Settlement Class*

35

# Exhibit B

## [Proposed] Order

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

EMIR GUR-RAVANTAB and EMILY
LAMA, individually and on behalf of all others
similarly situated,

                Plaintiffs,

    v.

GEORGETOWN UNIVERSITY,

                Defendant.

Civil No. 1:22-cv-01038

## [PROPOSED] ORDER GRANTING INTERVENTION OF REBEKAH MORRISON AND SEAN KAZMI FOR SETTLEMENT PURPOSES, PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT, CERTIFYING SETTLEMENT CLASS, APPOINTING CLASS REPRESENTATIVES, APPOINTING CLASS COUNSEL, <u>AND APPROVING NOTICE PLAN</u>

**WHEREAS**, Proposed Intervenors and Class Representatives Rebekah Morrison and Sean Kazmi and Defendant Georgetown University have entered into a Settlement Agreement, which, together with the exhibits attached thereto, sets forth the terms and conditions for a proposed class action settlement and dismissal of the Action with prejudice upon the terms and conditions set forth therein, and the Court having read and considered the Settlement Agreement and exhibits attached thereto;

This matter coming before the Court upon the agreement of the parties, good cause being shown, and the Court being fully advised in the premises,

**IT IS HEREBY ORDERED, DECREED, AND ADJUDGED AS FOLLOWS:**

1. Terms and phrases in this Order shall have the same meaning as ascribed to them in the

Settlement Agreement.

2.   The parties have moved the Court for an Order preliminarily approving the settlement of the Action in accordance with the Settlement Agreement, which, together with the documents incorporated therein, sets forth the terms and conditions for a proposed settlement and dismissal of the Action with prejudice, and the Court having read and considered the Settlement Agreement and having heard the parties and being fully advised in the premises, hereby preliminarily approves the Settlement Agreement in its entirety subject to the Final Approval Hearing referred to in Paragraph 5 of this Order.

3.   This Court finds that it has jurisdiction over the subject matter of the Action and over all parties to the Action.

4.   The Court finds that, subject to the Final Approval Hearing, the Settlement Agreement is fair, reasonable, and adequate, and in the best interests of the Settlement Class set forth below. The Court further finds that the Settlement Agreement substantially fulfills the purposes and objectives of the class action and provides substantial relief to the Settlement Class without the risks, burdens, costs, or delay associated with continued litigation, trial, and/or appeal. The Court also finds, for settlement purposes only, that the Settlement Agreement: (a) is the result of arm's-length negotiations between experienced class action attorneys; (b) is sufficient to warrant notice of the settlement and the Final Approval Hearing to be disseminated to the Settlement Class; (c) meets all applicable requirements of law, including Federal Rule of Civil Procedure 23 and the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715; and (d) is not a finding or admission of liability by Defendant or any other person, nor a finding of the validity of any claims asserted in the Action or of any wrongdoing or any violation of law.

**Final Approval Hearing**

5.   The Final Approval Hearing shall be held before this Court on _____, at

_____ ___ at the E. Barrett Prettyman Courthouse U.S. District Court for the District of Columbia,

333 Constitution Avenue N.W., Washington D.C. 20001, to determine (a) whether the proposed

settlement of the Action on the terms and conditions provided for in the Settlement Agreement is

fair, reasonable, and adequate and should be given final approval by the Court; (b) whether a

judgment and order of dismissal with prejudice should be entered; (c) whether to approve the

payment of attorneys' fees, costs, and expenses to Class Counsel; and (d) whether to approve the

payment of service awards to the Class Representatives. The Court may adjourn the Final Approval

Hearing without further notice to members of the Settlement Class.

6.   Class Counsel shall file papers in support of their Fee Award and Class Representatives'

service awards (collectively, the "Fee Petition") with the Court on or before _____.

7.   Papers in support of final approval of the Settlement Agreement and any supplementation

to the Fee Petition shall be filed with the Court on or before _____.

## Certification of the Settlement Class

8.   For purposes of settlement only: (a) Leeds Brown Law, P.C. is appointed Class Counsel

for the Settlement Class; and (b) Rebekah Morrison and Sean Kazmi are named Class

Representatives. The Court finds that these attorneys are competent and capable of exercising the

responsibilities of Class Counsel and that Class Representatives Rebekah Morrison and Sean

Kazmi will adequately protect the interests of the Settlement Class defined below.

9.   For purposes of settlement only, the Court conditionally certifies the following Settlement

Class as defined in the Settlement Agreement:

"All Georgetown University undergraduate students enrolled during the Spring 2020 Semester
for whom any amount of tuition and fees were paid from any source other than a
scholarship/grant from Georgetown (*e.g.* the student's own funds, funding from a parent, or
other family member, loan, or non-Georgetown scholarship/grant) to any Released Party for

the Spring 2020 Semester, and whose tuition or fees have not been refunded in their entirety prior to this Agreement. For the avoidance of doubt, any students who received full scholarships from Georgetown or otherwise were not obligated to make contributions, payments, or third-party arrangements towards tuition or fees for the Spring 2020 Semester are excluded from the Settlement Class."

10. The Court finds, subject to the Final Approval Hearing referred to in Paragraph 5, that the Settlement Agreement is fundamentally fair, adequate, and reasonable, and, solely within the context of and for the purposes of settlement only, that the Settlement Class satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, specifically, that: the Settlement Class is so numerous that joinder of all members is impracticable; there are questions of fact and law common to the Settlement Class; the claims of the Class Representatives are typical of the claims of the members of the Settlement Class; the Class Representatives and Class Counsel will fairly and adequately protect the interests of the members of the Settlement Class; common questions of law or fact predominate over questions affecting individual members; and a class action is a superior method for fairly and efficiently adjudicating the Actions.

11. If the Settlement Agreement does not receive the Court's final approval, or if final approval is reversed on appeal, or if the Settlement Agreement is terminated or otherwise fails to become effective, the Court's grant of settlement class certification shall be vacated.

**Notice and Administration**

12. The Court approves, as to form, content, and distribution, the Notice Plan set forth in the Settlement Agreement, including all forms of Notice to the Settlement Class as set forth in the Settlement Agreement and Exhibits D-F attached to the Declaration of Michael A. Tompkins, Esq. (the "Notice Forms"). The Notice Plan shall be commenced by _____ as outlined in Section 4, Notice to the Class, of the Settlement Agreement. The Court finds that such Notice is the best notice practicable under the circumstances, and that the Notice complies fully with the

requirements of the Federal Rules of Civil Procedure. The Court also finds that the Notice constitutes valid, due, and sufficient notice to all persons entitled thereto, and meets the requirements of Due Process. The Court further finds that the Notice is reasonably calculated to, under all circumstances, reasonably apprise members of the Settlement Class of the pendency of the Action, the terms of the Settlement Agreement, and the right to object to the Settlement and to exclude themselves from the Settlement Class. In addition, the Court finds that no notice other than that specifically identified in the Settlement Agreement is necessary in this Action. The parties, by agreement and without further Order of the Court, may revise the Notice Forms in ways that are not material, or in ways that are appropriate to update those documents for purposes of accuracy or formatting.

13. Pursuant to Section 4 of the Settlement Agreement, the Settlement Administrator is directed to publish the Notice Forms on the Settlement Website and to send direct notice via U.S. Mail and/or email, in accordance with the Notice Plan called for by the Settlement Agreement. The Settlement Administrator shall also maintain the Settlement Website to provide full information about the Settlement.

14. This Order shall constitute a "judicial order" within the meaning of the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g and 34 C.F.R. § 99.31(a)(9), sufficient to compel Georgetown University to provide Class Members' contact, tuition, fee, and aid information to the Settlement Administrator in accordance with Section 4.1(a) of the Settlement Agreement, and/or to Class Counsel as is necessary in the administration of the Settlement. The Court further rules that the Notice Plan outlined in Section 4.1 of the Settlement Agreement and the Notice Forms constitute a reasonable effort per 34 C.F.R. §§ 99.31(a)(9)(ii) to notify eligible students of this Order sufficiently in advance of disclosure to allow the student an opportunity to seek protective

action, including filing a motion to quash with this Court.

**Requests for Exclusion from the Class**

15. Any person falling within the definition of the Settlement Class may, upon valid and timely request, exclude themselves or "opt out" from the Settlement Class. Any such person may do so if, on or before the Objection/Exclusion Deadline, which the Court orders to be set as 60 days after the Notice Date, they comply with the exclusion procedures set forth in the Settlement Agreement and Notice. Any members of the Settlement Class so excluded shall neither be bound by the terms of the Settlement Agreement nor entitled to any of its benefits.

16. Any members of the Settlement Class who elect to exclude themselves or "opt out" of the Settlement Agreement must file a written request with the Settlement Administrator, received or postmarked no later than the Objection/Exclusion Deadline. The request for exclusion must comply with the exclusion procedures set forth in the Settlement Agreement and Notice and include the Settlement Class Member's name and address, a signature, the name and number of the case (*Gur-Ravantab v. Georgetown University*, Case No. 1:22-cv-01038, in the United States District Court for the District of Columbia) and a statement that he or she wishes to be excluded from the Settlement Class for the purposes of this Settlement. Each request for exclusion must be submitted individually. So called "mass" or "class" opt-outs shall not be allowed.

17. Individuals who opt-out of the Settlement Class relinquish all rights to benefits under the Settlement Agreement and will not release their claims. However, Settlement Class Members who fail to submit a valid and timely request for exclusion shall be bound by all terms of the Settlement Agreement and the Final Judgment, regardless of whether they subsequently requested exclusion from the Settlement Agreement.

**Appearances and Objections**

18. At least twenty-one (21) calendar days before the Final Approval Hearing, any person who falls within the definition of the Settlement Class and who does not request exclusion from the Settlement Class may enter an appearance in the Action, at their own expense, individually or through counsel of their own choice. Any Settlement Class Member who does not enter an appearance will be represented by Class Counsel.

19. Any members of the Settlement Class who have not timely filed a request for exclusion may object to the fairness, reasonableness, or adequacy of the Settlement Agreement or to a Final Judgment being entered dismissing the Action with prejudice in accordance with the terms of the Settlement Agreement, or to the attorneys' fees and expense reimbursement sought by Class Counsel in the amounts specified in the Notice, or to the award to the Class Representatives as set forth in the Notice and Settlement Agreement. At least fourteen (14) days prior to the Objection/Exclusion Deadline, papers supporting the Fee Award shall be filed with the Court and posted to the Settlement Website. Members of the Class may object on their own or may do so through separate counsel at their own expense.

20. To object, members of the Class must sign and file a written objection no later than on or before the Objection/Exclusion Deadline, which the Court orders to be set as 60 days after the Notice Date. To be valid, the objection must comply with the objection procedures set forth in the Settlement Agreement and Notice. Specifically, the objection must include: (1) the objector's name and address; (2) an explanation of the basis upon which the objector claims to be a Settlement Class Member; (3) all grounds for the objection, including all citations to legal authority and evidence supporting the objection; (4) the name and contact information of any and all attorneys representing, advising, or in any way assisting the objector in connection with the preparation or submission of the objection or who may profit from the pursuit of the objection (the "Objecting

Attorneys"); and (5) a statement indicating whether the objector intends to appear at the Final Approval Hearing (either personally or through counsel who files an appearance with the Court in accordance with the Local Rules). If a Settlement Class Member or any of the Objecting Attorneys has objected to any class action settlement where the objector or the Objecting Attorneys asked for or received any payment in exchange for dismissal of the objection, or any related appeal, without any modification to the settlement, then the objection must include a statement identifying each such case by full case caption. Class Counsel and Defendant's Counsel may petition the Court for discovery of any objector to determine whether the objector has standing as a Settlement Class Member.

21. Members of the Class who fail to file and serve timely written objections in compliance with the requirements of this Order and the Settlement Agreement shall be deemed to have waived any objections and shall be foreclosed from making any objections (whether by appeal or otherwise) to the Settlement Agreement or to any of the subjects listed in Paragraph 5, above, i.e. (a) whether the proposed settlement of the Action on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate and should be given final approval by the Court; (b) whether a judgment and order of dismissal with prejudice should be entered in the Action; (c) whether to approve the payment of attorneys' fees and expenses to Class Counsel; and (d) whether to approve the payment of an incentive award to the Class Representatives.

22. To be valid, objections by persons represented by counsel must be filed electronically on the docket. *Pro se* objectors may mail their objections to the Clerk of Court, U.S. District Court for the District of Columbia, 333 Constitution Avenue N.W., Washington D.C. 20001, with a copy also sent to Class Counsel, Michael Tompkins and Anthony Alesandro, Leeds Brown Law, P.C., One Old Country Road, Suite 347, Carle Place, NY 11514, and Defendant's Counsel, Alan

Schoenfeld, Wilmer Cutler Pickering Hale and Dorr LLP, 7 World Trade Center, 250 Greenwich Street, New York, NY 10007.

**Further Matters**

23. All further proceedings in the Action are ordered stayed until Final Judgment or termination of the Settlement Agreement, whichever occurs earlier, except for those matters necessary to obtain and/or effectuate Final Approval of the Settlement Agreement.

24. Members of the Settlement Class shall be bound by all determinations and judgments concerning the Settlement Agreement and Final Approval of same, whether favorable or unfavorable.

25. The Court retains jurisdiction to consider all further applications arising out of or connected with the Settlement Agreement. The Court may approve the Settlement Agreement, with such modifications as may be agreed to by the parties, if appropriate, without further notice to the Settlement Class.

1. Any Settlement Class Member who does not timely and validly request exclusion from the Settlement Class pursuant to Paragraphs 15-17 of this Order: (a) shall be bound by the provisions of the Settlement Agreement and all proceedings, determinations, orders and judgments in the Action relating thereto, including, without limitation, the Final Judgment, and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (b) shall forever be barred and enjoined from directly or indirectly filing, commencing, instituting, prosecuting, maintaining, or intervening in any action, suit, cause of action, arbitration, claim, demand, or other proceeding in any jurisdiction, whether in the United States or elsewhere, on their own behalf or in a representative capacity, that is based upon or arises out of any or all of the Released Claims against any of the Defendant and the other Released Parties, as more fully described in the

Settlement Agreement.

26. Pursuant to this Order, Rebekah Morrison and Sean Kazmi's Motion to Intervene Pursuant to Rule 24 is hereby GRANTED for the purpose of settlement only. Rebekah Morrison and Sean Kazmi are allowed into this Action as Named Plaintiffs and Class Representatives.

27. Pursuant to this Order:

    a. The Notice Plan shall be commenced by _____ (the "Notice Date") as outlined in Section 4 of the Settlement Agreement;

    b. Objections shall be filed in accordance with Paragraphs 18-22of this Order on or before _____;

    c. Requests for Exclusion shall be submitted in accordance with Paragraphs 15-17 of this Order on or before _____;

    d. Any Election Forms or Claim Forms shall be submitted on or before _____ ("the Claim Deadline");

    e. Class Counsel shall file papers in support of their Fee Award and Class Representatives' Service Awards (collectively, the "Fee Petition") with the Court on or before _____;

    f. Papers in support of final approval of the Settlement Agreement and any responses to objections (if any)/supplementations to the Fee Petition shall be filed with the Court on or before _____;

    g. The Final Approval Hearing shall be held before this Court on _____, at _____ at the U.S. District Court for the District of Columbia, 333 Constitution Avenue N.W., Washington D.C. 20001.

IT IS SO ORDERED, this _____ day of _____, 2024.


_____
The Honorable Trevor N. McFadden
United States District Judge

# Exhibit C

## Election Form

## Georgetown University Settlement Election Form

Please complete this form by [DATE] if you wish to: (i) receive your share of the Settlement by Venmo or PayPal, or (ii) update your mailing address to receive a check by first class mail.

**You are not required to complete this form in order to receive a payment. If you do not complete this form by [DATE], you will receive your share of the Settlement Fund in the form of a check sent to your last known mailing address. If you would like to update your mailing address please click [here].**

☐ **OPTION ONE: RECEIVE CASH PAYMENT BY VENMO OR PAYPAL**

Venmo ☐ Venmo Username: _____

PayPal ☐ PayPal Email: _____

☐ **OPTION TWO: RECEIVE CASH PAYMENT BY CHECK AT NEW ADDRESS**

Check ☐ Mailing Address: _____

_____     _____

**ELECTRONIC SIGNATURE**          **DATE**

# Exhibit D

**Notice of Proposed Class Action Settlement (E-Mail Version)**

From: SettlementAdminstrator@____.com
To: ClassMember@domain.com
Re: Legal Notice of Class Action Settlement

## NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

*Gur-Ravantab, et al. v. Georgetown University*, Case No. 1:22-cv-01038
(United States District Court for the District of Columbia)

*For more information, visit* ____

**PLEASE READ THIS NOTICE CAREFULLY. If you were enrolled at Georgetown University as an undergraduate student during the Spring 2020 Semester and paid or incurred tuition and/or fees, you may be eligible to receive cash compensation from a class action settlement.** *This notice explains your rights and options and the deadlines to exercise them.*

*The United States District Court for the District of Columbia authorized this Notice. You are <u>not</u> being sued. This is <u>not</u> a solicitation from a lawyer.*

| WHY DID I GET THIS NOTICE? |
| --- |

- A Settlement has been reached in a class action lawsuit between Defendant Georgetown University ("Defendant" or "Georgetown") and certain individuals who have alleged that they, and the Settlement Class Members,[1] are entitled to <u>partial</u> refunds of tuition and fees for the Spring 2020 Semester because Georgetown transitioned to remote instruction in March 2020 amid the COVID-19 pandemic in accordance with District of Columbia legal mandates. The case is *Gur-Ravantab, et al. v. Georgetown University*, Case No. 1:22-cv-01038, in the United States District Court for the District of Columbia (the "Lawsuit"). The proposed Settlement is not an admission of wrongdoing by Georgetown, and Georgetown denies all allegations of wrongdoing and disclaims all liability with regard to all claims in the Lawsuit. The Court has granted preliminary approval of the Settlement and has conditionally certified the Settlement Class for purposes of settlement only.

- You are a member of the Settlement Class if you were a Georgetown undergraduate student enrolled during the Spring 2020 Semester for whom any amount of that Semester's tuition and/or fees was paid from any source other than a scholarship/grant from Georgetown (e.g., your own funds, funding from a parent or other family member, a loan, or a non-Georgetown scholarship/grant), and whose tuition and fees have not been fully refunded. You are not a Settlement Class Member if you opt out of the Settlement, if your Spring 2020 Semester tuition and fees were fully covered by scholarship and/or grant money from Georgetown, or if you otherwise were not obligated to make contributions, payments, or third-party arrangements towards tuition or fees for the Spring 2020 Semester.

- Under the Settlement Agreement, Georgetown will pay $1.5 million into a Settlement Fund. Some of that will go to Class Counsel for attorneys' fees and expenses, some will go to the Lead Plaintiffs as service awards, and some will pay for the costs of administering the settlement. What remains of the $1.5 million will be divided pro rata among the approximately [-------] Settlement Class Members. Settlement Class Members do not need to take any action to receive their shares of the payment. Settlement Class Members will automatically receive their shares by check mailed to the Settlement Class Member's last known mailing address. Alternatively, if they prefer to receive their share by Venmo or PayPal, or update their mailing address for mailing of a check, Settlement Class Members may visit the settlement website to

---

[1] Definitions for terms used herein can be found in the Settlement Agreement available at _____ .

**QUESTIONS? VISIT** ____

complete an Election Form to provide their Venmo or PayPal information, or to update their mailing address.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **DO NOTHING** | Settlement Class Members who do nothing automatically receive a payment by check to the last known mailing address as reflected in Georgetown's records. You will give up any rights you may have to sue Georgetown about the issues in this case. |
| **CHANGE YOUR PAYMENT OPTIONS** | Settlement Class Members may visit ___ to (a) provide an updated mailing address for sending a check or (b) elect to receive the Cash Award by Venmo or PayPal instead of a paper check. Settlement Class Members may also submit this information to the Settlement Administrator by mail at [address]. |
| **EXCLUDE YOURSELF** | You will not receive your Cash Award, but you will retain any rights you may have to sue Georgetown about the issues in this case. The deadline to exclude yourself is [date]. |
| **OBJECT** | Write to the Court explaining why you don't like the Settlement. If the Court approves the Settlement, you will be bound by the Court's decision and the Settlement Agreement. The deadline to object to the settlement is [date]. |
| **ATTEND A HEARING** | Ask to speak in Court about the fairness of the Settlement during the Final Approval Hearing on [date]. |

***These rights and options—and the deadlines to exercise them—are explained in this Notice. Please review this Notice carefully.***

The Court presiding over this case still has to decide whether to approve the Settlement. The Cash Awards made available by this Settlement will be provided only if the Court approves the Settlement and after any issues with the Settlement, including any appeals, are resolved. Please be patient.

## WHAT IS THIS LAWSUIT ABOUT?

The lawsuit alleges that students who were enrolled as undergraduates at Georgetown during the Spring 2020 Semester are entitled to partial refunds of tuition and fees because Georgetown transitioned to remote instruction in March 2020 amid the COVID-19 pandemic in accordance with District of Columbia legal mandates. Georgetown denies each and every allegation of wrongdoing, liability, and damages asserted, and Georgetown denies that the claims in the Lawsuit would be appropriate for class treatment if the litigation proceeded through trial.

The Plaintiffs' Complaint, the Settlement Agreement, and other case-related documents are available on the Settlement Website, accessible at _____.

## WHY IS THIS A CLASS ACTION?

A class action is a lawsuit in which a person called a "Lead Plaintiff" or "Class Representative" (or several of them) sue(s) on behalf of people with similar legal claims. These people, all together, are called a

**QUESTIONS? VISIT** _____

"Settlement Class" or "Settlement Class Members." The Settlement, if finally approved by the Court, resolves the issues for all Settlement Class Members, except for those who exclude themselves from the Settlement Class.

## WHY IS THERE A SETTLEMENT?

The Plaintiffs and Georgetown have determined that it is in their best interests to settle and avoid the expenses and uncertainties associated with continued litigation. This Settlement resolves all claims asserted in the case against Georgetown and its affiliated persons and entities. The Plaintiffs and the attorneys for the Settlement Class believe the proposed settlement is in the best interests of the Class. The Settlement is not an admission of wrongdoing by Georgetown and does not imply that there has been, or would be, any finding that Georgetown violated any law if the case were to move forward. Georgetown denies each and every allegation of wrongdoing and liability in the Lawsuit. The Court did not reach a decision on the merits of the Lawsuit. The Court has preliminarily approved the Settlement and ordered that this notice be provided to explain it. Nevertheless, because the settlement of a class action determines the rights of all members of the class, the Court must give final approval to the Settlement before it can be effective. The Court has conditionally certified the Settlement Class for settlement purposes only, so that Settlement Class Members receive this Notice and have the opportunity to exclude themselves from the Settlement Class or to voice their support for or opposition to final approval of the Settlement. If the Court does not give final approval to the Settlement, or if the Settlement is terminated by the Parties, the Settlement will be void, and the lawsuit will proceed as if there had been no settlement and no certification of the Settlement Class.

## WHO IS IN THE SETTLEMENT CLASS?

You are a member of the Settlement Class if you were a Georgetown undergraduate student enrolled during the Spring 2020 Semester for whom any amount of that Semester's tuition and/or fees was paid from any source other than a scholarship/grant from Georgetown (e.g., your own funds, funding from a parent or other family member, a loan, or a non-Georgetown scholarship/grant), and whose tuition and fees have not been fully refunded. You are not a member of the Settlement Class if you are excluded from the Settlement Class. Excluded from the Settlement Class are:

(1) any Judge or Magistrate Judge presiding over this Action and members of their families;

(2) Defendant;

(3) persons who properly execute and file a timely request for exclusion from the class;

(4) the legal representatives, successors or assigns of any such excluded persons; and

(5) Georgetown undergraduate students who received a full scholarship from Georgetown or otherwise were not obligated to make contributions, payments, or third-party arrangements towards tuition or fees for the Spring 2020 Semester.

## WHAT ARE MY OPTIONS?

**(1)    Receive Payment By Check or Elect to Have Your Payment Made Electronically.**

The $1.5 million Settlement Fund, minus any attorneys' fees for Class Counsel, service awards for the Lead Plaintiffs (addressed below), and the costs of administering the settlement, will be divided pro rata among all Settlement Class Members. You will not need to take any action to receive your share of the settlement.

**QUESTIONS? VISIT** ▮▮▮▮

Settlement Class Members will automatically receive their Cash Award by check mailed to the Settlement Class Member's last known mailing address as reflected in Georgetown's records. Alternatively, if they prefer to receive their share by Venmo or PayPal, they may visit the settlement website to provide their Venmo or PayPal information, or may provide that information to the Settlement Administrator by mail at the address below. If any Settlement Class Members fail to cash their Cash Award checks, those monies from uncashed checks will be deposited in the [Student Assistance Fund] for the purpose of providing additional student aid.

### (2) Exclude Yourself ("Opt out" of the Settlement).

You may exclude yourself from the Settlement. If you do so, you will not receive a Cash Award from the Settlement Fund. You will not release any claims you may have against Georgetown and the Released Parties (as that term is defined in the Settlement Agreement, available for review at ____), and you will be able to pursue whatever legal rights you may have at your own risk and expense.

To exclude yourself from the Settlement, you must mail a timely letter to the Settlement Administrator at ____, postmarked by **[DATE]**. Your request to be excluded from the Settlement must include your name and address, and a statement that you want to be excluded from the Settlement Class for purposes of this Settlement in *Gur-Ravantab, et. al v. Georgetown University*, Case No. 1:22-cv-01038, in the United States District Court for the District of Columbia. You cannot ask to be excluded by phone or on the Settlement Website. You may opt out of the Settlement Class only for yourself; one may not purport to opt others out of the Settlement Class on a class or representative basis. "Mass" or "class" opt-outs will not be allowed.

### (3) Object to the Settlement.

If you are a Settlement Class Member (and do not exclude yourself from the Settlement Class), you can object to any part of the Settlement. You can ask the Court to deny approval of the proposed settlement by filing an objection. You cannot ask the Court to order a larger settlement; the Court can only approve or deny the Settlement. If the Court denies approval, the benefits for Settlement Class Members described herein will not be provided, and the lawsuit will continue.

To object, you must file your objection in writing with the Court by [DATE]. Your objection must include the following:

- Your name and address;
- An explanation of the basis upon which you claim to be a Settlement Class Member;
- All grounds for the objection, including all citations to legal authority and evidence supporting the objection;
- The name and contact information of any and all attorneys representing, advising, or in any way assisting you in connection with the preparation or submission of the objection or who may profit from the pursuit of the objection (the "Objecting Attorneys");
- A statement indicating whether you intend to appear at the Final Approval Hearing (either personally or through counsel who files an appearance with the Court in accordance with the Local Rules); and
- If you or any of the Objecting Attorneys has objected to any class action settlement where the objector or the Objecting Attorneys asked for or received any payment in exchange for dismissal of the objection, or any related appeal, without any modification to the settlement, a statement identifying each such case by full case caption and amount of payment received.

"Mass" or "class" objections will not be allowed.

**If you do not timely and validly make your objection, you will be deemed to have waived all objections and will not be entitled to speak at the Final Approval Hearing.**

**QUESTIONS? VISIT ____**

If you file and serve a written objection and statement of intent to appear, you may appear at the Final Approval Hearing, either in person or through your personal counsel hired at your own expense, to object to the fairness, reasonableness, or adequacy of the Settlement.

If you wish to object, you must file your objection with the Court (using the Court's electronic filing system or in any manner in which the Court accepts filings) no later than [**DATE**]. You must also send a copy of your objection by mail, hand, or overnight delivery service (or by operation of the Court's CM/ECF system) to the attorneys representing the Plaintiffs and the Settlement Class (specifically Michael Tompkins or Anthony Alesandro of Leeds Brown Law, P.C., One Old Country Road, Suite 347, Carle Place, NY 11514) and the attorneys representing Georgetown University (Alan E. Schoenfeld of Wilmer Cutler Pickering Hale and Dorr LLP, 7 World Trade Center, 250 Greenwich Street, New York, NY 10007), postmarked no later than [**DATE**].

If you hire an attorney in connection with making an objection, that attorney must also file with the Court a notice of appearance by [**DATE**]. If you do hire your own attorney, you will be solely responsible for payment of any fees and expenses the attorney incurs on your behalf. If you exclude yourself from the Settlement, you cannot file an objection. If you object and the Settlement is approved, you will still be entitled to receive benefits under the Settlement, and will be bound by the terms of the Settlement.

## COMPENSATION TO CLASS COUNSEL AND THE LEAD PLAINTIFFS

*Lead Plaintiff Compensation*. The Court may award reasonable service compensation to the Lead Plaintiffs for their service in the case, not to exceed seven thousand dollars (7,000.00) total, which shall come from the Settlement Fund. Any such Court-ordered compensation shall be paid within twenty-one (21) business days after the Effective Date. This shall be in addition to any Cash Award that the Lead Plaintiffs may receive as Settlement Class Members.

*Class Counsel Attorneys' Fees, Costs, and Expenses*. The attorneys who brought the lawsuit (listed below) will ask the Court to award them attorneys' fees not to exceed one-third (33.33%) of the Settlement Fund ($500,000.00) plus reimbursement of costs and expenses in an amount not to exceed seventy-five thousand dollars ($75,000.00), for the time, expense and effort expended in investigating the facts, conducting the litigation, and negotiating the Settlement. Class Counsel's motion for attorneys' fees, costs and expenses, and Lead Plaintiff service awards will be filed with the Court and made available on the Settlement website no later than [**DATE**]. The Fee Award shall be payable by the Settlement Administrator from the Settlement Fund within twenty-one (21) business days after the Effective Date.

## WHAT RIGHTS AM I GIVING UP IN THIS SETTLEMENT?

Unless you exclude yourself from the Settlement, you cannot sue or be part of any other lawsuit against Georgetown or the Released Parties about the issues in this case. This specifically includes any claim for breach of contract or any tort, common law, or statutory claim arising out of or in any way allegedly related to Georgetown tuition, fees, and/or costs paid or incurred by or on behalf of any Settlement Class Member in connection with the Spring 2020 Semester. Unless you exclude yourself, all of the decisions and judgments by the Court will bind you.

The Settlement Agreement is available at ____. *The Settlement Agreement provides more detail regarding the Releases and describes the Released Claims with specific descriptions in necessary, accurate legal terminology, so read it carefully*. If you have any questions, you can talk for free to the attorneys identified below who have been appointed by the Court to represent the Settlement Class, or you are welcome to talk to any other lawyer of your choosing at your own expense.

## WHEN WILL I RECEIVE MY CASH PAYMENT?

**QUESTIONS? VISIT ____**

Cash Awards will be distributed after the Court grants Final Approval to the Settlement. The Parties cannot accurately predict when (or whether) the Court will grant Final Approval to the Settlement, or whether there may be appeals from that order that take additional time to resolve, so please be patient. After the Court grants Final Approval to the Settlement, and after any appeals are resolved, Cash Awards will be paid within 60 days.

Updated information about the case will be made available at ___, or you can call the Settlement Administrator at ____, or contact Class Counsel at the information provided below.

## WHEN WILL THE COURT RULE ON THE SETTLEMENT?

The Court has already granted Preliminary Approval of the Settlement. A final hearing on the Settlement, called a "final approval" or "fairness" hearing, will be held to determine the fairness of the Settlement. At the Final Approval Hearing, the Court will also consider whether to make final the certification of the Settlement Class for settlement purposes, hear any proper objections to the Settlement, and consider requests for an award of attorneys' fees and expenses, and Service Awards for the Lead Plaintiffs. The Court will hold the Final Approval Hearing on [**DATE**], 2024, at [**TIME**] **ET**, at the U.S. District Court for the District of Columbia, 333 Constitution Avenue N.W., Washington D.C. 20001. The date and time of the Final Approval Hearing are subject to change by Court Order, and the hearing may be conducted remotely. Any changes, including instructions for how Settlement Class Members may attend the hearing if it is conducted virtually or by telephonic means, will be posted at the settlement website, ____, and on the Court's docket on PACER at http://ecf.dcd.uscourts.gov.

If the Settlement is given Final Approval, the Court will not make any determination as to the merits of the claims or defenses at issue. Instead, the Settlement's terms will take effect and the Lawsuit will be dismissed on the merits with prejudice. Both sides have agreed to the Settlement to achieve an early and certain resolution to the Lawsuit, so it provides specific and valuable benefits to the members of the Settlement Class.

If the Court does not grant Final Approval of the Settlement, or if Final Approval is reversed on appeal, or if the Settlement does not become final for some other reason, Plaintiffs, Georgetown, and Settlement Class Members will be in the same position as they were before the execution of the Settlement, and the Settlement will have no legal effect, no class will remain certified (conditionally or otherwise), and Plaintiffs and Georgetown will continue to litigate the Lawsuit. There can be no assurance that, if the Settlement is not approved, the Settlement Class will recover more than is provided in the Settlement, or indeed, anything at all.

## WHERE CAN I GET ADDITIONAL INFORMATION?

This Notice is only a summary of the proposed Settlement. More details are in the Settlement Agreement which, along with other documents, can be obtained at ____. If you have any questions, you can also call the Settlement Administrator at 1-___ or Class Counsel at the numbers or email addresses set forth below. Besides the documents available on the case website, all pleadings and documents filed in court may be reviewed or copied in the Office of the Clerk.

***Please do not contact the Judge or the Clerk of the Court or Georgetown University about this case. They cannot give you advice on your options***.

## WHO REPRESENTS THE CLASS?

The Court has approved these attorneys to represent the Settlement Class. They are called "Class Counsel." You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may

hire one at your own expense.

Michael Tompkins
Leeds Brown Law, P.C.
One Old Country Road, Suite 347
Carle Place, NY 11514
Tel: (516) 873-9550
Mtompkins@leedsbrownlaw.com

Anthony Alesandro
Leeds Brown Law, P.C.
One Old Country Road, Suite 347
Carle Place, NY 11514
Tel: (516) 873-9550
aalesandro@leedsbrownlaw.com

**QUESTIONS? VISIT** ⬛

# Exhibit E

**Notice of Proposed Class Action Settlement (Postcard Version)**

COURT AUTHORIZED NOTICE OF CLASS
ACTION AND PROPOSED SETTLEMENT

Georgetown University Settlement
Settlement Administrator
P.O. Box 0000
City, ST 00000-0000

# GEORGETOWN UNIVERSITY'S RECORDS INDICATE YOU WERE A STUDENT WHO PAID, OR HAD PAID ON YOUR BEHALF, TUITION OR FEES TO GEORGETOWN UNIVERSITY FOR THE SPRING 2020 SEMESTER AND MAY BE ENTITLED TO A PAYMENT FROM A CLASS ACTION SETTLEMENT.

|||||||||||||||||||||||

Postal Service: Please do not mark barcode

XXX—«ClaimID»   «MailRec»

«First1» «Last1»
«C/O»
«Addr1»  «Addr2»
«City», «St»  «Zip» «Country»

By Order of the Court Dated: [date]

---

## GEORGETOWN SETTLEMENT

A Settlement has been reached in a class action lawsuit between Defendant Georgetown University ("Defendant" or "Georgetown") and certain individuals who have alleged that they, and the Settlement Class Members, are entitled to <u>partial</u> refunds of tuition and fees for the Spring 2020 Semester because Georgetown transitioned to remote instruction in March 2020 amid the COVID-19 pandemic in accordance with District of Columbia legal mandates. The case is *Gur-Ravantab, et al. v. Georgetown University et al.*, Case No. 1:22-cv-01038, in the United States District Court for the District of Columbia (the "Lawsuit"). The proposed Settlement is not an admission of wrongdoing by Georgetown, and Georgetown denies all allegations of wrongdoing and disclaims all liability with regard to all claims in the Lawsuit.

<u>Am I a Class Member?</u>  Georgetown's records reflect you may be a Class Member. You are a member of the Settlement Class if you were a Georgetown undergraduate student enrolled during the Spring 2020 semester for whom any amount of that semester's tuition and/or fees was paid from any source other than a scholarship/grant from Georgetown (e.g., your own funds, funding from a parent or other family member, a loan, or a non-Georgetown scholarship/grant), your tuition and fees have not been fully refunded, and you are not excluded from the Settlement Class.

<u>What Can I Get?</u>  A Settlement Fund of $1,500,000.00 will be established to pay all claims to the Settlement Class, together with notice and administration expenses, approved attorneys' fees and costs, and service awards. What remains of the $1,500,00.00 (after fees, costs, service awards, and expenses are paid) will be distributed based upon the percentage of tuition and fees paid to Georgetown.

<u>How Do I Get a Payment?</u>  Settlement Class Members will not need to take any action to receive their shares of the payment. Settlement Class Members will automatically receive their shares by check mailed to the Settlement Class Member's last known mailing address. Alternatively, if they prefer to receive their share by Venmo or PayPal, or update their mailing address for mailing of a check, they may visit the settlement website to complete an Election Form to provide their Venmo or PayPal information, or update their mailing information.

<u>What are My Other Options?</u>  You may exclude yourself from the Class by sending a letter to the Settlement Administrator no later than [objection/exclusion deadline]. If you exclude yourself, you cannot get a settlement payment, but you keep any rights you may have to sue the Defendant over the legal issues in the lawsuit. If you do not exclude yourself, you may object to the Settlement if you choose to do so. You and/or your lawyer have the right to appear before the Court and/or object to the proposed settlement. Your written objection must be filed with the Court no later than [objection/exclusion deadline]. Specific instructions about how to object to, or exclude yourself from, the Settlement are available at [www.___.com]. If you do nothing, and the Court approves the Settlement, you will be bound by all of the Court's orders and judgments. In addition, your claims relating to causes of action asserted in this case or which could have been brought in this case based upon the facts alleged regarding the Spring 2020 Semester will be released. "Mass" or "class" objections or opt outs will not be allowed.

<u>Who Represents Me?</u>  The Court has appointed Leeds Brown Law, P.C. to represent the class. These attorneys are called Class Counsel. You will not be charged for these lawyers. If you want to be represented by your own lawyer in this case, you may hire one at your expense.

<u>When Will the Court Consider the Proposed Settlement?</u>  The Court has already granted Preliminary Approval of the Settlement. A final hearing on the Settlement, called a "final approval" or "fairness" hearing, will be held to determine the fairness of the Settlement. At the Final Approval Hearing, the Court will also consider whether to make final the certification of the Settlement Class for settlement purposes, hear any proper objections to the Settlement, and consider requests for an award of attorneys' fees (not to exceed one-third of the total Settlement Fund), expenses not to exceed $75,000.00, and Service

Awards for the Lead Plaintiffs (not to exceed $7,000 total). The Court will hold the Final Approval Hearing on DATE, 2023, at TIME ET, at the United States District Court for the District of Columbia, 333 Constitution Ave. N.W., Washington D.C. 20001. The date and time of the Final Approval Hearing are subject to change by Court Order, and the hearing may be conducted remotely. Any changes, including instructions for how Settlement Class Members may attend the hearing if it is conducted virtually or by telephonic means, will be posted at the settlement website, _____ and on the Court's docket on PACER at http://ecf.dcd.uscourts.gov.

**How Do I Get More Information?** For more information, including a more detailed Notice, Election Form, a copy of the Settlement Agreement, and other documents, go to www.____.com, contact the settlement administrator at 1-___-___-____ or Settlement Administrator, [address], or call Class Counsel at 1-___-___-____.

_____
_____
_____

Georgetown University Settlement Administrator
c/o [Settlement Administrator]
PO Box 0000
City, ST 00000-0000

XXX

# Exhibit F

**Notice of Proposed Class Action
Settlement (Website Version)**

**WEBSITE NOTICE OF PROPOSED CLASS ACTION SETTLEMENT**

*Gur-Ravantab, et al. v. Georgetown University*, Case No. 1:22-cv-01038
(United States District Court for the District of Columbia)

**PLEASE READ THIS NOTICE CAREFULLY.** **If you were enrolled at Georgetown University as an undergraduate student during the Spring 2020 Semester and paid or incurred tuition and/or fees, you may be eligible to receive cash compensation from a class action settlement.** *This notice explains your rights and options and the deadlines to exercise them.*

*The United States District Court for the District of Columbia authorized this Notice. You are <u>not</u> being sued. This is <u>not</u> a solicitation from a lawyer.*

| WHY DID I GET THIS NOTICE? |
| --- |

- A Settlement has been reached in a class action lawsuit between Defendant Georgetown University ("Defendant" or "Georgetown") and certain individuals who have alleged that they, and the Settlement Class Members,[1] are entitled to partial refunds of tuition and fees for the Spring 2020 Semester because Georgetown transitioned to remote instruction in March 2020 amid the COVID-19 pandemic in accordance with District of Columbia legal mandates. The case is *Gur-Ravantab, et al. v. Georgetown University*, Case No. 1:22-cv-01038, in the United States District Court for the District of Columbia (the "Lawsuit"). The proposed Settlement is not an admission of wrongdoing by Georgetown, and Georgetown denies all allegations of wrongdoing and disclaims all liability with regard to all claims in the Lawsuit. The Court has granted preliminary approval of the Settlement and has conditionally certified the Settlement Class for purposes of settlement only.

- You are a member of the Settlement Class if you were a Georgetown undergraduate student enrolled during the Spring 2020 Semester for whom any amount of that Semester's tuition and/or fees was paid from any source other than a scholarship/grant from Georgetown (e.g., your own funds, funding from a parent or other family member, a loan, or a non-Georgetown scholarship/grant), and whose tuition and fees have not been fully refunded. You are not a Settlement Class Member if you opt out of the Settlement, if your Spring 2020 Semester tuition and fees were fully covered by scholarship and/or grant money from Georgetown, or if you otherwise were not obligated to make contributions, payments, or third-party arrangements towards tuition or fees for the Spring 2020 Semester.

- Under the Settlement Agreement, Georgetown will pay $1.5 million into a Settlement Fund. Some of that will go to Class Counsel for attorneys' fees and expenses, some will go to the Lead Plaintiffs as service awards, and some will pay for the costs of administering the settlement. What remains of the $1.5 million will be divided pro rata based on tuition and fees paid among the approximately <mark>XXX</mark> Settlement Class Members. Settlement Class Members do not need to take any action to receive their shares of the payment. Settlement Class Members will automatically receive their shares by check mailed to the Settlement Class Member's last known mailing address. Alternatively, if they prefer to receive their share by Venmo or PayPal, or update their mailing address for mailing of a check, Settlement Class Members may visit the settlement website to complete an Election Form to provide their Venmo or PayPal information, or to update their mailing address.

| **YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT** |
| --- |

---

[1] Definitions for terms used herein can be found in the Settlement Agreement available at <mark>      </mark>.

| Do nothing | Settlement Class Members who do nothing automatically receive a payment by check to the last known mailing address as reflected in Georgetown's records.  You will give up any rights you may have to sue Georgetown about the issues in this case. |
|---|---|
| Change Your Payment Options | Settlement Class Members may visit ▮▮▮ to (a) provide an updated mailing address for sending a check or (b) elect to receive the Cash Award by Venmo or PayPal instead of a paper check.  Settlement Class Members may also submit this information to the Settlement Administrator by mail at [address]. |
| Exclude yourself | You will not receive your Cash Award, but you will retain any rights you may have to sue Georgetown about the issues in this case.  The deadline to exclude yourself is [date]. |
| Object | Write to the Court explaining why you don't like the Settlement.  If the Court approves the Settlement, you will be bound by the Court's decision and the Settlement Agreement.  The deadline to object to the settlement is [date]. |
| Attend a hearing | Ask to speak in Court about the fairness of the Settlement during the Final Approval Hearing on [date]. |

***These rights and options—and the deadlines to exercise them—are explained in this Notice.  Please review this Notice carefully***.

The Court presiding over this case still has to decide whether to approve the Settlement.  The Cash Award made available by this Settlement will be provided only if the Court approves the Settlement and after any issues with the Settlement, including any appeals, are resolved.  Please be patient.

## WHAT IS THIS LAWSUIT ABOUT?

The lawsuit alleges that undergraduate students who were enrolled as undergraduates at Georgetown during the Spring 2020 Semester are entitled to partial refunds of tuition and fees because Georgetown transitioned to remote instruction in March 2020 amid the COVID-19 pandemic in accordance with District of Columbia legal mandates.  Georgetown denies each and every allegation of wrongdoing, liability, and damages asserted, and Georgetown denies that the claims in the Lawsuit would be appropriate for class treatment if the litigation proceeded through trial.

The Plaintiffs' Complaint, the Settlement Agreement, and other case-related documents are available on the Settlement Website, accessible at ▮▮▮▮ .

## WHY IS THIS A CLASS ACTION?

A class action is a lawsuit in which a person called a "Lead Plaintiff" or "Class Representative" (or several of them) sue(s) on behalf of people with similar legal claims.  These people, all together, are called a "Settlement Class" or "Settlement Class Members."  The Settlement, if finally approved by the Court, resolves the issues for all Settlement Class Members, except for those who exclude themselves from the Settlement Class.

## WHY IS THERE A SETTLEMENT?

The Plaintiffs and Georgetown have determined that it is in their best interests to settle and avoid the expenses and uncertainties associated with continued litigation. This Settlement resolves all claims asserted in the case against Georgetown and its affiliated persons and entities. The Plaintiffs and the attorneys for the Settlement Class believe the proposed settlement is in the best interests of the Class. The Settlement is not an admission of wrongdoing by Georgetown and does not imply that there has been, or would be, any finding that Georgetown violated any law if the case were to move forward. Georgetown denies each and every allegation of wrongdoing and liability in the Lawsuit. The Court did not reach a decision on the merits of the Lawsuit. The Court has preliminarily approved the Settlement and ordered that this notice be provided to explain it. Nevertheless, because the settlement of a class action determines the rights of all members of the class, the Court must give final approval to the Settlement before it can be effective. The Court has conditionally certified the Settlement Class for settlement purposes only, so that Settlement Class Members receive this Notice and have the opportunity to exclude themselves from the Settlement Class or to voice their support for or opposition to final approval of the Settlement. If the Court does not give final approval to the Settlement, or if the Settlement is terminated by the Parties, the Settlement will be void, and the lawsuit will proceed as if there had been no settlement and no certification of the Settlement Class.

## WHO IS IN THE SETTLEMENT CLASS?

You are a member of the Settlement Class if you were a Georgetown undergraduate student enrolled during the Spring 2020 Semester for whom any amount of that Semester's tuition and/or fees was paid from any source other than a scholarship/grant from Georgetown (e.g., your own funds, funding from a parent or other family member, a loan, or a non-Georgetown scholarship/grant), and whose tuition and fees have not been fully refunded. You are not a member of the Settlement Class if you are excluded from the Settlement Class. Excluded from the Settlement Class are:

(1) any Judge or Magistrate Judge presiding over this Action and members of their families;

(2) Defendant;

(3) persons who properly execute and file a timely request for exclusion from the class;

(4) the legal representatives, successors or assigns of any such excluded persons; and

(5) Georgetown undergraduate students who received a full scholarship from Georgetown or otherwise were not obligated to make contributions, payments, or third-party arrangements towards tuition or fees for the Spring 2020 Semester.

## WHAT ARE MY OPTIONS?

**(1)    Receive Payment By Check or Elect to Have Your Payment Made Electronically.**

The $1.5 million Settlement Fund, minus any attorneys' fees for Class Counsel, service awards for the Lead Plaintiffs (addressed below), and the costs of administering the settlement, will be divided pro rata among all Settlement Class Members. You will not need to take any action to receive your share of the settlement. Settlement Class Members will automatically receive their Cash Award by check mailed to the Settlement Class Member's last known mailing address as reflected in Georgetown's records. Alternatively, if they prefer to receive their share by Venmo or PayPal, they may visit the settlement website to provide their Venmo or PayPal information, or may provide that information to the Settlement Administrator by mail at the address below. If any Settlement Class Members fail to cash their Cash Award checks, those monies

from uncashed checks will be deposited in the [Student Assistance Fund] for the purpose of providing additional student aid.

**(2)     Exclude Yourself ("Opt out" of the Settlement).**

You may exclude yourself from the Settlement.  If you do so, you will not receive a Cash Award from the Settlement Fund.  You will not release any claims you may have against Georgetown and the Released Parties (as that term is defined in the Settlement Agreement, available for review at ____ ), and you will be able to pursue whatever legal rights you may have at your own risk and expense.

To exclude yourself from the Settlement, you must mail a timely letter to the Settlement Administrator at ____ , postmarked by [DATE].  Your request to be excluded from the Settlement must include your name and address, and a statement that you want to be excluded from the Settlement Class for purposes of this Settlement in *Gur-Ravantab, et. al v. Georgetown University*, Case No. 1:22-cv-01038, in the United States District Court for the District of Columbia.  You cannot ask to be excluded by phone or on the Settlement Website.  You may opt out of the Settlement Class only for yourself; one may not purport to opt others out of the Settlement Class on a class or representative basis.  "Mass" or "class" opt-outs will not be allowed.

**(3)     Object to the Settlement.**

If you are a Settlement Class Member (and do not exclude yourself from the Settlement Class), you can object to any part of the Settlement.  You can ask the Court to deny approval of the proposed settlement by filing an objection.  You cannot ask the Court to order a larger settlement; the Court can only approve or deny the Settlement.  If the Court denies approval, the benefits for Settlement Class Members described herein will not be provided, and the lawsuit will continue.

To object, you must file your objection in writing with the Court by [DATE].  Your objection must include the following:

- Your name and address;
- An explanation of the basis upon which you claim to be a Settlement Class Member;
- All grounds for the objection, including all citations to legal authority and evidence supporting the objection;
- The name and contact information of any and all attorneys representing, advising, or in any way assisting you in connection with the preparation or submission of the objection or who may profit from the pursuit of the objection (the "Objecting Attorneys");
- A statement indicating whether you intend to appear at the Final Approval Hearing (either personally or through counsel who files an appearance with the Court in accordance with the Local Rules); and
- If you or any of the Objecting Attorneys has objected to any class action settlement where the objector or the Objecting Attorneys asked for or received any payment in exchange for dismissal of the objection, or any related appeal, without any modification to the settlement, then a statement identifying each such case by full case caption and amount of payment received.

"Mass" or "class" objections will not be allowed.

**If you do not timely and validly make your objection, you will be deemed to have waived all objections and will not be entitled to speak at the Final Approval Hearing.**

If you file and serve a written objection and statement of intent to appear, you may appear at the Final Approval Hearing, either in person or through your personal counsel hired at your own expense, to object to the fairness, reasonableness, or adequacy of the Settlement.

If you wish to object, you must file your objection with the Court (using the Court's electronic filing system or in any manner in which the Court accepts filings) no later than [DATE].  You must also send a copy of your objection by mail, hand, or overnight delivery service (or by operation of the Court's CM/ECF system)

to the attorneys representing the Plaintiffs and the Settlement Class (specifically Michael Tompkins of Leeds Brown Law, P.C., One Old Country Road, Suite 347, Carle Place, NY 11514) and the attorneys representing Georgetown University (Alan E. Schoenfeld of Wilmer Cutler Pickering Hale and Dorr LLP, 7 World Trade Center, 250 Greenwich Street, New York, NY 10007), postmarked no later than [**DATE**].

If you hire an attorney in connection with making an objection, that attorney must also file with the Court a notice of appearance by [**DATE**]. If you do hire your own attorney, you will be solely responsible for payment of any fees and expenses the attorney incurs on your behalf. If you exclude yourself from the Settlement, you cannot file an objection. If you object and the Settlement is approved, you will still be entitled to receive benefits under the Settlement, and will be bound by the terms of the Settlement.

## COMPENSATION TO CLASS COUNSEL AND THE LEAD PLAINTIFFS

_Lead Plaintiff Compensation_. The Court may award reasonable service compensation to the Lead Plaintiffs for their service in the case, not to exceed seven thousand dollars ($7,000.00) total, which shall come from the Settlement Fund. This shall be in addition to any Cash Award that the Lead Plaintiffs may receive as Settlement Class Members.

_Class Counsel Attorneys' Fees, Costs, and Expenses_. The attorneys who brought the lawsuit (listed below) will ask the Court to award them attorneys' fees not to exceed one-third (33.33%) of the Settlement Fund ($500,000.00) plus reimbursement of costs and expenses in an amount not to exceed seventy-five thousand dollars ($75,000.00), for the time, expense and effort expended in investigating the facts, conducting the litigation, and negotiating the Settlement. Class Counsel's motion for attorneys' fees, costs and expenses, and Lead Plaintiff service awards will be filed with the Court and made available on the Settlement website no later than [**DATE**].

## WHAT RIGHTS AM I GIVING UP IN THIS SETTLEMENT?

Unless you exclude yourself from the Settlement, you cannot sue or be part of any other lawsuit against Georgetown or the Released Parties about the issues in this case. This specifically includes any claim for breach of contract or any tort, common law, or statutory claim arising out of or in any way allegedly related to Georgetown tuition, fees, and/or costs paid or incurred by or on behalf of any Settlement Class Member in connection with the Spring 2020 Semester. Unless you exclude yourself, all of the decisions and judgments by the Court will bind you.

The Settlement Agreement is available at ____. _The Settlement Agreement provides more detail regarding the Releases and describes the Released Claims with specific descriptions in necessary, accurate legal terminology, so read it carefully._ If you have any questions, you can talk for free to the attorneys identified below who have been appointed by the Court to represent the Settlement Class, or you are welcome to talk to any other lawyer of your choosing at your own expense.

## WHEN WILL I RECEIVE MY CASH PAYMENT?

Cash Awards will be distributed after the Court grants Final Approval to the Settlement. The Parties cannot accurately predict when (or whether) the Court will grant Final Approval to the Settlement, or whether there may be appeals from that order that take additional time to resolve, so please be patient. After the Court grants Final Approval to the Settlement, and after any appeals are resolved, Cash Awards will be paid within 60 days.

Updated information about the case will be made available at ____, or you can call the Settlement Administrator at ____, or contact Class Counsel at the information provided below.

## WHEN WILL THE COURT RULE ON THE SETTLEMENT?

The Court has already granted Preliminary Approval of the Settlement. A final hearing on the Settlement, called a "final approval" or "fairness" hearing, will be held to determine the fairness of the Settlement. At the Final Approval Hearing, the Court will also consider whether to make final the certification of the Settlement Class for settlement purposes, hear any proper objections to the Settlement, and consider requests for an award of attorneys' fees and expenses, and Service Awards for the Lead Plaintiffs. The Court will hold the Final Approval Hearing on [**DATE**], **2024**, at [**TIME**] **ET**, at the U.S. District Court for the District of Columbia, 333 Constitution Avenue N.W., Washington D.C. 20001. The date and time of the Final Approval Hearing are subject to change by Court Order, and the hearing may be conducted remotely. Any changes, including instructions for how Settlement Class Members may attend the hearing if it is conducted virtually or by telephonic means, will be posted at the settlement website, ____ and on the Court's docket on PACER at http://ecf.dcd.uscourts.gov.

If the Settlement is given Final Approval, the Court will not make any determination as to the merits of the claims or defenses at issue. Instead, the Settlement's terms will take effect and the Lawsuit will be dismissed on the merits with prejudice. Both sides have agreed to the Settlement to achieve an early and certain resolution to the Lawsuit, so it provides specific and valuable benefits to the members of the Settlement Class.

If the Court does not grant Final Approval of the Settlement, or if Final Approval is reversed on appeal, or if the Settlement does not become final for some other reason, Plaintiffs, Georgetown, and Settlement Class Members will be in the same position as they were before the execution of the Settlement, and the Settlement will have no legal effect, no class will remain certified (conditionally or otherwise), and Plaintiffs and Georgetown will continue to litigate the Lawsuit. There can be no assurance that, if the Settlement is not approved, the Settlement Class will recover more than is provided in the Settlement, or indeed, anything at all.

## WHERE CAN I GET ADDITIONAL INFORMATION?

This Notice is only a summary of the proposed Settlement. More details are in the Settlement Agreement which, along with other documents, can be obtained at ____. If you have any questions, you can also call the Settlement Administrator at 1-____ or Class Counsel at the numbers or email addresses set forth below. Besides the documents available on the case website, all pleadings and documents filed in court may be reviewed or copied in the Office of the Clerk.

***Please do not contact the Judge or the Clerk of the Court or Georgetown University about this case. They cannot give you advice on your options***.

## WHO REPRESENTS THE CLASS?

The Court has approved these attorneys to represent the Settlement Class. They are called "Class Counsel." You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

Michael Tompkins
Anthony Alesandro
LEEDS BROWN LAW, P.C.
One Old Country Road, Suite 347
Carle Place, NY 11514
Tel: (516) 873-9550
Mtompkins@leedsbrownlaw.com
Aalesandro@leedsbrownlaw.com

# Exhibit G

**Biography of Hon. Suzanne H. Segal (Ret.)**



# SIGNATURE
### RESOLUTION

# Hon. Suzanne H. Segal (Ret.)

**MEDIATOR | ARBITRATOR | SPECIAL MASTER | DISCOVERY REFEREE**

Century City | Los Angeles | Oakland | San Diego | Virtual Services

> "I truly enjoy using my experience as a lawyer and a judge to help parties find efficient, practical and cost-effective solutions to resolve their disputes."

## BIOGRAPHY

During her tenure on the federal bench, Judge Segal presided over numerous trials, evidentiary hearings, motions, and discovery conferences involving diverse subject matter. Judge Segal served as the settlement judge in hundreds of cases, settling business and insurance disputes; patent, trademark, and copyright actions; and employment, civil rights, and tort cases. Judge Segal handled a wide range of motions and settlements arising out of class actions, particularly in the wage and hour context.

Judge Segal has broad experience in securities litigation, including matters brought by private investors and the SEC. In addition, Judge Segal has extensive experience in matters involving the False Claims Act and related actions involving the healthcare industry.

Judge Segal has served as a special master or discovery referee in cases involving the False Claims Act, mass tort and insurance claims, patent litigation, and product liability claims.

Before her appointment to the bench, Judge Segal served as an Assistant United States Attorney in the Civil Division of the Los Angeles U.S. Attorney's Office for 12 years. As an AUSA, Judge Segal handled a variety of cases, including contract, employment, civil rights, Medicare reimbursement, and tort claims. She also brought consumer and civil rights actions on behalf of the Department of Justice. From 1999 to 2002, she served as the Chief of Civil Appeals for the U.S. Attorney's Office. Prior to serving in the U.S. Attorney's Office, Judge Segal was a civil litigator at Dewey, Ballantine and Adams, Duque and Hazeltine.

Judge Segal has also served as a lecturer in Law at UCLA School of Law and Loyola Law School.

Judge Segal is known for her work ethic and persistent dedication to reach a positive result for the parties.

## PRACTICE AREAS

- Business and Commercial Contracts
- Civil Rights
- Class Action
- Copyright and Trademark
- Employment
- Entertainment
- Healthcare
- Insurance
- Intellectual Property
- Legal Malpractice
- Patent
- Product Liability
- Real Estate
- Securities
- Special Master Duties
- Wage & Hour

## EDUCATION

- J.D., Cornell Law School
- B.A., Claremont McKenna College, cum laude

## EXPERIENCE

- **U.S. Magistrate Judge**, United States District Court (2002–2020)
- **Chief U.S. Magistrate Judge**, United States District Court (2012–2016)
- **Chief of Civil Appeals**, United States Attorney's Office (1999–2002)
- **Assistant U.S. Attorney**, United States Attorney's Office (1990–2002)
- **Litigation Associate**, Dewey Ballantine and Adams, Duque (1986–1990)

## PROFESSIONAL ACHIEVEMENTS AND MEMBERSHIPS

- **Member**, National Academy of Distinguished Neutrals (2022)
- **Los Angeles Intellectual Property Law Association Distinguished Public Service Award** (2014)
- **Member**, American Bar Association, Section of Intellectual Property
- **Executive Committee**, Paul R. Michel Intellectual Property Inn of Court
- **Member**, Los Angeles Intellectual Property Law Association
- **Executive Committee**, Litigation Section, Los Angeles County Bar Association (2009–2019)
- **Executive Board**, Federal Litigation Section, Federal Bar Association (national)

- **Secretary/Treasurer**, Federal Litigation Section, Federal Bar Association (national) (2020–2021)
- **Executive Board**, Federal Bar Association, Los Angeles Chapter (2010–2019)
- **Board of Directors and Judicial Advisory Council**, Association of Business Trial Lawyers
- **Fellow**, American Bar Foundation

## CASE STUDIES

"She is really, really good at settlement." (Almanac of the Federal Judiciary)

"I have done dozens of mediations and settlement conferences over 44 years of practicing law — with judges and private mediators all over the country — and Judge Segal was truly one of the most effective in getting a complicated and difficult case resolved." (Partner at AM 100 law firm)



# Exhibit H

**Leeds Brown Law, P.C. Biography**

**Leeds Brown Law,**
**P.C.Firm Biography**

**Leeds Brown Law, P.C.** **("LBL")** has considerable experience litigating class action lawsuits, especially those in state and federal courts in New York. *See e.g., Griffin v. Aldi, Inc.* 16-cv-00354-LEK-ATB (N.D.N.Y. Nov. 15, 2018) (working with the other firms to obtain final approval of $9.8 million settlement on behalf of store managers across the nation); *Weinstein v. Jenny Craig Operations, Inc.*, 138 A.D.3d 546 (1st Dept. 2016) (upholding certification of employees at Jenny Craig's branches and locations in New York); *Marcus v. AXA Advisors, LLC*, 11-CV-2339 (SJ)(SMG) (E.D.N.Y. Oct. 21, 2015) (granting nationwide conditional certification under the FLSA of over 2,000 financial service workers before approving class wide settlement). *Booth v. Molloy College*, 2022 N.Y. Slip Op 34476(U) (Sup. Ct. Nassau Cty., Dec. 12, 2022) (granting class certification as to all enrolled students during the Spring 2020 semester and appointing Leeds Brown Law as class counsel); *Dean v. Marvyille Univ. of St. Louis*, Cause NO. 20SL-CC02850 (Mo. Cir. Ct., St. Louis Cty. Aug. 8, 2023) (granting class certification with LBL along with co-counsel as Class Counsel); *Stewart v. Univ. of Maine System*, Civil Action Docket No. CV-20-537 (Me. Superior Ct., Cumberland Cnty., Sept. 8, 2023) (granting class certification with LBL serving as Class Counsel, along with co-counsel).

Additionally, LBL recently secured a decision from the New York Appellate Division, Second Department, that acknowledged two new causes of action and extended worker protections to temporary staffing workers. *See Membrives v. HHC TRS FP Portfolio*, 196 A.D.3d 560 (2d Dept.2021). During February 2022, LBL was recognized for its work on behalf of students at the University of La Verne that alleged that failed to receive the services they contracted and paid for. *See Arredonodo v. Univ. of La Verne*, Case No. 2:20-cv-7665(MCS)(RAO) (C.D. Cal. Feb. 8, 2022):

> Counsel here has done significant work in identifying and investigating potential claims, including bringing a meritorious motion for class certification supported by ample evidence. Counsel also has a wealth of experience handling class actions. [Citing the declaration of Michael A. Tompkins]. The only firm without substantial class action experience, Charon Law, has experienced co-counsel as support… Counsel has demonstrated strong knowledge of the applicable law throughout the briefing process for this class certification motion. And finally, counsel has demonstrated it will commit sufficient resources to represent the class in this heavily litigated case.

In *Miazza, Gunter v. LSU,* Case No. C-696918 (La. 19th Jud. Dist., May 12, 2023), Leeds Brown Law, P.C. was appointed as "Co-Lead Class Counsel" and the Court noted that "This Court also finds that Plaintiff Gunter is represented by counsel who are experienced in and familiar with class actions generally, as well as uniquely qualified and successful in similar cases on behalf of students in this state and across the country against colleges and universities that closed campus following the outbreak of COVID-19… In short, it is clear that proposed class counsel have the experience, resources, and expertise to adequately represent the Class."); *see also Stewart v. Univ. of Maine System*, Civil Action Dkt. CV20-537 (noting that "[LBL along

with co-counsel] has demonstrable expertise litigating COVID-19 university tuition refund class action lawsuits."). Additionally, LBL was appointed to serve on the executive committee in the matter *Wilson v. Walmart Inc.*, Case No. 3:21-CV-00082(DPM), wherein it is alleged that the makers and distributors of baby food failed to disclose that its products contained elevated amounts of toxic heavy metals -- in accordance with a U.S. House of Representative Report by the Subcommittee on Economic and Consumer Policy Committee on Oversight and Reform (Feb. 4, 2021);

Leeds Brown Law, P.C. also has substantial experience settling class actions in state and federal courts in New York. *See e.g., Settecasi v. Gotham Hall LLC*, 2022 NYLJ LEXIS 494 (Sup. Ct. N.Y. Cty. 2022) (denying defendants' summary judgment application and granting class certification); *Rutella v. National Secs. Corp.*, 2022 N.Y. Misc. LEXIS 2311 (Sup. Ct. Nassau Cty., May 25, 2022) (denying defendants' summary judgment motion and granting class certification for all workers in New York at four primary locations dating back to 2010); *Ramlochan v. Westchester Shores Event Holdings, Inc.*, Index No. 53509/2018 (Sup. Ct. Westchester Cty. Jan. 25, 2021) (in approving award of attorneys' fees, court acknowledged "the significant award agreed upon here comports with the firm's significant level of experiences and substantial work performed in the course of the litigation and the settlement process in this action"); *Settecasi v. Ark Restaurant Corp.*, Index No. 154038/2018 (Sup. Ct. N.Y. Cty., Aug. 3, 2022) (approving class wide settlement at several catering facilities in New York City); *Luchko v. Barclay Operating Corp.* Index No. 157657/2020 (Sup. Ct. N.Y Cty. Jan. 5, 2022); *Waloven v. Forty Eight Lounge, LLC*, Index No. 603608/2021 (Sup. Ct. Nassau Cty. Oct. 15, 2021); *Cantelmo v. Ravel Hotel LLC*, Index No. 606182/2020 (Sup. Ct. Nassau Cty. Sept. 29, 2021); *Robinson v. Wildlife Conservation Society*, Index No. 502823/2019 (Sup. Ct. Kings Cty. Sept. 9, 2021); *Villasin v. Marriott Hotel Services, Inc.*, Index No. 608511/2017 (Sup. Ct. Nassau Cty. Aug. 16, 2021); *Barnes v. PH New York, LLC*, 157340/2018 (Sup. Ct. N.Y. Cty. Apr. 6, 2021); *In re Mt. Fuji Restaurant Class Action Lawsuit*, Index No. 614047/2020 (Sup. Ct. Nassau Cty. Mar. 19, 2021); *Islam v. Morgans Hotel Group Management LLC*, Index No. 612723/2020 (Sup. Ct. Nassau Cty. Mar. 18, 2021); *Sanchez v. Craft Beekman, LLC*, Index No, 154833/2019 (Sup. Ct. N.Y. Cty. Mar. 17, 2021); *Mauro v. Gurney's Inn Resort & Spa LLC*, Index No. 616077/2019 (Sup. Ct. Nassau Cty. Mar. 15, 2021); *Cedeno v. Hibernia Construction LLC*, Index No. 605947/2017 (Sup. Ct. Nassau Cty. Mar. 8, 2021); *Gonzalez v. Sterling Caterers, Inc.*, Index No. 603074/2019 (Sup. Ct. Nassau Cty. Feb. 26, 2019); *Padder v. Levy Premium Foodservice Limited Partnership,* Index No. 518187/2018 (Sup. Ct. Kings Cty. Dec. 9, 2020); *Gonzalez v. Masgad Corp.*, Index No. 607031/2018 (Sup. Ct. Nassau Cty. Oct. 7, 2020); *Angulo v. Parm Battery Park LLC*, Index No. 508280/2020 (Sup. Ct. Kings Cty. Sept. 28, 2020); *Cortes v. Pacific Langham New York Corporation*, Index No. 154853/2018 (Sup. Ct. N.Y. Cty. June 17, 2020); *Vizcaino v. The Ritz Carlton Hotel Company, L.L.C.*, Index No. 607281/2016 (Sup. Ct. Suffolk Cty. May 29, 2020); *Pinzon v. Summit Development Corp.*, Index No. 604025/2016 (Sup. Ct. Nassau Cty. May 11, 2020); *Contreras v. Salem Golf Club Associates, LLC*, Index No. 63967/2018 (Sup. Ct. Westchester Cty. Mar. 16, 2020); *James-Howell v. Family Residences and Essential Enterprises, Inc.*, Index No. 605950/2017 (Sup. Ct. Mar. 11, 2020); *Santa Maria v. Aimbridge Hospitality, LLC*, Index No. 2018-51928 (Sup. Ct. Dutchess Cty. Feb. 24, 2020); *Padder v. Logans Sanctuary LLC*, Index No. 602455/2018 (Sup. Ct. Nassau Cty. Feb. 19, 2020); *Diaz v. Anvil NY LLC*, Index No. 525279/2018 (Sup. Ct. Kings Cty. Jan. 9, 2020); *Godfrey v. The Executive Club LLC*, Index No. 512924/2018 (Sup. Ct. Kings

Cty. Dec. 18, 2019); *Ramlochan v. Manhasset Bay Yacht Club*, Index No. 605618/2018 (Sup. Ct. Nassau Cty. Dec. 11, 2019); *Ferguson v. The Lure Group*, Index No. 156054/2017 (Sup. Ct. N.Y. Cty. Dec. 3, 2019); *Destefano v. Cold Spring Country Club, Inc.*, Index No. 617008/2017 (Sup. Ct. Suffolk Cty. Nov. 25, 2019); *Ascensio v. Dinosaur Restaurant, LLC*, Index No. 154847/2017 (Sup. Ct. N.Y. Cty. Nov. 12, 2019); *Robinson v. Access Food & Beverage, Inc.*, Index No. 152746/2018 (Sup. Ct. N.Y. Cty. Nov 8, 2019); *Contreras v. Dania Marina, Inc.*, Index No. 5436/2018 (Sup. Ct. Westchester Cty. Oct. 3, 2019); *Posner v. NYS Pool Management Company, Inc.*, Index No. 609371/2017 (Sup. Ct. Nassau Cty. Sept. 26, 2019); *Maria v. Sankara NY, LLC*, Index No. 51469/2018 (Sup. Ct. Westchester Cty. Aug. 20, 2019); *Settecasi v. Michael Scott Catering LLC*, Index No. 601994/2018 (Sup. Ct. Nassau Cty. Aug. 19, 2019); *Torres v. Old Oaks Country Club, Inc.*, Index No. 63047/2017 (Sup. Ct. Westchester Cty. Aug. 16, 2019); *Ayasi v. Sirena Restaurant, Inc.*, Index No. 504596/2019 (Sup. Ct. Kings. Cty. Aug. 7, 2019); *Locandro v. Willow Ridge Country Club, Inc.*, Index No. 63740/2017 (Sup. Ct. Westchester Cty. July 16, 2019); *McShane v. Foxsco Inc.*, Index No. 607129/2017 (Sup. Ct. Nassau Cty. July 8, 2019); *Maor v. Volume Service America, Inc.*, Index No. 158298/2014 (Sup. Ct. N.Y. Cty. June 6, 2019); *Blue v. MDC Tavern Corp.*, Index No. 600162/2017 (Sup. Ct. Nassau Cty. May 22, 2019); *Fernandez v. Masterpiece Caterers, Corp.*, Index No. 51469/2018 (Sup. Ct. N.Y. Cty. May 7, 2019); *Montero v. 333 Bayville Avenue Restaurant Corp.*, Index No. 603760/2017 (Sup. Ct. Nassau Cty. May 6, 2019); *Maor v. GAC Caterers, Inc.*, Index No. 25669/2017 (Sup. Ct. Bronx Cty, May 6, 2019); *Fredericks v. Derek Lam International LLC*, Index No. 154922/2015 (N.Y. Sup. Ct. N.Y. Cty. May 30, 2018); *Craparotta v. Ralph Lauren Corporation*, Index No. 153553/2015 (N.Y. Sup. Ct. N.Y. Cty. May 1, 2018); *Huggins v. Gucci America, Inc.*, Index No. 161446/2014 (N.Y. Sup. Ct. N.Y. Cty. Apr. 30, 2018); *Jailall v. Diesel U.S.A., Inc.*, Index No. 156210/2015 (N.Y. Sup. Ct. N.Y. Cty. Mar. 28, 2018); *Podell v. Alexander Wang Global Retail LLC*, Index No. 600355/2015 (N.Y. Sup. Ct. Nassau Cty. Dec. 19, 2017); *Smith v. The Donna Karan Company LLC*, Index No. 157912/2013 (N.Y. Sup . Ct. N.Y. Cty. Nov. 13, 2017); *Zarembra v. Gilt Groupe, Inc.*, Index No. 151631/2017 (N.Y. Sup. Ct. N.Y. Cty. Oct. 25, 2017); *Lass v. Alice (Plus) Olivia, LLC*, Index No. 150527/2015 (N.Y. Sup. Ct. N.Y. Cty. Oct. 10, 2017); *Warren v. Marc Jacobs International, LLC*, Index No. 160107/2014 (N.Y. Sup. Ct. N.Y. Cty. Sept. 20, 2017); *Kocivar v. Wenner Media LLC*, Index No. 150756/2015 (N.Y. Sup. Ct. N.Y. Cty Aug. 2, 2017); *Giraudo v. Dolce & Gabbana, USA, Inc.*, Index No. 652522/2015 (N.Y. Sup. Ct. N.Y. Cty Jul. 19, 2017); *Awogbile v. Kenneth Cole Productions, Inc.*, Index No. 161886/2014 (N.Y. Sup. Ct. N.Y. Cty. Jul. 18, 2017); *Carden v. IMG Worldwide, LLC*, Index No. 162501/2014 (N.Y. Sup. Ct. N.Y. Cty. May 30, 2017); *Mendez v. KCD, Inc.*, Index No. 155702/2015 (N.Y. Sup. Ct. N.Y. Cty. Jan. 4, 2017); *Whitlow v. Burberry Limited*, Index No. 150529/2015 (N.Y. Sup. Ct. N.Y. Cty. Nov. 15, 2016); *Smith v. Fendi North America, Inc.*, Index No. 151756/2015 (N.Y. Sup. Ct. Nassau Cty. Oct. 19, 2016); *Grant v. Warner Music Group Corp.*, Case No. 13-CV-449 (PGG) (S.D.N.Y. Mar. 10, 2016); *Vitetta v. Sirius XM Radio Inc.*, Case No. 14-CV-2926 (VEC) (S.D.N.Y. Feb. 17, 2016); *Arias v. Clear Channel Broadcasting, Inc.*, Case No. 14-CV-05088 (SN) (S.D.N.Y. Feb. 2, 2016); *O'Jeda v. Viacom*, 13 Civ. 5658 (JMF)(GWG) (S.D.N.Y Jan. 13, 2016).*Villasin v. Glenarbor Golf Club, LLC*, Index No. 608512/2017 (Sup. Ct. Nassau Cty. Apr. 25, 2019); *Heale v. Hickory Ridge Golf & Country Club Inc.*, Index No. E2017000673 (Sup. Ct. Monroe Cty. Apr. 5, 2019); *Salzman v. Coveleigh Club, Inc.*, Index No. 608525/2017 (Sup. Ct. Nassau Cty. Apr. 2, 2019); *Villasin v. American Yacht Club*, Index No. 608975/2017 (Sup. Ct. Nassau Cty. Jan. 10, 2019); *Salzmann v. Metropolis Country Club, Inc.*, Index No. 608527/2017 (Sup. Ct. Nassau Cty. Jan. 7, 2019).

Jeffrey K. Brown of Leeds Brown Law is a graduate of SUNY Albany and Hofstra Law School, and is the managing partner of Leeds Brown Law. Since his admission to the New York State Bar in 1997, Mr. Brown has served as lead counsel in hundreds of class actions and individual cases for unpaid wages, overtime and tips, sexual harassment and employment discrimination in the New York City Metropolitan area which have generated millions of dollars for the Firm's Clients. Among just a few of his highlights, Mr. Brown served as lead counsel in a real estate discrimination case, *Board of Managers of Vista Tower Condominium v. Roosevelt Avenue Associates*, in which the Firm recovered approximately $19 million on behalf of 135 Asian condominium owners in Flushing, Queens. In other actions, Mr. Brown has been recognized for his work. See e.g., *Colabufo v. CNA Financial Corp.*, 04-CV-1863(BMC) (S.D.N.Y. July 31, 2009) ("We're obviously dealing with high-end lawyers in this case … It seems like they gave their all to this. It seems like it would be an overstatement to say 'sweat blood,' but it sounds to me like there was a lot of sweating involved on both sides in this and the plaintiffs, no question, earned their fee in this ... You can't argue to that unless you point to some specific infirmity in counsel's performance and there is no suggestion of that here … [P]laintiffs' law firms … appeared to have done an excellent job in this, so I don't have any question about the adequacy of representation of the class.").

Michael A. Tompkins of Leeds Brown Law is a graduate of the University of North Carolina – Chapel Hill (B.A.), Indiana University – Bloomington (M.S.), and Hofstra University School of Law (J.D.) and works for Leeds Brown Law on complex litigation related to class and collective actions. Mr. Tompkins has also been involved in large scale securities class actions andconsumer fraud class actions in various courts. Mr. Tompkins has served as class counsel in dozens of class actions and has been acknowledged for his involvement in those cases. *See e.g. Malcok v. SEB Service of New York, Inc.*, Case No. 11-CV-5089(MDG) (E.D.N.Y. March 13, 2017) ("[Mr. Jeffrey K. Brown, Mr. Michael A. Tompkins, Ms. Suzanne Leeds and co- counsel] have experience litigating class and collective actions based on wage and hour claims.…This Court observed counsel's performance in this action … and finds that their performance in both litigating and settling this case demonstrates their commitment to the classes and to representing the interests of the classes."); *see also Tart v. Lions Gate Entm't Corp.*, 2015 U.S. Dist. LEXIS 139266 at *7 (S.D.N.Y. Oct. 13, 2015) ("Virginia & Ambinder, LLP and Leeds Brown Law, P.C. are experienced and well-qualified employment and class action lawyers with expertise in prosecuting and settling labor law cases."); *Cohan v. Columbia Sussex Management, LLC*, 2018 U.S. Dist. LEXIS 170192 (E.D.N.Y. Sept. 28, 2018) ("Class counsel [LBL and V&A]are well known class action employment lawyers who have extensive experience and special expertise in prosecuting and settling FLSA and NYLL wage and hour cases."); *Garcia v. Exec. Club LLC*, No. 10-cv-1545 (SHS), 2012 U.S. Dist. LEXIS 189823 (S.D.N.Y. May 10, 2012) ("Class Counsel [V&A and LBL] have experience prosecuting and settling employment class actions, including wage and hour class actions and are well-versed in wage and hour law and in class action law."); *Varela v. Building Services Industries, LLC*, Index No. 600037/2016 (Sup. Ct. Nassau Cty. June 21, 2018) ("the Court finds that class counsel [including Michael A. Tompkins] have established their significant experience prosecuting employment class actions and their work performed in the representing the interests of the class members in this action."). In 2019, Honorable Gretchen Walsh, J.S.C. Commercial Division, Westchester County, commended Leeds Brown Law, P.C. for its work and vigorous representation of its clients, including the class, in *Contreras v. Dania Marina, Inc.*, Index No. 54536/2018 (Sup. Ct.

Westchester Cty., Oct. 3, 2019), when approving the class-wide settlement. Mr. Tompkins has also spoken as symposiums and events regarding wage violations, class actionsettlements, and worker protections. Additionally, Mr. Tompkins serves on the Nassau County Comptroller's Living Wage Advisory Committee and is admitted to practice in New York State, Eastern District of New York, Southern District of New York, Northern District of New York, the Second Circuit Court of Appeals, Fifth Circuit Court of Appeals, and Tenth Circuit Court of Appeals.

Brett R. Cohen of Leeds Brown Law is a graduate of Fordham Univ. School of Law (J.D.) and the University of Wisconsin-Madison (B.S.), and previously worked under Hon. Arthur M. Diamond, J.S.C. of New York State Supreme Court Nassau County prior to joining Leeds Brown Law. Mr. Cohen is admitted to practice in New York, California, and Florida, and has served as lead counsel for Leeds Brown Law, in several actions that have resolved themselves in recent years, including for alleged stolen gratuities. *See e.g., Aguiar v. Airport Inn Inc.*, Index No. 603675/2018 (Sup. Ct. Nassau Cty., Feb. 7, 2022) (approving Brett Cohen, Michael Tompkins and Jeffrey K. Brown as class counsel "based on their experience litigating class actions, including those under the Labor Law and the Hospitality Wage Order"); *Luchko v. Barclay Operating Corp.* Index No. 157657/2020 (Sup. Ct. N.Y Cty. Jan. 5, 2022); *Waloven v. Forty Eight Lounge, LLC*, Index No. 603608/2021 (Sup. Ct. Nassau Cty. Oct. 15, 2021); *Cantelmo v. Ravel Hotel LLC*, Index No. 606182/2020 (Sup. Ct. Nassau Cty. Sept. 29, 2021); *Robinson v. Wildlife Conservation Society*, Index No. 502823/2019 (Sup. Ct. Kings Cty. Sept. 9, 2021); *Villasin v. Marriott Hotel Services, Inc.*, Index No. 608511/2017 (Sup. Ct. Nassau Cty. Aug. 16, 2021); *Barnes v. PH New York, LLC*, 157340/2018 (Sup. Ct. N.Y. Cty. Apr. 6, 2021); *In re Mt. Fuji Restaurant Class Action Lawsuit*, Index No. 614047/2020 (Sup. Ct. Nassau Cty. Mar. 19, 2021); *Islam v. Morgans Hotel Group Management LLC*, Index No. 612723/2020 (Sup. Ct. Nassau Cty. Mar. 18, 2021); *Sanchez v. Craft Beekman, LLC*, Index No, 154833/2019 (Sup. Ct. N.Y. Cty. Mar. 17, 2021); *Mauro v. Gurney's Inn Resort & Spa LLC*, Index No. 616077/2019 (Sup. Ct. Nassau Cty. Mar. 15, 2021). In one recent case, Judge Terry J. Ruderman acknowledged Leeds Brown. See *Ramlochan v. Westchester Shores Event Holdings, Inc. et. al.* Index No. 53509/2018 (N.Y. Sup. Ct. Westchester Cty. April 23, 2020), where the Honorable Terry J. Ruderman grants class certification and states that Plaintiffs' counsel "has shown its ability to manage a class action…"). Brett is admitted in New York, Florida, and California, along with various United States District Courts in those states.

Anthony M. Alesandro of Leeds Brown Law is a graduate of SUNY Albany (B.A.) and Maurice A. Deane School of Law at Hofstra University (J.D.). Mr. Alesandro has served as part of the Leeds Brown Law complex litigation team since 2018 during which time he has worked on several class actions that have resolved in recent years including *Contreras v. Dania Marina, Inc.*, Index No. 54536/2018 (Sup. Ct. Westchester Cty., Oct. 3, 2019)("Thank you for all your efforts on both sides here. I think everybody was vigorously represented in this action. And I commend counsel for their work as well"); *Settecasi v. Ark Restaurants Corp, et. al.*, Index No. 154038/2018 (Sup. Ct. N.Y. Cty., Oct. 3, 2018); *Cedeno et al v. Hibernia Construction, Inc. et al*, Index No. 605947/2017 (Sup. Ct. Nassau Cty. Mar. 12, 2021); among others. Further, Mr. Alesandro has worked on Leeds Brown Tuition Refund team since March 2020, during which time Leeds Brown has had success in litigating and settling cases on behalf of students around the country. *See e.g.*, *Dean v. Marvyille Univ. of St. Louis*, Cause No. 20SL-CC02850 (Mo. Cir.

Ct., St. Louis Cty. Aug. 8, 2023) (granting class certification with LBL along with co-counsel as Class Counsel); *Booth v. Molloy College*, Index No. 608750/2020 (Sup. Ct. Nassau Cty. Oct. 18, 2023)(granting final approval of the class action settlement); *Porter v. Emerson College*, Case No. 1:20-cv-11897-RWZ (D.Mass. Nov. 27, 2022)(granting final approval of the class action settlement); *see also Staubus v. Regents of the Univ. of Minnesota*, Court File NO. 27-cv-20-8546 (Minn. 4th Jud. Dist., Aug. 29, 2023) (granting final approval); *Kincheloe v. Univ. of Chicago*, Case No. 1:20-cv-3015 (N.D. Ill. Aug. 16, 2023) (granting preliminary approval motion due by Oct. 17, 2023). Mr. Alesandro is admitted to the New York Bar, The Southern District of New York, and the Eastern District of New York.

In total, Mr. Brown, Mr. Tompkins, Mr. Cohen, and Mr. Alesandro have been involved in more than 90 class or collective actions settlements,which has resulted in over $90,000,000 available to class members to collect since 2011.

# Exhibit I

## Declaration of Rebekah Morrison

Case 1:22-cv-01038-TNM Document 69-15 Filed 07/16/24 Page 94 of 142

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

EMIR GUR-RAVANTAB and EMILY
LAMA, individually and on behalf of
others similarly situated,

*Plaintiffs*,

v.                                               Case No. 1:22-cv-01038-TNM

GEORGETOWN UNIVERSITY,

*Defendant.*

<u>**DECLARATION OF REBEKAH MORRISON IN SUPPORT OF MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**</u>

I, Rebekah Morrison, submit the following declaration under penalty of perjury and declare the following statements to be truthful and accurate to the best of my recollection at the time:

1.       I am over the age of 18 years, am a resident of Massachusetts, and submit this declaration in support of the motion for preliminary approval of class action settlement and for notice to be distributed to my fellow classmates so they can evaluate the settlement.

2.       I conferred with my attorneys at Leeds Brown, including Michael Tompkins and Anthony Alesandro when the parties agreed to engage in settlement negotiations, and agreed that the Parties should discuss settlement.

3.       I had conversations with my attorneys and was involved throughout the settlement negotiations process with Georgetown University.

4.       I agree with my counsel that the mediator's recommendation that the Action be settled for the sum of $1,500,000.00 by the University, should be accepted as in the best interest of the Class.

5.       I had discussions with my attorneys and reviewed and approved of the term sheet that represented the materials terms of the settlement agreement.

6.       I had discussions with my attorneys and reviewed the Settlement Agreement as presented to the Court and believe it is fair and reasonable and in the best interest of the Class.

7.       I understand the proposed process for approval of the Class settlement, and I agree that it gives Class Members a chance to review the settlement and make an informed decision.

8.       I will continue to serve in my role as a Class Representative through the conclusion of this action.

9.       I hope this Court approves the proposed settlement, and to the extent I can be of

any further help to the Court, I will make myself available.


Dated: April 17, 2024                    _____
District of Columbia                              Rebekah Morrison

# Exhibit J

## Declaration of Sean Kazmi

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

EMIR GUR-RAVANTAB and EMILY
LAMA, individually and on behalf of
others similarly situated,

*Plaintiffs*,

v.

Case No. 1:22-cv-01038-TNM

GEORGETOWN UNIVERSITY,

*Defendant.*

## DECLARATION OF SEAN KAZMI IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

I, Sean Kazmi, submit the following declaration under penalty of perjury and declare the following statements to be truthful and accurate to the best of my recollection at the time:

1.     I am over the age of 18 years, am a resident of New York, and submit this declaration in support of the motion for preliminary approval of class action settlement and for notice to be distributed to my fellow classmates so they can evaluate the settlement.

2.     I conferred with my attorneys at Leeds Brown, including Michael Tompkins and Anthony Alesandro when the parties agreed to engage in settlement negotiations, and agreed that the Parties should discuss settlement.

3.     I had conversations with my attorneys and was involved throughout the settlement negotiations process with Georgetown University.

4.     I agree with my counsel that the mediator's recommendation that the Action be settled for the sum of $1,500,000.00 by the University, should be accepted as in the best interest of the Class.

5.     I had discussions with my attorneys and reviewed and approved of the term sheet that represented the materials terms of the settlement agreement.

6.     I had discussions with my attorneys and reviewed the Settlement Agreement as presented to the Court and believe it is fair and reasonable and in the best interest of the Class.

7.     I understand the proposed process for approval of the Class settlement, and I agree that it gives Class Members a chance to review the settlement and make an informed decision.

8.     I will continue to serve in my role as a Class Representative through the conclusion of this action.

I hope this Court approves the proposed settlement, and to the extent I can be of any further help to the Court, I will make myself available.

Dated: April 17, 2024
New York, New York



Sean Kazmi

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EMIR GUR-RAVANTAB and EMILY LAMA, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GEORGETOWN UNIVERSITY,<br><br>Defendant. | Civil No. 1:22-cv-01038 |

**UNOPPOSED MEMORANDUM OF LAW IN SUPPORT OF REBEKAH MORRISON AND SEAN KAZMI'S MOTION TO INTERVENE PURSUANT TO RULE 24 AND FOR PRELIMINARY APPROVAL OF CLASS ACTION <u>SETTLEMENT PURSUANT TO RULE 23</u>**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................... iii

I.     INTRODUCTION ............................................................................... 1

II.    FACTUAL AND PROCEDURAL BACKGROUND................................. 2

III.   ARGUMENT ..................................................................................... 4

   A.   PURSUANT TO RULE 24, THE COURT SHOULD GRANT REBEKAH MORRISON AND SEAN KAZMI'S UNOPPOSED MOTION TO INTERVENE ............ 4

   B.   THE COURT SHOULD PRELIMINARILY APPROVE THE PROPOSED SETTLEMENT ........................................................................... 6

      1.   The Settlement is the Result of Arms-Length Negotiations ....................... 7

      2.   The Terms of the Settlement in Relation to Strengths of Arguments Supports Approval. ........................................................................... 8

      3.   The Stage of Litigation Supports Approval. ............................................. 10

      4.   The Class Reaction to the Agreement. ..................................................... 11

      5.   The Representation of Experienced Counsel Supports Approval. ........................... 11

   C.   THE RELIEF PROVIDED TO THE SETTLEMENT CLASS IS ADEQUATE UNDER THE RULE 23(e) FACTORS ...................................................... 12

      1.   The Costs, Risks, and Delay of Trial and Appeal .................................... 12

      2.   The Proposed Method of Distributing Funds to the Settlement Class is Effective, Fair, and Adequate ............................................................. 13

      3.   Attorneys' Fees and Expenses are Reasonable ........................................ 14

      4.   The Parties Have No Additional Agreements to be Disclosed Under Rule 23(e)(3) 15

      5.   The Settlement Treats Settlement Class Members Equitably. ................... 15

   D.   PROVISIONAL CERTIFICATION OF THE PROPOSED SETTLEMENT CLASS IS APPROPRIATE.................................................................................. 15

      1.   Rule 23(a) Requirements Are Satisfied ................................................... 16

          a.   Rule 23(a)(1) – "Numerosity" ........................................................ 17

          b.   Rule 23(a)(2) - "Commonality" ..................................................... 17

          c.   Rule 23(a)(3) - "Typicality".......................................................... 18

          d.   Rule 23(a)(4) – "Adequacy" .......................................................... 19

      2.   The Settlement Class Satisfies the Rule 23(b) Requirements................... 21

          a.   Common Issues Predominate Over Any Individual Issues................... 21

          b.   A Class Action is the Superior Method ............................................. 22

   E.   THE COURT SHOULD PRELIMINARILY APPOINT REBEKAH MORRISON AND SEAN KAZMI AS SETTLEMENT CLASS REPRESENTATIVES ........................ 23

   F.   THE COURT SHOULD APPROVE THE PROPOSED NOTICE PLAN ................. 23

    G.   THE COURT SHOULD APPOINT PLAINTIFFS' COUNSEL AS CLASS COUNSEL ............................................................................................................... 24

IV.    CONCLUSION ............................................................................................................ 25

# TABLE OF AUTHORITIES

*Case*

*Amchem Prods., Inc. v. Windsor*,
  521 U.S. 591 (1997) ............................................................ 16, 21

*Bynum v. District of Columbia*,
  214 F.R.D. 27 (D. D.C. 2003) ................................................ 18

*Cohen v. Chilcott*,
  522 F.Supp.2d 105 (D.D.C. 2007) ............................. 17, 18-19, 19, 21

*Defs. of Wildlife v. Perciasepe*,
  714 F.3d 1317 (D.C. Cir. 2013) .............................................. 5

*Deutsche Bank Nat. Tr. Co. v. F.D.I.C.*,
  717 F.3d 189 (D.C. Cir. 2013) .............................................. 4

*Hanlon v. Chrysler Corp.*,
  150 F.3d 1011 (9th Cir. 1998) ............................................. 16

*Heredia Mons v. Wolf*,
  2020 WL 5891424 (D.D.C. Oct. 5, 2020) ................................... 6

*In re Lorazepam & Clorazepate Antitrust Litig.*,
  202 F.R.D. 12 (D.D.C. 2001) ............................................. 17

*In re Lorazepam & Clorazepate Antitrust Litig.*,
  205 F.R.D. 369 (D.D.C. 2002) ........................................... passim

*In re Telik, Inc. Secs. Litig.*,
  576 F. Supp. 2d 570 (S.D.N.Y. 2008) ................................... 13

*In Re Vitamins Antitrust Litig.*,
  209 F.R.D. 251 (D.D.C. 2002) ............................................ 22

*In re Vitamins Antitrust Litig.*,
  1999 WL 1335318 (D.D.C. Nov.23, 1999) ................................ 10

*In Re Vitamins Antitrust Litig., MDL 1285*,
  2001 WL 856290 (D. D.C. July 19, 2001) .............................. 7, 8

*Kinard v. East Capitol Family Rental, L.P.*,
  331 F.R.D. 206 (D.D.C. 2019) ............................................ 22

*Radosti v. Envision EMI, LLC*,
  760 F. Supp. 2d 73 (D.D.C. 2011) ....................................... 10

*Siying Liu v Mayorkas*,

iii

2022 U.S. Dist. LEXIS 12489 ................................................................ 5

*Sweedish Hosp. Corp. v. Shalala,*
1 F.3d. 1261 (D.C. Cir. 1993) ............................................................... 14

*Thomas v. Albright,*
139 F.3d. 227 (D.C. Cir. 1998) ............................................................. 8

*Trombley v. Nat'l City Bank,*
826 F.Supp.2d. 179 (D. D.C. 2011) .................................................. 7, 8-9

*Twelve John Does v. District of Columbia,*
117 F.3d 571 (D.C.Cir. 1997) ............................................................. 20

*United States v. District of Columbia,*
933 F. Supp. 42 (D. D.C. 1996) ............................................................ 7

*Vista Healthplan, Inc. v. Warner Holdings Co. III, Ltd.,*
246 F.R.D. 349 (D.D.C. 2007) ........................................................... 13

*Wal-Mart Stores, Inc. v. Dukes,*
564 U.S., 349-50 (2011) ............................................................... 17, 21

*Wright v. S. New Hampshire Univ.,*
565 F. Supp. 3d 193 (D.N.H. 2021) ................................................... 16

**Statutes**

Rule 23 ....................................................................................... passim

Proposed Intervenors Rebekah Morrison and Sean Kazmi ("Proposed Intervenors" or "Class Representatives") move unopposed to intervene in this action pursuant to Rule 24 for the limited purpose of facilitating settlement and move unopposed pursuant to Rule 23 for preliminary approval of the proposed class action settlement. The Class Representatives move to intervene for the sole purpose of resolving this Action on behalf of themselves and the proposed settlement class. As detailed herein, the Proposed Settlement Agreement (Ex. A) is a fair and reasonable compromise of the claims sufficient to allow notice to be effectuated to proposed Class Members and the Parties have agreed upon and respectfully submit to the Court a Proposed Preliminary Approval Order (Ex. B).

## I. INTRODUCTION

The Class Representatives move to resolve the alleged claims against Defendant Georgetown University ("Georgetown" or "Defendant"), including that Defendant breached an implied contractual agreement to provide a full semester of in-person and on-campus education and educational experiences when it transitioned Spring Semester 2020 classes to an online educational format in light of the COVID-19 pandemic, in accordance with District of Columbia legal mandates. Plaintiffs and Defendant engaged in extensive written, electronic, and oral discovery. After the Court denied Plaintiff Emir Gur-Ravantab's class certification motion and the Proposed Intervenors moved to intervene as class representatives, the parties participated in settlement negotiations with the aid of Hon. Suzanne Segal (Ret.) of Signature Resolution. After several weeks of arms' length negotiations, and with the aid and ultimately the recommendation of Judge Segal, the parties were ultimately able to reach an agreement. The parties then executed a Settlement Term Sheet, encompassing the material terms of a class action settlement

("Settlement"). In the following weeks, the parties worked collaboratively to memorialize the Settlement in a Settlement Agreement. *See* Exhibit A, attached to the Declaration of Michael A. Tompkins Esq. ("Tompkins Dec.")[1]

The parties' Settlement for $1.5 million aligns with similar settlements that have been preliminarily and finally approved in the COVD-19 tuition refund context. *See, e.g.*, *Porter v. Emerson College*, No. 1:20-cv-11897 (D. Mass.) ($2.06MM common fund); *Rosado v. Barry Univ., Inc.*, No. 1:20-cv-21813 (S.D. Fla.) ($2.4MM common fund); *D'Amario v. Univ. of Tampa*, No. 7:20-cv-03744 (S.D.N.Y.) ($3.4MM common fund). Additionally, Settlement Class Members (as defined in the Settlement Agreement) will *automatically* receive a cash payment unless they exclude themselves from the Settlement. No Settlement Class Member will have to submit a claim to receive an award, which ensures maximum distribution of the Settlement Fund.

This Settlement is fair, reasonable, and adequate and otherwise satisfies the requirements of Rule 23(a) and (b)(3) and the factors outlined in Rule 23(e)(2)Class Representatives respectfully request that the Court (1) grant preliminary approval of the Settlement; (2) provisionally certify the settlement class under Fed. R. Civ. P. 23(b)(3) in connection with the settlement process; (3) appoint the Leeds Brown Law, P.C. as Class Counsel; (4) appoint Rebekah Morrison and Sean Kazmi as Class Representatives for Settlement Class Members; and (5) approve the Notice Plan for the Settlement described in the Settlement Agreement and its Exhibits, as well as the specific Notice of Class Action and Proposed Settlement (the "Proposed Notice") attached as Exhibits D-F of the Tompkins Declaration, and distribution of the Proposed Notice.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

---

[1] All exhibits are attached to the Tompkins Dec. are cited as "Ex[hibit]. [Letter]" unless otherwise referenced or defined.

On April 13, 2022, Plaintiffs Emir Gur-Ravantab and Emily Lama filed the initial complaint against Georgetown University in this Court. ECF No. 1 in No. 1:22-cv-01038. On July 28, 2022 Plaintiffs Gur-Ravantab and Lama filed their Amended Complaint. ECF No. 12. Plaintiffs alleged:

> Plaintiffs and Georgetown entered into a contractual agreement where Plaintiffs would provide payment in the form of tuition and fees and Defendant, in exchange, would provide in-person educational services, experiences, opportunities, and other related services. The terms of the contractual agreement were set forth in publications from Georgetown University, including Georgetown University's Spring Semester 2020 Course Catalog ("course Catalog"), the marketing materials, and other official university communications.

(Am. Complaint at ¶ 20.) Plaintiffs further alleged they did not receive the "specific educational services" they paid for when they paid fees and tuition. (Am. Complaint at ¶¶ 30-31).

Georgetown filed its Answer to the Amended Complaint on August 18, 2022. ECF No. 13. Plaintiff Gur-Ravantab filed a Motion for Class Certification on June 26, 2023. ECF. No. 41. On October 5, 2023, the Court Denied the Motion for Class Certification. ECF No. 56. Proposed Intervenors Morrison and Kazmi filed a Motion to Intervene and Plaintiffs Gur-Ravantab and Lama filed a Motion to Amend the Class Action Complaint on November 27, 2023. ECF No. 59.

The parties engaged in settlement conversations and negotiations with the aid of Magistrate Judge Suzanne H. Segal (Ret.) of Signature Resolution over the course of the several weeks. The negotiations involved numerous proposals and discussions regarding various risks, strengths, and weaknesses. After continued negotiations, the parties ultimately reached an agreement in principle on a class action settlement. The parties then executed a term sheet encompassing the material terms of a class action settlement on March 1, 2024, and then entered the Settlement Agreement after continued negotiations on various terms and conditions—including with the aid of Judge Segal. At all times throughout the litigation, Defendant has denied and continues to deny any wrongdoing whatsoever and continues to deny that it committed, threatened, or attempted to

commit any wrongful act or violation of law or duty alleged in the Amended Complaint. Class Representatives and Defendant each believe that their side would have prevailed at summary judgment and/or trial.

Nonetheless, taking into account the uncertainty and risks inherent in any litigation and the desire to avoid the expenditure of further legal fees and costs, the parties concluded it was desirable and beneficial that this action be fully and finally settled and terminated in the manner and upon the terms and conditions set forth in the Settlement Agreement.

## III.   ARGUMENT

### A.  PURSUANT TO RULE 24, THE COURT SHOULD GRANT REBEKAH MORRISON AND SEAN KAZMI'S MOTION TO INTERVENE

Pursuant to Rule 24 and for the limited purpose of effectuating the Settlement (as detailed below), all parties have consented to seek intervention of Class Representatives Rebekah Morrison and Sean Kazmi.

Pursuant to Rule 24(a)(2), "on timely motion the court must permit anyone to intervene who claims an interest relating to the property or transaction that is the subject of the action and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." For a party to intervene pursuant to Rule 24(a)(2), they must satisfy the following four requirements: (1) the motion must be timely, (2) they must demonstrate an interest in the property or transaction, (3) the action must threaten to impair or impede the ability to protect that interest, and (4) there is no existing party in the action that would adequately represent the movant's interest. *See Deutsche Bank Nat. Tr. Co. v. F.D.I.C.*, 717 F.3d 189, 192 (D.C. Cir. 2013).

Here, the Class Representatives satisfy the requirements for intervention by right. First, they are filing this motion to intervene promptly following the parties' finalization of the Settlement Agreement.  Second, the Class Representatives have an interest in the transactions at issue as they were undergraduate students at Georgetown University during the Spring 2020 Semester and paid tuition and fees. *See* ECF Nos. 59-4 & 59-5. Third, the resolution of this Action bears directly on the Class Representatives' ability to recover relief sought as a result of those transactions.  Fourth, no other existing party in this action can adequately represent the Class Representatives or the Settlement Class because Plaintiff Emily Lama was not a Georgetown undergraduate student, and this Court has determined that Plaintiff Emir Gur-Ravantab is not an adequate representative under Rule 23(a)(4). ECF No. 56.

If the Court disagrees that the Class Representatives can intervene as a matter of right, the Court may still grant permissive intervention under Rule 24(b)(1)(B). Rule 24(b)(1)(B) only requires (1) that a potential intervenor make a timely motion, (2) that a potential intervenor has a claim or defense that shares with the main action a common question of law or fact, and (3) that the court exercising its discretion to allow intervention would not unduly delay or prejudice the adjudication of the original parties' rights. *See Defs. of Wildlife v. Perciasepe*, 714 F.3d 1317, 1327 (D.C. Cir. 2013).  If those requirements are satisfied, then a court within its discretion may permit intervention. "Permissive intervention is an inherently discretionary enterprise that affords the Court wide latitude." *Siying Liu v Mayorkas*, 2022 U.S. Dist. LEXIS 12489, 4 (D.C.C. Jan 24, 2022).

The Class Representatives satisfy the requirements for permissive intervention. First, as noted above, the Class Representatives are filing this motion to intervene promptly following the parties' finalization of the Settlement Agreement. Second, the Class Representatives have claims

that share common questions of law and fact with those asserted in the main action. As the Court previously stated in its Class Certification decision common contentions were apparent. ECF No. 56 pg. 6 ("Here, common contentions abound. For example, whether the class members and Georgetown formed a contract, one term of which was the provision of in-person services. And, assuming such a contract exists, whether the transition to remote instruction breached it. Or whether Georgetown has a viable impossibility defense based on the District of Columbia's public health mandates. Each of these issues is capable of classwide resolution and its determination would address the core of Gur-Ravantab's theory of liability.")(internal citations omitted).The Class Representatives, as Georgetown undergraduates who paid tuition and fees in the Spring 2020 Semester, share the same claims as those asserted in the Amended Complaint. Third, intervention will not unduly delay the litigation; to the contrary, allowing intervention will allow the parties to proceed with the settlement process.

Thus, for the purpose of effectuating the Settlement, this Court should permit Class Representatives Rebekah Morrison and Sean Kazmi to intervene for the limited purpose of effectuating the Settlement.[2]

## B. THE COURT SHOULD PRELIMINARILY APPROVE THE PROPOSED SETTLEMENT

Rule 23(e) of the Federal Rules of Civil Procedure requires judicial approval for the settlement of class actions. The Court has the discretion to approve or reject the proposed settlement. *In re Lorazepam & Clorazepate Antitrust Litig.,* 205 F.R.D. 369, 375 (D.D.C. 2002).

---

[2] Intervention for a limited purpose is commonly granted. *Cf., e.g.*, *Heredia Mons v. Wolf*, 2020 WL 5891424, at *1 (D.D.C. Oct. 5, 2020) ("our Circuit frequently permits non-party news organizations to intervene in civil cases for the limited purpose of seeking the unsealing of records"). By consenting to this motion for limited-purpose intervention, Georgetown waives none of the arguments it asserted in its opposition to the Proposed Intervenors' first motion to intervene, *see* ECF No. 59, and reserves all rights to oppose intervention for any purpose other than the limited one requested by this motion.

The "'court in approving a settlement need not inquire into the precise legal rights of the parties nor reach and resolve the merits of the claims or controversy, but need only determine that the settlement is fair, adequate, reasonable and appropriate under the particular facts and that there has been valid consent by the concerned parties.'" *United States v. District of Columbia*, 933 F. Supp. 42, 47 (D. D.C. 1996) (internal citations omitted). "While the Court should 'scrutinize the terms of the settlement carefully,' the discretion to reject a settlement is thus 'restrained by the 'principle of preference' that encourages settlements.'" *In re Lorazepam*, 205 F.R.D. at 375 (internal citations omitted).

When reviewing whether a class action settlement "is fair, reasonable, and adequate, courts in this Circuit have examined the following factors: (a) whether the settlement is the result of arms-length negotiations; (b) the terms of the settlement in relation to the strength of the case; (c) the stage of the litigation proceedings at the time of settlement; (d) the reaction of the class; and (e) the opinion of experienced counsel." *Trombley v. Nat'l City Bank*, 826 F.Supp.2d. 179, 194 (D. D.C. 2011) (citing *In re Lorazepam,* 205 F.R.D. at 375; *In re Vitamins Antitrust Litig.*, 305 F.Supp.2d 100, 104 (D.D.C. 2004)). As set forth below, this Settlement is substantively and procedurally fair, adequate, and reasonable. Therefore, all factors and Rule 23(e) weigh in favor of preliminary approval of the proposed Settlement.

## 1. The Settlement is the Result of Arms-Length Negotiations

"A 'presumption of fairness, adequacy, and reasonableness may attach to a class settlement reached in arm's length negotiations between experienced, capable counsel after meaningful discovery.'" *In Re Vitamins Antitrust Litig.*, MDL 1285, 2001 WL 856290, at *2 (D. D.C. July 19, 2001) (Citing *Manual for Complex Litig.*, at § 30.42). After conducting extensive and substantial discovery, the parties participated in settlement conversations and negotiations with the aid of

7

Judge Segal (Ret.). *See* Exhibit G (Biography of Judge Segal); Tompkins Dec. ¶¶ 6-9. Because the parties had conducted thorough discovery and fully analyzed the central issues in the case, both parties were in good positions to make intelligent and well-informed assessments of the strengths and weaknesses of their cases before agreeing to mediation and throughout the mediation itself. Id. ¶ 10. Furthermore, during the settlement conversations and negotiations with Judge Segal and exchange of emails with Judge Segal, both parties advocated zealously on behalf of their clients and understood the strengths and weaknesses of their positions. Id. ¶¶ 16-18. Judge Segal's participation in the settlement ensured that the parties' negotiations were conducted at an arm's length and without collusion. Id. ¶ 14.

With Judge Segal's assistance, the parties reached a fair, reasonable, and adequate settlement – even while the Class Representatives' Motion to Intervene was pending. Id. Furthermore, the Settlement Agreement is reasonable and adequate considering other approved settlements in analogous cases. *See supra* pg. 2 (highlighting multiple settlements in COVID-19 College & University Tuition and Fee Refund litigation). Since agreeing to the material terms of the Settlement, the Parties have worked collaboratively to memorialize the Settlement and ensure that the Settlement contains no deficiencies. Therefore, the Parties have satisfied the requirement of the Settlement being a result of arm's-length negotiations and this factor, therefore, weighs in favor of preliminary approval.

## 2. The Terms of the Settlement in Relation to Strengths of Arguments Supports Approval.

"The court's primary task is to evaluate the terms of the settlement in relation to the strength of the plaintiffs' case." *Thomas v. Albright*, 139 F.3d. 227, 231 (D.C. Cir. 1998). "The Court must evaluate the relief provided in the proposed settlement against the relative strength of plaintiffs' case, including their ability to obtain recovery at trial." *Trombley*, 826 F.Supp.2d. at 194 (citing

*Equal Rights Ctr. v. Wash. Metro. Area Transit,* 573 F.Supp.2d 205, 211 (D.D.C.2008)). Although each party believes it has a strong case, neither side is without risk.

Significant work has been done in this case, including but not limited to propounding and responding to written discovery, review of significant volumes of documents, legal research and comparison of analogous cases, depositions, briefing on class certification, and participation in multiple settlement conversations and negotiations with an experienced mediator. Had this case not settled, the parties would have maintained their positions on the pending intervention motion, submitted competing summary judgment motions, proceeded to trial, and likely pursued appeals.

Without a doubt, absent settlement, both parties would litigate vigorously and, likely, challenge any ruling before the Court of Appeals for the D.C. Circuit—including class certification, intervention, and/or the ultimate merits of the claims (likely briefed via summary judgment for both sides). Furthermore, Georgetown would prepare a competent and effective defense at trial. Thus, had this case not settled, there would be significant delay for potential class members to receive any recovery. Continuing this litigation poses significant risks for the asserted claims and the likelihood of Plaintiffs succeeding at trial is not guaranteed. *See In Re Lorazepam*, 205 F.R.D. at 377 (D.D.C. 2002) ("Further litigation also entails substantial risks; given the defendants' denial of liability, monetary recovery certainly cannot be assumed."). Weighing the benefits of the Settlement against the risks associated with proceeding in litigation and in collecting on any judgment, the Settlement is more than reasonable.

Here, the Settlement Sum to be disseminated to Settlement Class Members is $1.5 million and Class Counsel expects Settlement Class Members to receive pro-rated recovery based on their tuition and fees paid for the Spring 2020 semester. Further, the Settlement will provide Settlement Class Members the opportunity to choose the method of payment, via an Election Form, including

9

through check or modern payment methods such as Venmo, or PayPal. The Settlement Fund will serve to pay notice and administration costs, and, if approved by the Court, reasonable Plaintiffs' attorney's fees and costs, and service awards to the Class Representatives. Settlement, ¶ 1.32. *See Radosti v. Envision EMI, LLC*, 760 F. Supp. 2d 73, 79 (D.D.C. 2011) ("[I]ncentive awards are not uncommon in common-fund-type class actions and are used to compensate plaintiffs for the services they provided and the risks they incurred during the course of the class action litigation.").

Therefore, it is proposed Class Counsel's considered opinion that settlement on the proposed terms at this juncture in the litigation, given all the risks involved, is the most prudent course. Thus, this factor supports preliminary approval. Tompkins Dec. ¶ 18. Similarly, the Settlement is supported by both Class Representatives. See Ex. I ¶¶ 4-6; Ex. J ¶¶ 4-6.

### 3. The Stage of Litigation Supports Approval.

Courts encourage settlement of class action cases. "The pursuit of early settlement is a tactic that merits encouragement; it is entirely appropriate to reward expeditious and efficient resolution of disputes." *In re Vitamins Antitrust Litig.*, 1999 WL 1335318, *4 (D.D.C. Nov.23, 1999) (internal citations omitted). "Courts thus consider whether counsel had sufficient information, through adequate discovery, to reasonably assess the risks of litigation vis-á-vis the probability of success and range of recovery." *In Re Lorazepam & Clorazepate Antitrust Litig.*, 205 F.R.D. 369, 377 (citing *Ressler v. Jacobson,* 822 F.Supp. 1551, 1554–55 (M.D.Fla.1992)).

Here, counsel for all parties had copious information about the case after engaging in extensive discovery and motion practice. Tompkins Dec. ¶¶ 5-10. Since filing the class action complaint, proposed Class Counsel has fully briefed a Motion for Class Certification, Motion to Amend, Motion to Intervene, conducted discovery, reviewed documents produced by Georgetown, took multiple depositions of designees of Georgetown, and conducted significant legal research.

Id. Thus, proposed Class Counsel gathered sufficient information to reasonably assess the risks of the litigation and the chances of successful recovery. Id. ¶ 10. Therefore, this factor weighs in support of preliminary approval.

### 4. The Class Reaction to the Agreement.

Notice of the Settlement has not yet been issued to the proposed settlement class, thus, it is not possible to gauge the precise reaction of the proposed class at this time. However, since the Settlement here is similar to settlements in other COVID-19 tuition refund cases, context suggests, and proposed Class Counsel predicts, that the proposed class will react favorably. Id. ¶ 13.

### 5. The Representation of Experienced Counsel Supports Approval.

"Opinion of experienced and informed [counsel] should be afforded substantial consideration." *In Re Lorazepam & Clorazepate Antitrust Litig.*, 205 F.R.D. 369, 380 (citing *New York v. Reebok Int'l. Ltd.,* 903 F.Supp. 532 (S.D.N.Y.1995)). Proposed Class Counsel is highly qualified and experienced in class actions. Leeds Brown Law, P.C. ("LBL") is experienced in litigating and settling class action lawsuits. *See* Tompkins Dec.  In the context of COVID-19 college refund actions, LBL has been appointed class counsel in five other matters and has received final approval in three other settlements. *See e.g.*, *Qureshi v. American University*, Case No. 1:20-cv-01141-CRC (D.D.C. Jan. 10, 2024) (granting preliminary approval.); *Stewart v. Univ. of Maine System*, Civil Action Dkt. CV-20-537(Sup. Ct. Cumberland Sept. 8, 2023) (in the context of class certification, noting that "[LBL along with co-counsel] has demonstrable expertise litigating COVID-19 university tuition refund class action lawsuits."); Tompkins Dec.¶¶ 21-26. In *Miazza, Gunter v. LSU*, Case No. C-696918 (La. 19th Jud. Dist., May 12, 2023), LBL (along with co-counsel) was appointed as Class Counsel and Co-Lead Counsel and the Court found that "Plaintiff Gunter is represented by counsel who are experienced in and familiar with class actions generally,

as well as uniquely qualified and successful in similar cases on behalf of students in this state and across the country against colleges and universities that closed campus following the outbreak of COVID-19… In short, it is clear that proposed class counsel have the experience, resources, and expertise to adequately represent the Class.").

Therefore, this factor weighs in favor of preliminary approval.

## C.  THE RELIEF PROVIDED TO THE SETTLEMENT CLASS IS ADEQUATE UNDER THE RULE 23(e) FACTORS

In evaluating the adequacy of the relief to the Settlement Class, the court must take in account:

> (i) the costs, risks, and delay of trial and appeal;
> (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims, if required;
> (iii) the terms of any proposed award of attorney's fees, including timing of payment; and
> (iv) any agreement required to be identified under Rule 23(e)(3).

Fed. R. Civ. P. 23(e)(2)(C).

### 1.  The Costs, Risks, and Delay of Trial and Appeal

This case has been diligently litigated by both sides. Significant work has been done, including but not limited to: written discovery, review of a significant volume of documents produced, legal research and comparison of analogous cases, depositions, analysis of numerous catalogs and materials, and participation in prolonged settlement negotiations and conversations with an experienced mediator and magistrate judge. *See* Tompkins Dec. ¶¶ 5-10; Ex. G (Judge Segal Biography). Had this case not settled, it is likely that the intervention motion, another class certification motion, and summary judgment would have been fully briefed and ruled upon, and depending upon the results, further litigation would have ensued as the parties proceeded towards

trial. Furthermore, any decision made by the Court adverse to a party likely would have been appealed, thus, significantly delaying a final judgment in this case.

The parties were able to make an informed decision concerning the risks and costs involved. The risks and costs involved in continuing this litigation render settlement at this juncture the prudent course of action. *See Vista Healthplan, Inc. v. Warner Holdings Co. III, Ltd.*, 246 F.R.D. 349, 362 (D.D.C. 2007) ("It is obvious that Plaintiffs faced significant risks in establishing both liability and damages and in continuing to trial, and that the fairness, adequacy, and reasonableness of the settlement must be viewed in light of these considerations."). Accordingly, this factor warrants the granting of preliminary approval.

### 2. The Proposed Method of Distributing Funds to the Settlement Class is Effective, Fair, and Adequate

Rule 23(e)(2)(C) next requires consideration of the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims. Fed. R. Civ. P. 23(e)(2)(C)(ii). "As with settlement agreements, courts consider whether distribution plans are fair, reasonable, and adequate." *In re Lorazepam*, 2003 WL 22037741, at *7. "A plan of distribution is thus sufficient where, as here, there is 'a rough correlation' between the settlement distribution and the relative amounts of damages recoverable by Class Members." *Id.* (citing *In re Chicken Antitrust Litig.,* 669 F.2d 228, 240 (5th Cir.1982)).

Here, the Settlement divides the Settlement Fund proportionally based on tuition and fees paid among all students who qualify for payment, excluding students who did not have to pay any tuition or fees for the Spring 2020 Semester. Through pro rata distribution, and by excluding students who did not have to pay any tuition or fees for the Spring 2020 Semester, the allocation plan considers "the relative strength and values of different categories of claims." *See In re Telik, Inc. Secs. Litig.*, 576 F. Supp. 2d 570, 581 (S.D.N.Y. 2008).

Importantly, Settlement Class Members will not need to make a claim to receive an award; rather, each Settlement Class Member will *automatically* receive an award, unless they opt-out. As stated in the Settlement Agreement, the proposed Notice will inform Settlement Class Members of the Settlement's substantive terms. It will advise Settlement Class Members of their options for remaining part of the Settlement Class or for opting out of the Settlement; for receiving their Cash Award; for objecting to the Settlement, Class Counsel's attorneys' fee application and/or request for service awards to the Lead Plaintiffs; and how to obtain additional information about the Settlement. The proposed plan for notice to Settlement Class Members is designed to directly reach a high percentage of Settlement Class Members, since Settlement Class Members' contact information is maintained by Defendant. Furthermore, a professional Settlement Administrator with experience in handling class action settlements will increase the overall effectiveness of distribution.

Therefore, the proposed method of distribution is effective, fair, and adequate and this factor weighs in favor of preliminary approval.

### 3. Attorneys' Fees and Expenses are Reasonable

Pursuant to the Settlement Agreement, Class Counsel will apply to the Court for a Fee Award not to exceed one-third of the Settlement Fund and reimbursement of costs and expenses in an amount not to exceed seventy-five thousand dollars, which includes mediation costs. In the D.C. Circuit, "a percentage-of-the-fund method is the appropriate mechanism for determining the attorney fees award in common fund cases." *Sweedish Hosp. Corp. v. Shalala*, 1 F.3d. 1261, 1271 (D.C. Cir. 1993). "While fee awards in common fund cases may range from fifteen to forty-five percent, the normal range of fee recovery in antitrust suits is twenty to thirty percent of the common fund." *In re Lorazepam*, 2003 WL 22037741, at *7 (internal citations omitted). This same

percentage of attorneys' fees has been approved in analogous COVID-19 college and university

tuition and fee refund litigation. *See, e.g.*, *Wright v. S. New Hampshire Univ.*, No. 1:20-cv-00609-

LM, Order (D.N.H. Aug. 22, 2021)(ECF No. 37) ; *Rosado v. Barry Univ., Inc.*, No. 1:20-cv-21813-

JEM, Order (S.D. Fla. Aug. 7, 2021)(ECF No. 84), *Martin v. Lindenwood Univ.*, No. 4:20-cv-

01128-RLW, Order (E.D. Mo. May 11, 2022)(ECF No. 41); *Booth v. Molloy College*, Index No.

608750/2020 (Sup. Ct. Nassau Cty. Oct. 18, 2023) (granting final approval of the class action

settlement)(Doc. No. 145); *Porter v. Emerson College*, Case No. 1:20-cv-11897-RWZ (D.Mass.

Nov. 27, 2022) (granting final approval of the class action settlement)(ECF No. 87); *Staubus v.

Regents of the Univ. of Minnesota*, Court File NO. 27-cv-20-8546 (Minn. 4th Jud. Dist., Aug. 29,

2023) (same).

 Therefore, attorneys' fees and expenses are reasonable, and this factor weighs in favor of

preliminary approval.

 **4. The Parties Have No Additional Agreements to be Disclosed Under Rule 23(e)(3)**

 There are no side agreements to identify under this factor.

 **5. The Settlement Treats Settlement Class Members Equitably.**

 The final factor, Rule 23(e)(2)(D), looks at whether class members are treated equitably.

As reflected in the plan of allocation, and as discussed above, the proposed Settlement treats

Settlement Class Members equitably relative to each other as they all will receive a proportionate

amount of the Settlement Fund, based on the amount of tuition and fees paid for the Spring 2020

semester. Furthermore, Settlement Class Members will provide Georgetown with the same release

in return for receiving the benefits provided under the Settlement. Therefore, this factor weighs in

favor of preliminary approval.

**D. PROVISIONAL CERTIFICATION OF THE PROPOSED SETTLEMENT CLASS IS
  APPROPRIATE**

Class Representatives respectfully request that the Court certify the proposed Settlement Class for settlement purposes only. The Court should determine, for settlement purposes only, that the proposed Settlement Class satisfies Rule 23(a)'s requirements of numerosity, commonality, typicality, and adequacy of representation, and at least one of the subsections of Rule 23(b), *see Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997); *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998); *Newberg on Class Actions* § 11:27 (4th ed. 2002) (citing *In re Gen. Motors Corp. Pick-up Truck Fuel Tank Prod. Liab. Litig.*, 55 F.3d 768 (3d Cir. 1995), and provisionally certify the settlement class, appoint Leeds Brown, P.C. as Class Counsel, and Class Representatives Rebekah Morrison and Sean Kazmi as the class representatives.

Importantly, courts across the country have granted certification when evaluating settlement of analogous claims. *See In re Columbia Univ. Tuition and Fee Action*, Case No. 1:20-cv-03208, Dkt. No. 115 at 3 (JMF) (S.D.N.Y. Mar. 29, 2022) (final judgment certifying the proposed class for settlement purposes); *Choi et al v. Brown University*, Case No. 1:20-cv-00191-JJM-LDA, Dkt. No. 78 at 2 (D.R.I. Sept. 6, 2022) (preliminarily approving the proposed settlement and conditionally certifying the proposed class); *Wright v. S. New Hampshire Univ.*, 565 F. Supp. 3d 193, 210 (D.N.H. 2021) (granting preliminary approval of the parties' proposed class action settlement and preliminarily certifying the proposed class for settlement purposes).

To certify a class, a plaintiff must meet all the requirements under Fed. R. Civ. P. 23(a), otherwise known as (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy of representation, as well as the requirements of either Fed. R. Civ. P. 23(b)(1), (2), or (3). *Amchem Prods. v. Windsor*, 521 U.S. 591, 614 (1997).

## 1. Rule 23(a) Requirements Are Satisfied

"Settlement-only class certification nevertheless obligates a Court to consider whether the proposed class meets the requirements of Federal Rule of Civil Procedure 23, although the Court need not determine whether the case, if tried, would present management problems." *Cohen v. Chilcott*, 522 F.Supp.2d. 105, 113 (D.D.C. 2007) (citing *Amchem*, 521 U.S., at 620). Thus, Plaintiffs must show that the proposed Settlement Class meets all four requirements of Fed. R. Civ. P. 23, which "are referred to as numerosity, commonality, typicality, and adequacy of representation. In addition, Plaintiffs must demonstrate that the class is maintainable under Rule 23(b)." *Id.* Here, the proposed settlement class satisfies all elements of Fed. R. Civ. P. 23.

### a.  Rule 23(a)(1) – "Numerosity"

The proposed Settlement Class is sufficiently numerous. Rule 23(a)(1) requires that the class be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23. "Courts in this District have generally found that the numerosity requirement is satisfied and that joinder is impracticable where a proposed class has at least forty members." *Cohen*, 522 F.Supp.2d., at 114 (internal citations omitted). Here, the Court has already found that numerosity is satisfied because the proposed Settlement Class contains over 6,000 Georgetown University undergraduate students. *See* ECF No. 56 at 5. Therefore, the numerosity requirement of Rule 23(a) is readily satisfied.

### b.  Rule 23(a)(2) - "Commonality"

The proposed Settlement Class satisfies the commonality requirement. Rule 23(a)(2) requires that there be "questions of law or fact common to the class," and that the class members "have suffered the same injury." *Wal-Mart Stores, Inc. v. Dukes,* 564 U.S., 349-50 (2011). "The commonality test is met when there is at least one issue, the resolution of which will affect all or a significant number of the putative class members." *In re Lorazepam & Clorazepate Antitrust Litig.,* 202 F.R.D. 12, 26 (D.D.C. 2001). However, "factual variations among the class members will not defeat the commonality requirement, so long as a single aspect or feature of the claim is

common to all proposed class members." *Bynum v. District of Columbia*, 214 F.R.D. 27, 33 (D. D.C. 2003) (internal citations omitted).

Here, the Court previously addressed commonality in its decision on class certification. Doc No. 58 pg. 6 ("Here, common contentions abound. For example, whether the class members and Georgetown formed a contract, one term of which was the provision of in-person services. And, assuming such a contract exists, whether the transition to remote instruction breached it. Or whether Georgetown has a viable impossibility defense based on the District of Columbia's public health mandates. Each of these issues is capable of classwide resolution and its determination would address the core of Gur-Ravantab's theory of liability.")(internal citations omitted). Therefore, Class Representatives easily satisfy the commonality. Common issues include (1) whether Georgetown and Settlement Class Members had a contract; (2) whether that contract obligated Georgetown to provide Settlement Class Members in-person educational instruction; (3) whether the contract obligated Georgetown to provide Settlement Class Members with access to campus facilities and in-person resources; (4) whether Georgetown breached the contract; (5) whether Georgetown unlawfully kept funds paid by Settlement Class Members; (6) whether Georgetown was unjustly enriched by keeping the funds paid; and (7) the fact and measure of damages derived from verifiable classwide information maintained by Georgetown. These common questions, which target the same alleged misconduct by Georgetown, satisfy Rule 23(a)(2). *See* ECF No. 56 at 6-7.

### c.  Rule 23(a)(3) - "Typicality"

Rule 23(a)(3) requires that a representative plaintiff's claims be "typical" of those of other class members. "The typicality requirement aims at ensuring 'that the class representatives have suffered injuries in the same general fashion as absent class members.'" *Cohen*, 522 F.Supp.2d. at

115 (citing *In re Vitamins Antitrust Litigation,* 209 F.R.D. 251, 260 (D.D.C. 2002)). "The typicality requirement is satisfied 'if each class member's claim arises from the same course of events that led to the claims of the representative parties and each class member makes similar legal arguments to prove the defendant's liability.'" *Id.*

Here, the Court has previously addressed typicality in its class certification decision. See ECF. No. 56 pg. 7 ("Like them, he claims he suffered a breach of contract and is owed money. He points to the same contract-forming documents and the same allegedly breaching conduct."). Similarly, Class Representatives' claims and those of the Settlement Class arise from the same course of events and they all would make similar legal arguments to prove Georgetown's alleged liability. Class Representatives and every member of the Settlement Class were enrolled in at least one in-person class at Georgetown during the Spring 2020 Semester, were transitioned to remote classes and were unable to access on-campus services and facilities when Georgetown closed its campus in Spring 2020 in response to the COVID-19 pandemic. The Settlement Class Members would also all make similar legal arguments to those that the Class Representatives would make to prove Georgetown's alleged liability. Specifically, all Settlement Class Members would argue that Georgetown students who paid tuition and/or fees for the Spring 2020 semester had a contract with Georgetown that entitled them to in-person educational instruction and services, and that, by switching to remote education and closing on-campus services in response to the pandemic without reducing or refunding tuition or fees, Georgetown was liable for breach of contract or, alternatively, was unjustly enriched by retaining those payments. Therefore, the Settlement Class satisfies the typicality requirement. *See* Dkt. No. 56 at 7.

### d. Rule 23(a)(4) – "Adequacy"

Rule 23(a) requires that "the representative parties will fairly and adequately protect the interests of the class." In this District, "[t]wo criteria for determining the adequacy of representation are generally recognized: (1) the named representative must not have antagonistic or competing interests with the unnamed members of the class, and (2) the representative must appear able to vigorously prosecute the interests of the class through qualified counsel." *Twelve John Does v. District of Columbia*, 117 F.3d 571, 575 (D.C.Cir. 1997) (citing *Nat'l Ass'n of Reg'l Med. Programs, Inc. v. Mathews*, 551 F.2d 340, 345 (D.C. Cir. 1976)). This Court has previously identified several important factors necessary for a plaintiff to establish the "adequacy" prong of class certification. *See* Dkt. 56 at 7-8.

Here, Class Representatives Morrison and Kazmi's interests are not antagonistic to Settlement Class Members' interests. Neither has a close familial relationship to someone affiliated with or employed by Georgetown, and both paid significantly out of pocket to cover the costs of tuition and fees for the Spring 2020 semester. *Id.* at 8; Dkt. No. 59-2 ¶¶ 4, 8; Dkt. No. 59-3 ¶¶ 4 & 8. Furthermore, Class Representatives Morrison and Kazmi have demonstrated their adequacy and commitment to vigorously prosecuting this action by keeping up-to-date with the pending action and taking steps necessary to continue the action by seeking intervention after the Court's decision on class certification. Dkt. Nos. 59-2 ¶¶ 6-9 & 59-3 ¶¶ 6-9. The Class Representatives have incentive to continue to represent the proposed class vigorously as they have a pecuniary interest in the resolution of the case. *See* Ex. A, §§1.32, 2.1, 8.3. Additionally, Class Representatives Morrison and Kazmi have been in regular communication with their counsel about the progress of this case. They have reviewed documents related to the intervention motion and settlement documents including the term sheet and Settlement Agreement. Ex. I ¶¶ 4-6; Ex. J ¶¶ 4-6. Finally, they considered the reasonableness of the proposed settlement on behalf of themselves and the

20

proposed Settlement Class and find it fair and reasonable. Ex. I ¶ 6; Ex. J ¶ 6.

Likewise, Proposed Class Counsel Leeds Brown Law, P.C. has extensive experience in litigating class actions of similar size, scope, and complexity to the instant action. *See* Tompkins Dec. ¶¶ 21-26. Class Counsel regularly engages in major complex class action litigation, has the resources necessary to conduct litigation of this nature, and has frequently been appointed lead class counsel by courts throughout the country, including in analogous cases. Tompkins Dec. Ex. H (Firm Resume of Leeds Brown, P.C.).

## 2. The Settlement Class Satisfies the Rule 23(b) Requirements

Under Rule 23(b)(3), a class action should be certified when the court finds that common questions of law or fact predominate over individual issues and a class action would be superior to other available methods of fairly and efficiently adjudicating the controversy. Predominance "tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem Prods. Inc. v. Windsor*, 521 U.S. 591, 594, 623 (1997). "There is no definitive test for determining whether common issues predominate, however, in general, predominance is met when there exists generalized evidence which proves or disproves an element on a simultaneous, class-wide basis, since such proof obviates the need to examine each class members' individual position." *Cohen*, 522 F. Supp. 2d at 116 (internal citations omitted).

### a. Common Issues Predominate Over Any Individual Issues

Rule 23(b)(3)'s predominance requirement focuses on whether the defendant's liability is common enough to be resolved on a class basis, *Dukes*, 564 U.S. at 359, and whether the proposed class is "sufficiently cohesive to warrant adjudication by representation." *Amchem*, 521 U.S. at 623. Here, Georgetown engaged in a common course of conduct applicable to all Settlement Class Members when it transitioned all in-person classes to online classes. Moreover, the central legal

issues presented by this case would predominate over individualized issues and injury can be proven on a classwide basis without conducting individualized inquiries. *See In re Rail Freight Fuel Surcharge Antitrust Litig.* –MDL No. 1869, 725 F.3d 244, 252–53 (D.C. Cir. 2013). For example, all Settlement Class Members would have to address the same core issues of (1) whether a contract existed with Georgetown for in-person educational instruction and service; (2) if such contract did exist, whether Georgetown breached the alleged contract with Class Representatives and Settlement Class Members when Georgetown transitioned to remote educational instruction and closed on-campus services in response to the COVID-19 pandemic during the Spring 2020 semester; and (3) whether there was any difference in value between online distance learning and live in-person instruction. These material issues would be resolved using class-wide proof for the Settlement Class Members and these and other common issues to the class are more substantial than those issues requiring individualized proof.

### b. A Class Action is the Superior Method

Rule 23(b)(3) requires a class action to be "superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b). "The superiority requirement of Rule 23(b) is met when a court determines that a class action is superior to other available means of adjudication." *In Re Vitamins Antitrust Litig.*, 209 F.R.D. 251, 270 (D.D.C. 2002). "The superiority requirement ensures that resolution by class action will 'achieve economies of time, effort, and expense, and promote ... uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable consequences." *Kinard v. East Capitol Family Rental, L.P.*, 331 F.R.D. 206, 215 (D.D.C. 2019) (internal citations omitted).

Here, in light of the common legal and factual questions at issue for all Settlement Class Members and the relatively small amount of damages compared to the enormous investment of

time and money that it will take to litigate them, individual Settlement Class members have a very limited interest in individually controlling the prosecution of this Action and would gain little benefit from initiating separate actions. Individual lawsuits would also needlessly waste judicial resources as each lawsuit would likely involve the same evidence concerning the common issues central to this case. Class certification will permit over 6,000 students to adjudicate their common claims in a single forum simultaneously, effectively, and efficiently without any duplication of effort. Thus, proceeding as a class action is the superior method to fairly and efficiently resolving Proposed Settlement Class Members' claims.

## E. THE COURT SHOULD PRELIMINARILY APPOINT REBEKAH MORRISON AND SEAN KAZMI AS SETTLEMENT CLASS REPRESENTATIVES

Class Representatives Morrison and Kazmi have actively participated in this case and have vigorously represented the interests of the Settlement Class Members. Tompkins Dec. ¶19. Specifically, Class Representatives have provided Proposed Class Counsel with information necessary to draft and file complaints, responded to multiple information requests, and represented the Settlement Class Members in settlement discussions. Moreover, Class Representatives Morrison and Kazmi are adequate class representatives because their interests are not antagonistic to those of the Settlement Class Members. Like members of the Settlement Class, they purchased Georgetown's educational product and seek a refund for educational services allegedly not provided during the Spring 2020 Semester. Accordingly, the Court should preliminarily appoint the Class Representatives Morrison and Kazmi as Settlement Class Representatives.

## F. THE COURT SHOULD APPROVE THE PROPOSED NOTICE PLAN

"Rule 23(e)(1)(B) requires the Court to direct notice in a reasonable manner to all class members who would be bound by a proposed settlement, voluntary dismissal, or compromise." Manual for Complex Litigation, § 21.312. Here, the proposed Notice provides Settlement Class

Members with detailed information about the Settlement, including: (1) a comprehensive summary of the Settlement's terms; (2) Class Counsel's intent to request attorneys' fees, reimbursement of expenses, and service awards for the Class Representatives; and (3) detailed information about the Released Claims.  In addition, the Notice provides information about the Fairness Hearing date, the right of Settlement Class Members to seek exclusion from the Class or object to the proposed Settlement (as well as the deadlines and procedure for doing so), and the procedure to receive additional information. *See* Tompkins Dec., Exhibits D-F. In short, the Notice is intended to fully inform Settlement Class Members of the lawsuit, the proposed Settlement, and the information they need to make informed decisions about their rights. The very detailed information in this proposed notice goes well beyond the requirements of the Federal Rules.  Indeed, courts have approved class notices even when they provided only general information about a settlement. This information is adequate to put Settlement Class Members on notice of the proposed Settlement and is well within the requirements of Rule 23(c)(2)(B).

## G.  THE COURT SHOULD APPOINT PLAINTIFFS' COUNSEL AS CLASS COUNSEL

Fed. R. Civ. P. 23(g) requires the Court to examine the capabilities and resources of counsel to determine whether they will provide adequate representation to the class. Proposed Class Counsel Leeds Brown Law, P.C. have extensive experience litigating class actions of similar size, scope and complexity, and have been appointed class counsel in cases in courts throughout the country, including similar actions. *See Booth v. Molloy College*, Index No. 608750/2020 (Sup. Ct. Nassau Cty Oct. 18, 2023) (Doc. No. 145) (Final Order Approving Settlement); *Porter v. Emerson College*, Case No. 1:20-cv-11897-RWZ (Ma. Dist. Oct. 29, 2022) (ECF No. 87) (Granting Final Approval of the Class Action Settlement); *Qureshi v. American University*, Case No. 1:20-cv-01141 (D.D.C. Jan. 10, 2024) (ECF No. 93); *Arredondo v. The University of La Verne*, Case No.

2:20-cv-07665-MCS-RAO (C.D.Cal. April 14, 2023) (granting final approval of the class action settlement)(ECF No. 191); *Staubus v. Regents of the University of Minnesota*, Case No. 27-cv-20-8546 (Minn. 4th Dist. Aug. 29, 2023) (granting preliminary approval); *Miazza, Gunter v. LSU*, Case No. C-696918 (La. 19th Jud. Dist., May 12, 2023) (appointing Leeds Brown Law, P.C. as "Co-Lead Class Counsel" and noting that "This Court also finds that Plaintiff Gunter is represented by counsel who are experienced in and familiar with class actions generally, as well as uniquely qualified and successful in similar cases on behalf of students in this state and across the country against colleges and universities that closed campus following the outbreak of COVID-19…"). Proposed Class Counsel easily meet the requirements of Rule 23(g). Tompkins Dec. Ex. H (Firm Resume of Leeds Brown Law, P.C.). Moreover, Class Counsel's work in this case on behalf of Class Representatives and the proposed class has been substantial. As such, this Court should not hesitate in appointing Leeds Brown Law, P.C. as Class Counsel.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court enter an order preliminarily approving the proposed Settlement, provisionally certifying the proposed Settlement Class, appointing Plaintiffs as Settlement Class Representatives, and appointing Leeds Brown Law, P.C. as Class Counsel, and then schedule a fairness hearing for the Plaintiffs to seek final approval of the proposed Settlement.


Dated: April 18, 2024                    Respectfully Submitted,

                                         LEEDS BROWN LAW, P.C.
                                         */s/ Michael A. Tompkins*
                                         Michael Tompkins*
                                         Anthony Alesandro*
                                         One Old Country Road, Suite 347
                                         Carle Place, NY 11514

Tel: (516) 873-9550
Email: Mtompkins@leedsbrownlaw.com
Email: Aalesandro@leedsbrownlaw.com

*Attorneys for Plaintiffs, Proposed Intervenors &
The Proposed Settlement Class*

*Admitted to Practice *Pro Hac Vice*

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

EMIR GUR-RAVANTAB and EMILY
LAMA, individually and on behalf of all others
similarly situated,

                    Plaintiffs,

    v.

GEORGETOWN UNIVERSITY,

                    Defendant.

Civil No. 1:22-cv-01038

---

## [PROPOSED] ORDER GRANTING INTERVENTION OF REBEKAH MORRISON AND SEAN KAZMI FOR SETTLEMENT PURPOSES, PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT, CERTIFYING SETTLEMENT CLASS, APPOINTING CLASS REPRESENTATIVES, APPOINTING CLASS COUNSEL, <u>AND APPROVING NOTICE PLAN</u>

**WHEREAS**, Proposed Intervenors and Class Representatives Rebekah Morrison and Sean

Kazmi and Defendant Georgetown University have entered into a Settlement Agreement, which,

together with the exhibits attached thereto, sets forth the terms and conditions for a proposed class

action settlement and dismissal of the Action with prejudice upon the terms and conditions set forth

therein, and the Court having read and considered the Settlement Agreement and exhibits attached

thereto;

This matter coming before the Court upon the agreement of the parties, good cause being

shown, and the Court being fully advised in the premises,

**IT IS HEREBY ORDERED, DECREED, AND ADJUDGED AS FOLLOWS:**

1. Terms and phrases in this Order shall have the same meaning as ascribed to them in the

Settlement Agreement.

2.   The parties have moved the Court for an Order preliminarily approving the settlement of the Action in accordance with the Settlement Agreement, which, together with the documents incorporated therein, sets forth the terms and conditions for a proposed settlement and dismissal of the Action with prejudice, and the Court having read and considered the Settlement Agreement and having heard the parties and being fully advised in the premises, hereby preliminarily approves the Settlement Agreement in its entirety subject to the Final Approval Hearing referred to in Paragraph 5 of this Order.

3.   This Court finds that it has jurisdiction over the subject matter of the Action and over all parties to the Action.

4.   The Court finds that, subject to the Final Approval Hearing, the Settlement Agreement is fair, reasonable, and adequate, and in the best interests of the Settlement Class set forth below. The Court further finds that the Settlement Agreement substantially fulfills the purposes and objectives of the class action and provides substantial relief to the Settlement Class without the risks, burdens, costs, or delay associated with continued litigation, trial, and/or appeal. The Court also finds, for settlement purposes only, that the Settlement Agreement: (a) is the result of arm's-length negotiations between experienced class action attorneys; (b) is sufficient to warrant notice of the settlement and the Final Approval Hearing to be disseminated to the Settlement Class; (c) meets all applicable requirements of law, including Federal Rule of Civil Procedure 23 and the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715; and (d) is not a finding or admission of liability by Defendant or any other person, nor a finding of the validity of any claims asserted in the Action or of any wrongdoing or any violation of law.

**<u>Final Approval Hearing</u>**

5.  The Final Approval Hearing shall be held before this Court on _____, at _____ ___ at the E. Barrett Prettyman Courthouse U.S. District Court for the District of Columbia, 333 Constitution Avenue N.W., Washington D.C. 20001, to determine (a) whether the proposed settlement of the Action on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate and should be given final approval by the Court; (b) whether a judgment and order of dismissal with prejudice should be entered; (c) whether to approve the payment of attorneys' fees, costs, and expenses to Class Counsel; and (d) whether to approve the payment of service awards to the Class Representatives. The Court may adjourn the Final Approval Hearing without further notice to members of the Settlement Class.

6.  Class Counsel shall file papers in support of their Fee Award and Class Representatives' service awards (collectively, the "Fee Petition") with the Court on or before _____.

7.  Papers in support of final approval of the Settlement Agreement and any supplementation to the Fee Petition shall be filed with the Court on or before _____.

**<u>Certification of the Settlement Class</u>**

8.  For purposes of settlement only: (a) Leeds Brown Law, P.C. is appointed Class Counsel for the Settlement Class; and (b) Rebekah Morrison and Sean Kazmi are named Class Representatives. The Court finds that these attorneys are competent and capable of exercising the responsibilities of Class Counsel and that Class Representatives Rebekah Morrison and Sean Kazmi will adequately protect the interests of the Settlement Class defined below.

9.  For purposes of settlement only, the Court conditionally certifies the following Settlement Class as defined in the Settlement Agreement:

> "All Georgetown University undergraduate students enrolled during the Spring 2020 Semester for whom any amount of tuition and fees were paid from any source other than a scholarship/grant from Georgetown (*e.g.* the student's own funds, funding from a parent, or other family member, loan, or non-Georgetown scholarship/grant) to any Released Party for

the Spring 2020 Semester, and whose tuition or fees have not been refunded in their entirety prior to this Agreement. For the avoidance of doubt, any students who received full scholarships from Georgetown or otherwise were not obligated to make contributions, payments, or third-party arrangements towards tuition or fees for the Spring 2020 Semester are excluded from the Settlement Class."

10. The Court finds, subject to the Final Approval Hearing referred to in Paragraph 5, that the Settlement Agreement is fundamentally fair, adequate, and reasonable, and, solely within the context of and for the purposes of settlement only, that the Settlement Class satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, specifically, that: the Settlement Class is so numerous that joinder of all members is impracticable; there are questions of fact and law common to the Settlement Class; the claims of the Class Representatives are typical of the claims of the members of the Settlement Class; the Class Representatives and Class Counsel will fairly and adequately protect the interests of the members of the Settlement Class; common questions of law or fact predominate over questions affecting individual members; and a class action is a superior method for fairly and efficiently adjudicating the Actions.

11. If the Settlement Agreement does not receive the Court's final approval, or if final approval is reversed on appeal, or if the Settlement Agreement is terminated or otherwise fails to become effective, the Court's grant of settlement class certification shall be vacated.

**Notice and Administration**

12. The Court approves, as to form, content, and distribution, the Notice Plan set forth in the Settlement Agreement, including all forms of Notice to the Settlement Class as set forth in the Settlement Agreement and Exhibits D-F attached to the Declaration of Michael A. Tompkins, Esq. (the "Notice Forms"). The Notice Plan shall be commenced by _____ as outlined in Section 4, Notice to the Class, of the Settlement Agreement. The Court finds that such Notice is the best notice practicable under the circumstances, and that the Notice complies fully with the

requirements of the Federal Rules of Civil Procedure. The Court also finds that the Notice constitutes valid, due, and sufficient notice to all persons entitled thereto, and meets the requirements of Due Process. The Court further finds that the Notice is reasonably calculated to, under all circumstances, reasonably apprise members of the Settlement Class of the pendency of the Action, the terms of the Settlement Agreement, and the right to object to the Settlement and to exclude themselves from the Settlement Class. In addition, the Court finds that no notice other than that specifically identified in the Settlement Agreement is necessary in this Action. The parties, by agreement and without further Order of the Court, may revise the Notice Forms in ways that are not material, or in ways that are appropriate to update those documents for purposes of accuracy or formatting.

13. Pursuant to Section 4 of the Settlement Agreement, the Settlement Administrator is directed to publish the Notice Forms on the Settlement Website and to send direct notice via U.S. Mail and/or email, in accordance with the Notice Plan called for by the Settlement Agreement. The Settlement Administrator shall also maintain the Settlement Website to provide full information about the Settlement.

14. This Order shall constitute a "judicial order" within the meaning of the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g and 34 C.F.R. § 99.31(a)(9), sufficient to compel Georgetown University to provide Class Members' contact, tuition, fee, and aid information to the Settlement Administrator in accordance with Section 4.1(a) of the Settlement Agreement, and/or to Class Counsel as is necessary in the administration of the Settlement. The Court further rules that the Notice Plan outlined in Section 4.1 of the Settlement Agreement and the Notice Forms constitute a reasonable effort per 34 C.F.R. §§ 99.31(a)(9)(ii) to notify eligible students of this Order sufficiently in advance of disclosure to allow the student an opportunity to seek protective

action, including filing a motion to quash with this Court.

**Requests for Exclusion from the Class**

15. Any person falling within the definition of the Settlement Class may, upon valid and timely request, exclude themselves or "opt out" from the Settlement Class. Any such person may do so if, on or before the Objection/Exclusion Deadline, which the Court orders to be set as 60 days after the Notice Date, they comply with the exclusion procedures set forth in the Settlement Agreement and Notice. Any members of the Settlement Class so excluded shall neither be bound by the terms of the Settlement Agreement nor entitled to any of its benefits.

16. Any members of the Settlement Class who elect to exclude themselves or "opt out" of the Settlement Agreement must file a written request with the Settlement Administrator, received or postmarked no later than the Objection/Exclusion Deadline. The request for exclusion must comply with the exclusion procedures set forth in the Settlement Agreement and Notice and include the Settlement Class Member's name and address, a signature, the name and number of the case (*Gur-Ravantab v. Georgetown University*, Case No. 1:22-cv-01038, in the United States District Court for the District of Columbia) and a statement that he or she wishes to be excluded from the Settlement Class for the purposes of this Settlement. Each request for exclusion must be submitted individually. So called "mass" or "class" opt-outs shall not be allowed.

17. Individuals who opt-out of the Settlement Class relinquish all rights to benefits under the Settlement Agreement and will not release their claims. However, Settlement Class Members who fail to submit a valid and timely request for exclusion shall be bound by all terms of the Settlement Agreement and the Final Judgment, regardless of whether they subsequently requested exclusion from the Settlement Agreement.

**Appearances and Objections**

18. At least twenty-one (21) calendar days before the Final Approval Hearing, any person who falls within the definition of the Settlement Class and who does not request exclusion from the Settlement Class may enter an appearance in the Action, at their own expense, individually or through counsel of their own choice. Any Settlement Class Member who does not enter an appearance will be represented by Class Counsel.

19. Any members of the Settlement Class who have not timely filed a request for exclusion may object to the fairness, reasonableness, or adequacy of the Settlement Agreement or to a Final Judgment being entered dismissing the Action with prejudice in accordance with the terms of the Settlement Agreement, or to the attorneys' fees and expense reimbursement sought by Class Counsel in the amounts specified in the Notice, or to the award to the Class Representatives as set forth in the Notice and Settlement Agreement. At least fourteen (14) days prior to the Objection/Exclusion Deadline, papers supporting the Fee Award shall be filed with the Court and posted to the Settlement Website. Members of the Class may object on their own or may do so through separate counsel at their own expense.

20. To object, members of the Class must sign and file a written objection no later than on or before the Objection/Exclusion Deadline, which the Court orders to be set as 60 days after the Notice Date. To be valid, the objection must comply with the objection procedures set forth in the Settlement Agreement and Notice. Specifically, the objection must include: (1) the objector's name and address; (2) an explanation of the basis upon which the objector claims to be a Settlement Class Member; (3) all grounds for the objection, including all citations to legal authority and evidence supporting the objection; (4) the name and contact information of any and all attorneys representing, advising, or in any way assisting the objector in connection with the preparation or submission of the objection or who may profit from the pursuit of the objection (the "Objecting

Attorneys"); and (5) a statement indicating whether the objector intends to appear at the Final Approval Hearing (either personally or through counsel who files an appearance with the Court in accordance with the Local Rules). If a Settlement Class Member or any of the Objecting Attorneys has objected to any class action settlement where the objector or the Objecting Attorneys asked for or received any payment in exchange for dismissal of the objection, or any related appeal, without any modification to the settlement, then the objection must include a statement identifying each such case by full case caption. Class Counsel and Defendant's Counsel may petition the Court for discovery of any objector to determine whether the objector has standing as a Settlement Class Member.

21. Members of the Class who fail to file and serve timely written objections in compliance with the requirements of this Order and the Settlement Agreement shall be deemed to have waived any objections and shall be foreclosed from making any objections (whether by appeal or otherwise) to the Settlement Agreement or to any of the subjects listed in Paragraph 5, above, i.e. (a) whether the proposed settlement of the Action on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate and should be given final approval by the Court; (b) whether a judgment and order of dismissal with prejudice should be entered in the Action; (c) whether to approve the payment of attorneys' fees and expenses to Class Counsel; and (d) whether to approve the payment of an incentive award to the Class Representatives.

22. To be valid, objections by persons represented by counsel must be filed electronically on the docket. *Pro se* objectors may mail their objections to the Clerk of Court, U.S. District Court for the District of Columbia, 333 Constitution Avenue N.W., Washington D.C. 20001, with a copy also sent to Class Counsel, Michael Tompkins and Anthony Alesandro, Leeds Brown Law, P.C., One Old Country Road, Suite 347, Carle Place, NY 11514, and Defendant's Counsel, Alan

Schoenfeld, Wilmer Cutler Pickering Hale and Dorr LLP, 7 World Trade Center, 250 Greenwich Street, New York, NY 10007.

**Further Matters**

23. All further proceedings in the Action are ordered stayed until Final Judgment or termination of the Settlement Agreement, whichever occurs earlier, except for those matters necessary to obtain and/or effectuate Final Approval of the Settlement Agreement.

24. Members of the Settlement Class shall be bound by all determinations and judgments concerning the Settlement Agreement and Final Approval of same, whether favorable or unfavorable.

25. The Court retains jurisdiction to consider all further applications arising out of or connected with the Settlement Agreement. The Court may approve the Settlement Agreement, with such modifications as may be agreed to by the parties, if appropriate, without further notice to the Settlement Class.

1. Any Settlement Class Member who does not timely and validly request exclusion from the Settlement Class pursuant to Paragraphs 15-17 of this Order: (a) shall be bound by the provisions of the Settlement Agreement and all proceedings, determinations, orders and judgments in the Action relating thereto, including, without limitation, the Final Judgment, and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (b) shall forever be barred and enjoined from directly or indirectly filing, commencing, instituting, prosecuting, maintaining, or intervening in any action, suit, cause of action, arbitration, claim, demand, or other proceeding in any jurisdiction, whether in the United States or elsewhere, on their own behalf or in a representative capacity, that is based upon or arises out of any or all of the Released Claims against any of the Defendant and the other Released Parties, as more fully described in the

Settlement Agreement.

26. Pursuant to this Order, Rebekah Morrison and Sean Kazmi's Motion to Intervene Pursuant to Rule 24 is hereby GRANTED for the purpose of settlement only. Rebekah Morrison and Sean Kazmi are allowed into this Action as Named Plaintiffs and Class Representatives.

27. Pursuant to this Order:

    a. The Notice Plan shall be commenced by _____ (the "Notice Date") as outlined in Section 4 of the Settlement Agreement;

    b. Objections shall be filed in accordance with Paragraphs 18-22of this Order on or before _____;

    c. Requests for Exclusion shall be submitted in accordance with Paragraphs 15-17 of this Order on or before _____;

    d. Any Election Forms or Claim Forms shall be submitted on or before _____ ("the Claim Deadline");

    e. Class Counsel shall file papers in support of their Fee Award and Class Representatives' Service Awards (collectively, the "Fee Petition") with the Court on or before _____;

    f. Papers in support of final approval of the Settlement Agreement and any responses to objections (if any)/supplementations to the Fee Petition shall be filed with the Court on or before _____;

    g. The Final Approval Hearing shall be held before this Court on _____, at _____ at the U.S. District Court for the District of Columbia, 333 Constitution Avenue N.W., Washington D.C. 20001.

IT IS SO ORDERED, this _____ day of _____, 2024.


_____
The Honorable Trevor N. McFadden
United States District Judge