UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

EMIR GUR-RAVANTAB and EMILY LAMA, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

GEORGETOWN UNIVERSITY,

Defendant.

Case No. 1:22-cv-01038-TNM

# FINAL JUDGMENT AND ORDER APPROVING CLASS SETTLEMENT AND CERTIFYING THE CLASS

This matter came before the Court for hearing on November 21, 2024, pursuant to this Court's Orders of July 16, 2024, granting the Motion for Preliminary Approval of Class Action Settlement and granting the Motion to Schedule Final Approval Hearing. The Court having considered all papers filed and proceedings held herein, and having received declarations attesting to the mailing and publication of notice in accordance with the Preliminary Approval Order, and good cause appearing therefore,

**IT IS HEREBY ADJUDGED, DECREED, AND ORDERED:**

**I.   JURISDICTION AND VENUE**

1. The Court has jurisdiction over the subject matter, the parties to this proceeding, and all Settlement Class Members,[1] pursuant to 28 U.S.C. § 1332.

2. Venue is proper in this District.

---

[1] Capitalized terms not defined in this order have the meanings set forth in the Settlement Agreement ("Agreement"), ECF No. 72-4.

## II.     FINAL CERTIFICATION OF THE CLASS

3.     The Court finds that the requirements of Federal Rule of Civil Procedure 23 are satisfied, and that certification of the proposed Settlement Class is appropriate. The Court therefore grants certification of the following Settlement Class (which includes terms defined in the Settlement Agreement):

> All Georgetown undergraduate students enrolled during the Spring 2020 Semester for whom any amount of tuition and fees were paid from any source other than a scholarship/grant from Georgetown (*e.g.* the student's own funds, funding from a parent or other family member, loan, or non-Georgetown scholarship/grant) to any Released Party for the Spring 2020 Semester, and whose tuition or fees have not been refunded in their entirety prior to this Settlement. For the avoidance of doubt, any students who received full scholarships form Georgetown or otherwise were not obligated to make contributions, payments, or third-party arrangements towards tuition or fees for the Spring 2020 Semester are excluded from the Settlement Class.

4.     The Settlement Class excludes those persons who timely and validly filed requests for exclusion from the Settlement Class pursuant to the notice and as provided in the Court's Preliminary Approval Order. Only two individuals have filed requests for exclusion.

5.     Only one objection was filed, which was later withdrawn by the objector.

6.     The Court finds that the Class satisfies the following requirements under Federal Rule of Civil Procedure 23:

(a)     the members of the Settlement Class are so numerous that joinder of all members is impracticable;

(b)     there are questions of law and fact common to the Settlement Class;

(c)     the claims and defenses of the Plaintiffs are typical of the Settlement Class;

(d)     the Plaintiffs and Class Counsel will fairly and adequately protect the interests of the Settlement Class; and

(e)     the Action satisfies the requirements of Fed. R. Civ. P. 23(b)(3) in that there are questions of law and fact common to the members of the Settlement Class that predominate over any questions affecting only

individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

7. For the purpose of this settlement, the Court hereby finally certifies Plaintiffs Rebekah Morrison and Sean Kazmi as Class Representatives, and the law firm of Leeds Brown Law, P.C. as Class Counsel.

### III. FINAL APPROVAL OF THE SETTLEMENT

8. Pursuant to Fed. R. Civ. P. 23(e), this Court finds that the settlement is, in all respects, fair, reasonable, and adequate, and is in the best interests of all Settlement Class Members, for the following reasons: *First,* the Parties negotiated the settlement fairly and honestly at arms' length and with the assistance of experienced counsel and upon the recommendation of experienced neutral Judge Suzanne H. Segal (Ret.). *Second,* serious questions of law and fact exist, including those asserted in Defendant's affirmative defenses in its answer to the complaint. *Third,* an immediate recovery is valuable to the Class, given the potential need for protracted litigation to resolve all factual and legal disputes among the Parties. *Fourth*, the Parties have offered their reasoned and well-supported judgment that the settlement is fair and reasonable to the Class. *Fifth*, the settlement was well-received by the Settlement Class.

9. The Court also finds that the plan for distribution of the Available Settlement Fund, as set forth in the Settlement Agreement, is fair and equitable. The Settlement Administrator shall perform the distribution to Settlement Class Members following the process set forth in Section 2 of the Agreement without further order of this Court.

10. The Settlement Administrator shall award no Class Member a payment that is less than $10 from the Net Settlement Fund. That is, in the event a Class Member's settlement award allocation under the pro-rated calculation would be an amount less than $10, his or her settlement

award will be increased to $10 and subtracted from the Net Settlement Fund, and all other Class Member's settlement shares will be adjusted accordingly.

11.  The Court therefore finally approves the settlement, and the exhibits appended to the Agreement, as fair, reasonable, and adequate, and the Plaintiffs, Defendant, Settlement Administrator, and Settlement Class Members shall consummate the Settlement according to the terms of the Agreement.

12.  The Parties, without further approval from the Court, are hereby permitted to agree and adopt such amendments, modifications, and expansions of the Settlement Agreement and its implementing documents (including all exhibits to the Settlement Agreement) so long as they are consistent in all material respects with this Final Judgment and do not materially alter the rights of the Settlement Class Members.

## IV.   ADEQUACY OF NOTICE

13.  The Court finds that the Settlement Class Members have been given due and adequate notice of the Settlement and Class Counsel's application for attorneys' fees and request for a service award for the Plaintiffs, in the manner directed by this Court's Preliminary Approval Order.

14.  The Court further finds that the notice program approved in the Court's Preliminary Approval Order and implemented in accordance with that Order was the best practicable under the circumstances. The notice program was reasonably calculated under the circumstances to apprise the Class of (a) the pendency of the Action; (b) the Court's finding that it is likely the requirements for class certification of the Settlement Class and approval are satisfied; (c) the terms of the Settlement Agreement and the Settlement Class Members' rights to opt-out of the Settlement Class or to object to the settlement; (d) and the maximum amounts of Class Counsel's expected application for attorneys' fees and request for a Service Award for the

Plaintiffs. The notice program provided sufficient notice to all persons entitled to notice. The notice program satisfied all applicable requirements of law, including Federal Rule of Civil Procedure 23 and the constitutional requirement of Due Process.

15. The Court finds that Defendant, via the Settlement Administrator, properly and timely notified the appropriate government officials of the Settlement Agreement, pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715. The Court has reviewed the substance of Defendant's notice and finds that it complied with all applicable requirements of CAFA. Further, more than ninety (90) days elapsed between Defendant providing notice pursuant to CAFA and the Final Approval Hearing. None of the officials to whom notice was given under CAFA has filed an objection to the Settlement or otherwise sought to be heard.

16. The Court held a Final Approval Hearing on November 21, 2024 at 10:00 a.m., giving the Parties and Settlement Class Members an opportunity to be heard if they so desired.

## V. ATTORNEYS FEES AND INCENTIVE AWARD

17. Class Counsel is entitled to reasonable attorneys' fees, which the Court finds to be $500,000.00. This sum shall be paid out of the Settlement Fund in accordance with the provisions of the Settlement Agreement.

18. Class Counsel is entitled to reimbursement of litigation-related costs and expenses, which the Court finds to be $23,028.86. This sum shall be paid out of the Settlement Fund in accordance with the provisions of the Settlement Agreement.

19. The Plaintiffs in this action initiated their respective lawsuits, acted to protect the Settlement Class, and assisted their counsel. Plaintiffs Emir Gur-Ravantab, Emily Lama, Sean Kazmi and Rebekah Morrison are each entitled to a service award as detailed in the Settlement Agreement. These sums shall be paid out of the Settlement Fund in accordance with the provisions of the Settlement Agreement.

## VI.  CLAIMS ADMINISTRATION COST AND EXPENSES

20. The Court authorizes disbursement of $75,000.00 to the Settlement Administrator, Epiq Class Action & Claims Solutions, Inc, to be paid in accordance with the Settlement Agreement, to compensate the Settlement Administrator for the tasks performed in connection with class notice and administration of the settlement, as set forth in the Agreement, the Preliminary Approval Order, and this Order.

## VII.  RELEASES AND FINAL JUDGMENT

21. Pursuant to Federal Rule of Civil Procedure 23(c)(3) and the Agreement, all Settlement Class Members who have not filed timely, completed, and valid requests for exclusion from the Settlement Class are Settlement Class Members who are bound by this final judgment and by the terms of the Settlement Agreement.

22. The Released Parties are hereby released and forever discharged from any and all of the Released Claims. All Settlement Class Members are hereby forever barred and enjoined from asserting, instituting, or prosecuting, directly or indirectly, any Released Claim in any court or other forum against any of the Released Parties.

23. Neither the Settlement nor any act performed or document executed pursuant to or in furtherance of the Settlement: (a) may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Released Parties; or (b) may be used as an admission of, or evidence of, any fault or omission of any of the Released Parties in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal; or (c) may be admissible in any proceeding except an action to enforce or interpret the terms of the Settlement Agreement or any other documents executed in connection with the performance of the agreements embodied therein. The Released Parties may file this Settlement and/or this final judgment and order in any action that may be

brought against them in order to support a defense or counterclaim based on the principles of res judicata, collateral estoppel, full faith and credit, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

24. The Court finds that during the course of the Action, the Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

25. Without affecting the finality of this Final Judgment in any way, this Court hereby reserves and retains continuing jurisdiction over: (a) implementation and enforcement of any award or distribution from the Settlement Fund; (b) disposition of the Settlement Fund or Available Settlement Fund, including *cy pres* distribution of any funds remaining at the completion of the distribution to Settlement Class Members; (c) payment of taxes from the Settlement Fund; (d) all parties hereto for the purpose of construing, enforcing, and administering the Settlement Agreement; and (e) any other matters related to finalizing the settlement and distribution of the proceeds of the settlement.

26. This Court finds, for purposes of Rule 54(b) of the Federal Rules of Civil Procedure, that there is no just reason for delay and expressly directs entry of judgment as set forth herein.

DATED: March 11, 2025

BY THE COURT:

The Honorable Trevor N. McFadden, United Stated District Judge